# EXHIBIT "A"

**HORN WILLIAMSON LLC**
Carter N. Williamson, Esquire
PA ID No. 77599
Two Penn Center | Suite 1700
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
P: (215) 987-3800
F: (215) 334-7336
cwilliamson@hornwilliamson.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ESTATE OF LAWRENCE E. AHEARN, THROUGH MICHAEL AHEARN AS ADMINISTRATOR,<br>10720 112th Street<br>South Richmond Hill, Queens, New York, 19419;<br>Plaintiff, | : | Case No. 1:24-CV-00935-YK<br><br>**COMPLAINT**<br><br>Hon. Yvette Kane |
| v. | : | **JURY TRIAL DEMANDED** |
| YORK FAMILY HOMES, LLC,<br>688 Wallace Street<br>York, PA 17403; | : | |
| JUAN C. RIVERA,<br>688 Wallace Street<br>York, PA 17403; | : | |
| CRYSTAL RUBY RIVERA<br>444 Wallace Street<br>York, PA 17403; | ; | |
| IVONNE HUERTAS,<br>688 Wallace Street<br>York, PA 17403; | : | |
| JOHN J. BARANSKI, JR., ESQUIRE,<br>5156 W. Canal Road<br>Dover, PA 17315 ; | : | |
| MPL LAW FIRM LLP,<br>96 South George Street, Fifth Floor<br>York, PA 17401; | : | |

Case 1:24-cv-00935-CPW Document 13 Filed 08/20/24 Page 2 of 44

| | |
|---|---|
| MPL LAND SERVICES, LLC<br>96 South George Street, Fifth Floor<br>York, PA 17401;<br><br>BLAKEY, YOST, BUPP & RAUSCH LLP, n/k/a<br>MPL LAW FIRM, LLP<br>96 South George Street, Fifth Floor<br>York, PA 17401;<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**AMENDED COMPLAINT**

Plaintiff, Estate of Lawrence E. Ahearn, by and through counsel, alleges as follows:

**The Parties**

1. Plaintiff is the Estate of Lawrence E. Ahearn (the "Estate") through its executor, Michael Ahearn (hereinafter known as "Plaintiff" or "Administrator"). At the time of his death, Lawrence E. Ahearn resided at 10720 112th Street, South Richmond Hill, Queens, NY 11419.

2. Administrator is an adult individual and a citizen of the State of New Jersey.

3. Defendant York Family Homes, LLC ("Family Homes") is a Pennsylvania limited liability company with a principal place of business at 688 Wallace Street, York, PA 17043.

4. Defendant Juan Rivera ("Rivera") is an adult individual residing at 688 Wallace Street, York, PA 17043.

5. Defendant Crystal Ruby Rivera ("Ruby Rivera") is an adult individual residing at 444 Wallace Street, York, PA 17403.

6. Defendant Ivonne Huertas ("Huertas") is an adult individual residing at 688 Wallace Street, York, PA 17043.

7. Defendant John J. Baranski, Jr., Esquire ("Baranski") is an adult individual residing at 5156 W. Canal Road, Dover, PA 17315. Baranski is an attorney licensed to practice law in the Commonwealth of Pennsylvania.

8. Defendant MPL Law Firm, LLP ("MPL Law") is a Pennsylvania limited liability partnership with a principal place of business at 96 South George Street, Fifth Floor, York, PA 17401.

9. Defendant MPL Land Services, LLC ("MPL Land") is a Pennsylvania limited liability company with a principal place of business at 96 South George Street, Fifth Floor, York, PA 17401.

10. Defendant Blakey, Yost, Bupp & Rausch, LLP n/k/a MPL Law ("BYBP") is a Pennsylvania limited liability partnership with a principal place of business now at 96 South George Street, Fifth Floor, York, PA 17401.

11. Lawrence E. Ahearn may be referred to as "Ahearn."

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest, attorneys' fees and costs.

13. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events and/or omissions giving rise to this claim occurred in this District.

## Relationship of the Parties

14. On or about May 11, 2015, Family Homes was formed as a Pennsylvania limited liability company.

15. Baranski and BYBP formed Family Homes.

16. Ahearn, Huertas, and Rivera were the only three members each holding a one-third interest in Family Homes.

17. Additionally, Ahearn, Rivera, and Huertas entered into an Operating Agreement for Family Homes (the "Operating Agreement"). A copy of the Operating Agreement is attached as **Exhibit "A."**

18. Baranski, by and through BYBP, drafted the Operating Agreement.

19. Ruby Rivera is the daughter of Rivera.

20. Administrator is the sole heir of the Estate, and by virtue of the same, is a one third owner of Family Homes.

21. MPL Land is a subsidiary of, and is owned and operated by, MPL Law.

22. According to MPL Law's own website, in or around October 2022, *inter alia*, BYBP and MPL Law merged. [1]

23. The law firms now operate as one firm, MPL Law.

24. Following the merger, while BYBP has not officially been dissolved, it no longer exists and/or operates independently.

25. Baranski joined BYBP in 2001 and was employed by, and/or was a partner in, BYBP from 2001 until 2022 when BYBP merged with MPL Law[2]. Baranski has been a partner in MPL Law since the time of the merger in 2022[3]. The MPL Law history page that details Baranski's former law firm affiliation, in part, states:

> John Baranski, Jr. joins Blakey, Yost, Bupp & Rausch. He brings a wide range of experience to the firm, including Real Estate Law, Municipal Law, Collections, and General Civil Litigation.

---

[1] https://mpl-law.com/history/
[2] https://mpl-law.com/history/#timeline
[3] https://mpl-law.com/attorneys/john-j-baranski-jr/



ACTIVE\02960\0001\1221067.v1-8/20/24

**<u>Key Provisions of the Family Homes Operating Agreement</u>**

26. Among other things, the Operating Agreement provides as follows:

a. Ahearn, Rivera, and Huertas were equal members with each holding a 33.3% ownership interest in Family Homes (¶ 2);

b. Huertas is identified as Manager and was, therefore, responsible for the business affairs of Family Homes (¶ 3(a)); and

c. All real and personal property shall be acquired in the name of Family Homes and title to any property acquired shall vest in Family Homes itself, rather than in the members (¶ 4).

27. The Operating Agreement does not provide for the disposition of a member's interest in Family Homes in the event of any given member's death.

28. The Operating Agreement does not provide for Family Homes or any of the members to purchase, redeem, or extinguish the membership interest of any one or more of the Family Homes members.

**<u>Acquisition and Rental of Real Property</u>**

29. Through a series of transactions, Family Homes acquired three residential properties in York, PA and then rented them out to generate income.

30. In addition, Family Homes received rental income from a residential York property Ahearn owned individually, namely, the 840 E. Market Street Property.

31. The properties at issue are: (i) 840 E. Market Street, York, PA 17403 ("840 E. Market"); (ii) 919 Prospect Street, York, PA 17403 ("919 Prospect"); (iii) 548 West Philadelphia

Street, York, PA 17401 ("548 West Phila."); and (iv) 444 Wallace Street, York, PA 17403 ("444 Wallace") (hereinafter known collectively as the "Properties").

32. At no time did Ahearn, or the Estate after Ahearn's death, receive any distributions of profits from Family Homes for the rental income received by Family Homes for all the years the Properties were rented, an amount which, in the aggregate, totaled hundreds of thousands of dollars

**840 E. Market Street**

33. On or about August 27, 2008 Ahearn purchased 840 E. Market for $55,000.00. A copy of the deed is attached as **Exhibit "B."**

34. On September 28, 2015, Ahearn conveyed 840 E. Market to Family Homes for $1.00. A copy of the deed is attached as **Exhibit "C."**

35. On or about February 9, 2016, Family Homes conveyed 840 E. Market back to Ahearn for $1.00. A copy of the deed is attached as **Exhibit "D."**

36. Baranski represented Ahearn in the February 9, 2016 transfer of 840 E. Market as shown below from the February 9, 2016 executed deed:


CERTIFICATE OF RESIDENCE

The undersigned does hereby certify that the precise address and complete post office address of the within named Grantee is 10720 112th Street, South Richmond Hill, NY 11419

Date: 2/9/16

Attorney for Grantee

37. Rivera executed the deed conveying 840 E. Market to Ahearn as Authorized Agent for Family Homes.

38. Notwithstanding the fact that Ahearn individually owned the property, Family Homes leased 840 E. Market to tenants with Rivera allegedly acting as a property manager.

39. The leases generated at least $2,000 per month or $24,000 annually in rental income and Family Homes was credited with receipt of all the money received.

40. At no time did Ahearn, or the Estate after Ahearn's death, receive any of the rental income generated by the several leases of 840 E. Market to various tenants over all the years it was rented to others by and through Rivera, Huertas, and/or Family Homes.

**919 Prospect Street**

41. On or about October 28, 2015, Family Homes purchased 919 Prospect for $23,000. A copy of the deed is attached as **Exhibit "E."**

42. 919 Prospect was rented through Family Homes and/or Rivera from December 2015 through the sale of the property by Family Homes in June 2021.

43. The several leases generated at least $ 2,000 per month or $24,000 annually in rental income.

44. At no time did Ahearn, or the Estate after Ahearn's death, receive any of the rental income generated by the several leases of 919 Prospect Street to various tenants over all the years it was rented to others by and through Rivera, Huertas, and/or Family Homes.

**548 W. Philadelphia Street**

45. On or about May 28, 2015, Family Homes purchased 548 West Phila. for $23,000. A copy of the deed is attached as **Exhibit "F."**

46. 548 West Phila. was rented through Family Homes and/or Rivera from June 2015 through the sale of the property by Family Homes in April 2022.

47. The several leases generated at least $2,000 per month or $24,000 annually in rental income.

48. At no time did Ahearn, or the Estate after Ahearn's death, receive any of the rental income generated by the several leases of 548 W. Philadelphia Street to various tenants over all the years it was rented to others by and through Rivera, Huertas, and/or Family Homes.

**444 Wallace Street**

49. On or about June 15, 2015, Family Homes purchased 444 Wallace for $1,295 in a tax sale. The transaction was reflected in a corrective deed. A copy of the corrective deed is attached as **Exhibit "G."**

50. Upon information and belief, in addition to Rivera, Huertas and/or Ruby Rivera improperly using the property for personal use, Family Homes also leased 444 Wallace to several tenants, and, as such, the property generated income in the form of rental income for several years.

**Role of Rivera and Huertas in the Rentals of the Properties**

51. Huertas and/or Rivera signed all of the several leases for the Properties on Family Homes' or Ahearn's behalf.

52. Upon information and belief, all rental income received for the Properties was paid to Rivera and deposited into a bank and/or investment account in his name.

53. The funds were later transferred to Family Homes for what were supposed to be distributions of profits to all the members.

54. As for the receipt and transfer of rental income, the above was the procedure known to have been undertaken by Rivera in connection with the leases for the 840 E. Market Street property and which was, upon information and belief, undertaken by Rivera in connection with the other three Properties.

**Defendants' Acts and Omissions After Ahearn's Death**

55. Ahearn died on March 19, 2019.

56. His nephew, Michael Ahearn, was appointed Administrator of the Estate. He also was and is the sole heir of the Estate.

57. At some point, Rivera, Huertas, and Baranski became aware of Ahearn's death.

58. Following Ahearn's death, Rivera and Huertas continued to collect rental income on all of the Properties until the three Properties held by Family Homes were sold.

59. Rivera and Huertas continued to collect rental income on 840 E. Market until January 2023, when Administrator became aware of that asset belonging solely to Ahearn.

60. Baranski and BYBP facilitated the sales and transfers of 548 W. Phila. and 919 Prospect from Family Homes to the respective buyers of each Property.

61. Baranski and MPL Law facilitated the transfer of 444 Wallace from Family Homes to Rivera for $1.00 and the subsequent transfer of 444 Wallace from Rivera to Rivera and Ruby Rivera.

62. MPL Land facilitated the sale and transfer of 444 Wallace from Family Homes to Rivera for $1.00 and the subsequent transfer of 444 Wallace from Rivera to Rivera and Ruby Rivera.

63. Following Ahearn's death, without notice to the Estate, the Defendants prepared and filed tax returns showing that the Estate had no interest in Family Homes and that Rivera and Huertas were reported as being equal LLC owners at 50% each. A true and correct copy of Family Homes' 2019 Federal Income Tax Return is attached as **Exhibit "H"** ("2019 Tax Return").

64. The Schedule B-1 and the K-1 forms attached to the 2019 Tax Return show that the Estate's interest in Family Homes was completely extinguished and reduced to nothing while Huertas' and Rivera's ownership interests were significantly increased, with the tax returns reflecting each owning 50% interests in Family Homes.

Case 1:24-cv-00935-CPW Document 68-13 Filed 10/09/24 Page 11 of 316

65. The Defendants unlawfully extinguished the Estate's entire interest in Family Homes and diverted all of the profits that would have (and should have) flowed to the Estate after Mr. Ahearn's death from the significant rental income and, ultimately, the sale of each of the three Family Homes owned Properties to Rivera and Huertas.

**The Defendants Sell Family Homes' Three Properties**

**Sale of 919 Prospect Street**

66. On or about June 24, 2021, Family Homes sold 919 Prospect to Esterlina Guerrero for $85,000. A copy of the deed is attached as **Exhibit "I."**

67. Baranski and BYBP represented Family Homes in the transaction.

68. The Defendants did not provide notice of the transaction or the sale of the property to the Estate.

69. The Defendants did not report the sale to the Estate or provide any kind of accounting of the disposition of the proceeds of the sale of the property to the Estate.

70. No one has paid over any share of the profits generated by the collection of rental income on 919 Prospect or its sale to the Estate or otherwise accounted for any of the several such transactions.

**Sale of 548 W. Philadelphia Street**

71. On or about April 15, 2022, Family Homes sold ownership of 548 West Phila. to Jakub Pawlowski for $95,000. A copy of the deed is attached as **Exhibit "J."**

72. Baranski and BYBP represented Family Homes in the transaction.

73. The Defendants did not provide notice of the transaction or the sale of the property to the Estate.



ACTIVE\02960\0001\1221067.v1-8/20/24

Case 2:24-cv-03593-SA Document 68-9 Filed 10/09/24 Page 11 of 14

74. The Defendants did not report the sale to the Estate or provide any kind of accounting of the disposition of the proceeds of the sale of the property to the Estate.

75. No one has paid over any share of the profits generated by the collection of rental income on 548 W. Phila or its sale to the Estate or otherwise accounted for any of the several such transactions.

**Sale of 444 Wallace Street to Rivera**

76. On or about December 2, 2022, Family Homes, by and through Rivera, sold 444 Wallace to Rivera for $1.00. A copy of the deed is attached as **Exhibit "K."**

77. On January 16, 2023, counsel for the Estate sent Baranski a letter requesting production of Family Homes' and Rivera's records, including all leases, tax returns, and information about the ownership, rentals, and disposition of such real property, specifically including 444 Wallace, held by Family Homes and Rivera.

78. Following the aforementioned letter being sent to Baranski, Rivera subsequently conveyed 444 Wallace to himself and his daughter, Ruby Rivera, for $1.00 on or about May 19, 2023. A copy of the deed is attached as **Exhibit "L."**

79. Baranski and MPL Law represented Family Homes in both the 2022 and 2023 transactions.

80. MPL Land provided closing services and procured title insurance to the 444 Wallace Street property as part of the transactions, receiving a fee for doing so.

81. The Defendants did not provide notice of any of the above-listed transactions, most importantly, the sale of the property from Family Homes to Rivera for $1.00 (an amount well below market value), to the Estate.

82. The Defendants did not report the non-market value sale to the Estate or provide any kind of accounting as to the same to the Estate.

83. No one has paid over <u>any</u> share of the profits generated by the collection of rental income on 444 Wallace or its non-market value sale to the Estate or otherwise accounted for the subject transactions.

**<u>Disposition of the Proceeds of the Sales of 919 Prospect and 548 West Phila.</u>**

84. The proceeds of the sales of both 919 Prospect and 548 West Phila. were paid to Family Homes and deposited into Family Homes' bank accounts at Wells Fargo.

85. Following the sales of both 919 Prospect and 548 West Phila., Huertas and/or Rivera received distributions totaling close to or equal to the sale proceeds from the sales of 919 Prospect and 548 West Phila. via online bank transfers from Family Homes' Wells Fargo to their personal savings or checking accounts.

86. Upon information and belief, these transfers have rendered Family Homes insolvent, and the company no longer has any assets.

**<u>Defendants' Concealment of Their Actions</u>**

87. Rivera and Huertas, with the aid of Baranski and BYBP, concealed their actions in collecting and retaining all rental income for the Properties and disposing of the proceeds of the sales of both 919 E. Prospect and 548 West Phila. from the Estate.

88. Rivera and Huertas, with the aid of Baranski, MPL Law, and MPL Land concealed their actions in the sale and transfer of 444 Wallace to Rivera for $1.00 from the Estate.

89. In a January 16, 2023 letter, counsel for the Estate wrote to Baranski confirming that Ahearn had died and that he represented the Estate.

90. In that letter, the Estate requested production of Family Homes' and Rivera's records, including all leases, tax returns, and information about the ownership, rentals, and disposition of <u>all</u> such real property held by Family Homes and Rivera.

91. In response to that January 16, 2023 letter and a multitude of subsequent written requests for the same through June 2023, Baranski, on behalf of Family Homes, produced records establishing the truth of the facts alleged herein.

92. Therefore, the Estate did not have sufficient information to assert these claims against the Defendants until at least the Spring of 2023.

93. As a result, the claims asserted herein are timely made.

**COUNT I**
**BREACH OF OPERATING AGREEMENT**
**Plaintiff v. Rivera, Huertas, and Family Homes**

94. Plaintiff incorporates by reference the preceding paragraphs, as if set forth at length herein.

95. The Operating Agreement is a binding written contract between Plaintiff and Defendants Family Homes, Rivera, and Huertas (collectively the "Company Defendants").

96. The terms of the Operating Agreement are also subject to the Pennsylvania Uniform Limited Liability Company Act of 2016, *15 Pa. C.S. §§ 8811-8898,* (the "LLC Act").

97. By virtue of the acts and/or omissions set forth herein, the Company Defendants breached the terms of the Operating Agreement.

98. Those various Operating Agreement breaches were material.

99. Plaintiff has sustained damages as a result of the Company Defendants' various breaches of this contract, the Operating Agreement.

100. Plaintiff is entitled to an accounting of all the rental income received and which were not distributed to all three members of Family Homes, as well as an accounting of the proceeds of the sales of the three Properties to determine Plaintiff's share of those profits that were

withheld and/or that have been dissipated, and, most importantly, payment of all monies due Plaintiff.

**WHEREFORE,** Plaintiff, the Estate of Lawrence E. Ahearn, demands:

A. An accounting of all the finances of York Family Homes, LLC from May 11, 2015, the date of Family Homes' formation, until the present by Defendants, Juan Rivera, Yvonne Huertas, and York Family Homes, LLC;

B. Judgment against Defendants, Juan Rivera, Yvonne Huertas, and York Family Homes, LLC, jointly and severally, in an amount in excess of $75,000 and to be determined at trial; and

C. Such other relief as this Court deems just and proper, including but not limited to interest and all attorneys' fees and costs.

## COUNT II
## BREACH OF FIDUCIARY DUTY
## Plaintiff v. Rivera, Huertas, and Family Homes

101. Plaintiff incorporates by reference the preceding paragraphs, as if set forth at length herein.

102. The Company Defendants stood and stand in a fiduciary relationship with the Estate.

103. The Company Defendants are subject to the terms of the Operating Agreement pursuant to the LLC Act.

104. By virtue of their acts and/or omissions as alleged herein, the Company Defendants have breached their various fiduciary duties to Plaintiff.

105. These various Operating Agreement breaches were material.



ACTIVE\02960\0001\1221067.v1-8/20/24

106. The Plaintiff has sustained damages as a result of the Company Defendants' various breaches of their respective duties.

107. These various breaches of duties by the Company Defendants are a proximate cause of the Plaintiff's Damages.

108. Plaintiff is entitled to a full accounting of all of Family Homes finances from May 11, 2015 to the present, as well as payment of the significant Family Homes monies absconded by the Company Defendants in their company capacities, as well as individually.

**WHEREFORE,** Plaintiff, the Estate of Lawrence E. Ahearn, demands:

A. An accounting of the finances of York Family Homes, LLC from May 11, 2015, the date of Family Homes' formation, until the present by Defendants, Juan Rivera, Yvonne Huertas, and York Family Homes, LLC;

B. Judgment against Defendants, Juan Rivera, Yvonne Huertas, and York Family Homes, LLC, jointly and severally, in an amount in excess of $75,000 and to be determined at trial; and

C. Such other relief as this Court deems just and proper, including but not limited to interest and all attorneys' fees and costs.

**COUNT III**
**CONVERSION**
**Plaintiff v. Juan Rivera and Yvonne Huertas**

109. Plaintiff incorporates by reference the preceding paragraphs, as if set forth at length herein.

110. The rental income generated from the lease of the four Properties was the sole property of Family Homes.

111. The proceeds of the sales of three of the properties after Mr. Ahearn's death in 2019 was the sole property of Family Homes.

112. The Estate was entitled to a one-third interest in all profits generated from the various leases, including the 444 Wallace Street property which the Rivera Family is still currently occupying to the detriment of the Estate, and the proceeds of the sales of the three Properties.

113. The foregoing shall be referred to collectively as the "Proceeds."

114. Rivera and/or Huertas exercised dominion and control over the Proceeds to the exclusion of the Estate.

115. Rivera and/or Huertas deprived the Estate of its property, including the significant amount of monies generated therefrom, without the Estate's knowledge or consent.

116. Rivera and/or Huertas were not privileged, justified, or entitled to retain all of the Proceeds to the exclusion of the Estate.

117. The acts and/or omissions of Rivera and/or Huertas as alleged herein were wrongful, intentional, and/or made with reckless disregard of the Estate's rights.

118. The acts and/or omissions of Rivera and/or Huertas as alleged herein were (and are continuing to be) extreme and outrageous under the circumstances.

119. The acts and/or omissions of Rivera and/or Huertas as alleged herein were (and are continuing to be) intended to deprive the Estate of the benefits of its status as a one-third member of Family Homes under the Operating Agreement and the LLC Act.

120. Plaintiff has sustained damages as a result of the acts and/or omissions of Rivera and/or Huertas.

121. Plaintiff is entitled to a full accounting of all of the disposition of the Proceeds from May 11, 2015, that date of Family Homes' formation, to the present, as well as payment of the significant Family Homes monies absconded by Rivera and/or Huertas as members of Family Homes and individually.



ACTIVE\02960\0001\1221067.v1-8/20/24

**WHEREFORE,** Plaintiff, the Estate of Lawrence E. Ahearn, demands:

A. An accounting of all the finances of York Family Homes, LLC from May 11, 2015, the date of Family Homes' formation, until the present by Defendants, Juan Rivera, Yvonne Huertas, and York Family Homes, LLC;

B. Judgment against Defendants, Juan Rivera, Yvonne Huertas, and York Family Homes, LLC, jointly and severally, in an amount in excess of $75,000 and to be determined at trial; and

C. Such other relief as this Court deems just and proper, including but not limited to interest and all attorneys' fees and costs.

**COUNT IV**
**VIOLATIONS OF THE VOIDABLE TRANSACTIONS ACT**
**Plaintiff v. Rivera, Ruby Rivera and Huertas**

122. Plaintiff incorporates by reference the preceding paragraphs, as if set forth at length herein.

123. Rivera and/or Huertas caused Family Homes to transfer profits generated by rental income paid on the Properties and from the proceeds of the sales of the three Properties to themselves and to the exclusion of the Estate (collectively the "Transfers").

124. Plaintiff is a creditor within the meaning of the Voidable Transactions Act, 12 Pa.C.S. §§ 5101 (the "VT Act").

125. As alleged herein, Plaintiff has claims against Rivera and Huertas within the meaning of the VT Act.

126. Rivera and Huertas knew that the Estate had a one-third interest in Family Homes.

127. Despite that knowledge, Rivera and Huertas either transferred the Estate's membership interest to themselves or caused Family Homes to redeem the Estate's membership interest without notice, without consent, and without payment of any consideration to the Estate in violation of the Operating Agreement and LLC Act.

128. As alleged herein, after Ahearn's death in 2019, Rivera and/or Huertas caused Family Homes to transfer all profits from the significant rental income received and from the sales of the three Properties to themselves individually.

129. This multitude of transfers were made with the actual intent to hinder, delay, or defraud Plaintiff as a creditor.

130. Rivera and/or Huertas knew or should have known that these multitude of transfers would leave Family Homes without sufficient assets to meet its financial obligations to Plaintiff.

131. The multitude of transfers were made to insiders, when Rivera and/or Huertas knew or should have known that the Plaintiff was a creditor, and that the successful completion of such transfers would render Family Homes insolvent.

132. Therefore, Rivera and/or Huertas violated the provisions of the VT Act.

133. As a result, Plaintiff is entitled to the remedies specified in the VT Act, including without limitation, a judgment against Rivera and Huertas, jointly and severally, in the amount of the profits that should have been divided by and among Rivera, Huertas, and Plaintiff.

134. Plaintiff's remedies should also include recission of the transfer of 444 Wallace Street, York, PA 17403 and retitling ownership in the name of Family Homes, and payment of the proceeds of a market value sale of the same.

**WHEREFORE,** Plaintiff, the Estate of Lawrence E. Ahearn, demands:

A. An accounting of the finances of York Family Homes, LLC from May 11, 2015, the date of Family Homes' formation, until the present by Defendants, Juan Rivera, Yvonne Huertas, and York Family Homes, LLC;

B. Judgment against Defendants, Juan Rivera, Yvonne Huertas, and York Family Homes, LLC, jointly and severally, in an amount in excess of $75,000 and to be determined at trial; and

C. Such other relief as this Court deems just and proper, including but not limited to interest and all attorneys' fees and costs.

**COUNT V**
**NEGLIGENCE**
**Plaintiff v. John J. Baranski, Esquire and MPL Law Firm, LLP**

135. Plaintiff incorporates by reference the preceding paragraphs, as if set forth at length herein.

136. As counsel, Baranski and MPL Law owed a duty to Ahearn during his lifetime and/or to the Estate after his death to provide legal advice and counsel that was in the best interest of Family Homes and taking into consideration the rights of all of its members under the Operating Agreement and applicable law.

137. By virtue of the foregoing, Baranski and MPL Law breached their various duties and obligations to Family Homes and the Estate as a member.

138. Baranski and MPL Law were negligent and careless in performance of their various duties and obligations to Family Homes and the Estate as a member, including but not limited to, in the following ways:

a) by failing to advise and counsel Rivera and Huertas that the Estate maintained a one-third interest in Family Homes notwithstanding the fact that Ahearn died in March of 2019;

b) by providing advice and counsel to Rivera and Huertas in connection with their actions in attempting to extinguish the Estate's one-third interest in Family Homes;

c) by either facilitating or failing to warn Rivera and/or Huertas that all rental income received for 444 Wallace Street and 840 E. Market was the sole property of Family Homes and has to be collected and deposited in Family Homes' bank account and not held in separate bank accounts in the name of either Rivera and/or Huertas;

d) by either facilitating or failing to warn Rivera and/or Huertas that they could not sell or transfer 444 Wallace which was held by Family Homes without notice and consent of all members of Family Homes under the LLC Act and that the Operating Agreement does not authorize the collective or individual actions, as well as inactions by Rivera and/or Huertas, taken as alleged herein;

e) by either facilitating of failing to warn Rivera that he had no right to transfer one of the Properties, 444 Wallace, to himself for $1.00; and

f) by facilitating, including through the engagement of MPL Land, the transfer of 444 Wallace to Rivera, and subsequently from Rivera to Ruby Rivera.

139. Their various breaches of their duties and obligations were a proximate cause of the harm to Family Homes and the Estate as a member.

**WHEREFORE,** Plaintiff, the Estate of Lawrence E. Ahearn, demands judgment against Defendants John J. Baranski, Jr., Esquire and MPL Law Firm, LLP, jointly and severally,

in an amount in excess of $75,000 and to be determined at trial, and such other relief as this Court deems just and proper, including but not limited to interest and all attorneys' fees and costs.

**<u>COUNT VI</u>**
**NEGLIGENCE**
**Plaintiff v. MPL Land Services, LLC**

140. Plaintiff incorporates by reference the preceding paragraphs, as if set forth at length herein.

141. As the title company and settlement agent for the transfer of 444 Wallace, MPL Land owed a duty to the Estate after Ahearn's death in 2019 to provide title and closing services that were in the best interest of Family Homes and taking into consideration the rights of all its members under the Operating Agreement and applicable law.

142. By virtue of the foregoing, MPL Land breached their various duties and obligations to Family Homes and the Estate as a member.

143. MPL Land was negligent and careless in performance of their various duties and obligations to Family Homes and the Estate as a member, including but not limited to, in the following ways:

a) by failing to advise Rivera and Huertas that the Estate maintained a one-third interest in Family Homes notwithstanding the fact that Ahearn died in March of 2019;

b) by either facilitating or failing to warn Rivera and/or Huertas that they could not transfer 444 Wallace which was held by Family Homes without notice and consent of all members of Family Homes under the LLC Act and that the Operating Agreement does not authorize the collective and/or individual actions, as well as the inaction by Rivera and/or Huertas, taken as alleged herein;

c) by either facilitating or failing to warn Rivera that he had no right to transfer one of the three Properties, 444 Wallace, to himself for $1.00; and

d) by facilitating the transfer of 444 Wallace to Rivera and subsequently from Rivera to Crystal Ruby, and thus excluding the Estate from receipt of one third of the profits from any potential third party sale transaction.

144. Their various breaches of their duties and obligations were a proximate cause of the harm to Family Homes and the Estate as a member.

**WHEREFORE,** Plaintiff, the Estate of Lawrence E. Ahearn, demands judgment against Defendant MPL Land Services, LLC in an amount in excess of $75,000 and to be determined at trial, and such other relief as this Court deems just and proper, including but not limited to interest and all attorneys' fees and costs.

**COUNT VII**
**NEGLIGENCE**
**Plaintiff v. John J. Baranski, Esquire and Blakey, Yost, Bupp & Rausch, LLP**

145. Plaintiff incorporates by reference the preceding paragraphs, as if set forth at length herein.

146. As counsel, Baranski and BYBP owed a duty to Ahearn during his lifetime, and to the Estate after his death, to provide legal advice and counsel that was in the best interest of Family Homes and taking into consideration the rights of all of its members under the Operating Agreement and applicable law.

147. By virtue of the foregoing, Baranski and BYBP breached their various duties and obligations to Family Homes and the Estate as a member.

148. Baranski and BYBP were negligent and careless in performance of their various duties and obligations to Family Homes and the Estate as a member, including but not limited to, in the following ways:

a) by failing to advise and counsel Rivera and Huertas that the Estate maintained a one-third interest in Family Homes notwithstanding the fact that Ahearn died in March of 2019;

b) by providing advice and counsel to Rivera and Huertas in connection with their actions, as well the inaction by Rivera and/or Huertas, and in attempting to extinguish the Estate's one-third interest in Family Homes;

c) by either facilitating or failing to warn Rivera and/or Huertas that all rental income received on the four Properties was the sole property of Family Homes and has to be collected and deposited in Family Homes' bank account and not held in separate bank accounts in the name of either Rivera and/or Huertas;

d) by either facilitating or failing to warn Rivera and/or Huertas that they could not sell the two Properties held by Family Homes, 919 Prospect and 548 West Phila., without notice and consent of all members of Family Homes under the LLC Act and that the Operating Agreement does not authorize the collective or individual actions, as well as the inaction by Rivera and/or Huertas, taken as alleged herein;

e) by facilitating the transfer of 919 Prospect and 548 West Phila and dissipation of the proceeds of the sales of those Properties to Rivera and Huertas and specifically excluding the Estate from receipt of one third of the profits from those transactions.

149. Their various breaches of their duties and obligations were a proximate cause of the harm to Family Homes and the Estate as a member.

**WHEREFORE,** Plaintiff, the Estate of Lawrence E. Ahearn, demands judgment against Defendants John J. Baranski, Jr., Esquire and Blakey, Yost, Bupp and Rausch, LLP, jointly and severally, in an amount in excess of $75,000 and to be determined at trial, and such other relief as this Court deems just and proper, including but not limited to interest and all attorneys' fees and costs.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues that are so triable.

**HORN WILLIAMSON LLC**

Date: August 20, 2024

By: */s/ Carter N. Williamson*
Carter N. Williamson, Esquire
*Attorney for Plaintiff*



ACTIVE\02960\0001\1221067.v1-8/20/24

# EXHIBIT A

# OPERATING AGREEMENT
# OF
# *YORK FAMILY HOMES, LLC*

This Operating Agreement (the "Agreement") has been adopted by (together, they are referred to herein jointly as the "Members") as the only members of *York Family Homes, LLC*, a Pennsylvania limited liability company (the "Company").

1. Purpose. The object and purpose of, and the nature of the business to be conducted and promoted by, the Company is engaging in any lawful act or activity for which limited liability companies may be formed under the Pennsylvania Limited Liability Company Act, 15 Pa.C.S. § 8901, et seq., as amended from time to time (the "Act"), and engaging in any and all lawful activities necessary or incidental to the foregoing.

2. Members. The names, addresses, and percentage interests of the Members are:

| | | |
|---|---|---|
| Juan Rivera | 688 Wallace Street, York PA 17403 | 33.3% |
| Ivonne Huertas | 688 Wallace Street, York, PA 17403 | 33.3% |
| Lawrence E. Ahearn | 107-20 ~~1012~~ 112th St. So. Richmond Hill, NY 11419 | 33.3% |

3. Management.

(a) The business and affairs of the Company shall be managed by Ivonne Huertas, and shall be referred to herein as the Manager. The Manager, on behalf of the Company, shall have the power to do any and all acts necessary or convenient to, or for the furtherance of, the business and affairs of the Company.

(b) The Members may appoint by written resolution, or through amendments to this Agreement, such officers and agents of the Company to which the Members may delegate by written resolution whatever duties, responsibilities, and authority the Members may desire. Any officer or agent may be removed by the Members at any time by written resolution.

(c) If an officer of the Company is appointed by the Members and given a title that is used by officers of a business corporation, the Members shall be deemed to have delegated to the officer the duties, responsibilities, and authority that would be exercised by an officer of a business corporation with the same title, unless the Member provides otherwise by written resolution.

4. Title to Company Property. All real and personal property shall be acquired in the name of the Company and title to any property so acquired shall vest in the Company itself rather than in the Members.

Case 1:24-cv-00535-JPW Document 19-1 Filed 08/20/24 Page 3 of 116

5. Compensation of Members. The Members may be reimbursed for all expenses incurred in managing the Company and the Manager may, at the election of the Members, be entitled to compensation for management services rendered, in an amount to be determined from time to time by the Members.

6. Distributions. Distributions shall be made to the Members (in cash or in kind) at the times and in the aggregate amounts determined by the Members and as permitted by applicable law.

7. Elections. The Members may make any tax elections for the Company allowed under the Internal Revenue Code of 1986, as amended, or the tax laws of any state or other jurisdiction having taxing jurisdiction over the Company.

8. Admission of Additional Members. Additional members of the Company may be admitted to the Company at the direction of the Members only if a new operating agreement or an amendment and restatement of this Agreement is executed.

9. Liability of the Members. The Members shall not have any liability for the debts, obligations or liabilities of the Company or for the acts or omissions of any other member, officer, agent, or employee of the Company except to the extent provided in the Act. The failure of the Members to observe any formalities or requirements relating to the exercise of the powers of the Members or the management of the business and affairs of the Company under this Agreement or the Act shall not be grounds for imposing liability on the Members for liabilities of the Company.

10. Indemnification. The Company shall indemnify the Members and those authorized officers, agents, and employees of the Company identified in writing by the Members as entitled to be indemnified under this section for all costs, losses, liabilities and damages paid or accrued by the Members (as a Member or as an officer, agent, or employee) or any such officer, agent, or employee in connection with the business of the Company, except to the extent prohibited by the laws of the Commonwealth of Pennsylvania. In addition, the Company may advance costs of defense of any proceeding to the Members or any such officer, agent, or employee upon receipt by the Company of an undertaking by or on behalf of such person to repay such amount if it shall ultimately be determined that the person is not entitled to be indemnified by the Company.

11. Dissolution.

(a) The Company shall dissolve, and its affairs shall be wound up, upon the first to occur of the following: (i) the written direction of the Members, or (ii) the entry of a decree of judicial dissolution under section 8972 of the Act. The death (or dissolution in the case of a member that is not a natural person), retirement, insanity, resignation, or bankruptcy of the Members or the occurrence of any other event that terminates the continued membership of the Members shall not cause a dissolution of the Company.

(b) Upon dissolution, the Company shall cease carrying on any and all business other than the winding up of the Company business, but the Company is not terminated and shall continue until the winding up of the affairs of the Company is completed and a certificate of dissolution has been filed pursuant to the Act. Upon the winding up of the Company, the Company's property shall be distributed (i) first to creditors, including the Member if the Member is a creditor, to the extent permitted by law, in satisfaction of the Company's liabilities; and (ii) then to the Member. Such distributions shall be in cash or property or partly in both, as determined by the Member.

12. Conflicts of Interest. Nothing in this Agreement shall be construed to limit the right of the Members to enter into any transaction that may be considered to be competitive with, or a business opportunity that may be beneficial to, the Company. The Members do not violate a duty or obligation to the Company merely because the conduct of the Member furthers the interests of the Members. The Members may lend money to and transact other business with the Company. The rights and obligations of the Members upon lending money to or transacting business with the Company are the same as those of a person who is not a Member, subject to other applicable law. No transaction with the Company shall be void or voidable solely because the Member has a direct or indirect interest in the transaction.

13. Governing Law. This Agreement shall be governed by, and interpreted and enforced in accordance with, the substantive laws of the Commonwealth of Pennsylvania, without reference to the conflicts of law rules of that or any other jurisdiction.

14. Entire Agreement. This Agreement constitutes the entire agreement of the Members with respect to the subject matter hereof and supersedes all prior agreements, express or implied, oral or written, with respect thereto. The express terms of this Agreement control and supersede any course of performance or usage of trade inconsistent with any of the terms hereof. This Agreement may be amended or modified from time to time only by a written instrument executed by the Members.

15. Rights of Creditors and Third Parties. This Agreement is entered into by the Members solely to govern the operation of the Company. This Agreement is expressly not intended for the benefit of any creditor of the Company or any other person other than the heirs, personal representatives, successors and assigns of the Members. Except and only to the extent provided by applicable statute, no creditor or third party shall have any rights under this Agreement or any agreement between the Company and the Member, with respect to the subject matter hereof.

SIGNATURE PAGE TO FOLLOW

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 5 of 116

IN WITNESS WHEREOF, the undersigned, intending to be legally bound, has adopted this Operating Agreement on May ___, 2015.

Members:

Juan Rivera

Ivonne Huertas

Lawrence E. Ahearn

# EXHIBIT B

YORK COUNTY ASSESSMENT OFFICE
0819354

UPI: [redacted]
Address: 840 E. Market St.
York, PA 17403

# This Deed

MADE THE 27 day of AUG, in the year of our Lord two thousand and eight (2008),

BETWEEN **MICHAEL LUPO, single man,** of the City of New York and State of New York, ————————————————————————————————**GRANTOR,**

AND **LAWRENCE E. AHEARN, single man,** of the County of York and Commonwealth of Pennsylvania, ————————————————————————————————**GRANTEE:**

WITNESSETH, that in consideration of Fifty-Five Thousand and 00/100 ($55,000.00) Dollars, in hand paid, the receipt whereof is hereby acknowledged, the said Grantor does hereby grant and convey unto the said Grantee, his heirs and assigns,

All the following described tract of land, with the improvements thereon erected, situate, lying and being in the City of York, York County, Pennsylvania, known and marked as 840East Market Street, York, Pennsylvania, more fully bounded and described as follows:

ADJOINING property now or formerly of Annie K. Freid, et al, on the West, a twenty (20) feet wide alley on the South; property now or formerly of the Estate of John C. Bender on the East, and East Market Street on the North; having a frontage on said East Market Street of fifteen (15) feet, seven and on-half (7 2) inches, and extending Southwardly to said twenty (20) feet wide private alley.

IT BEING the same premises which Donna L. Ryan, Trustee of the Marion C. Kessler Trust, by Deed dated the 17th day of August, 2005, and recorded in the Office of the Recorder of Deeds in and for York County, Pennsylvania, in Land Record Book 1749, Page 5015, granted and conveyed unto Michael Lupo, Grantor herein.

UNDER AND SUBJECT, NEVERTHELESS, to the same conditions, restrictions,

exceptions and reservations as exist by virtue of prior recorded instruments, deeds and conveyances.

AND the said Grantor hereby covenants and agrees that he will warrant specially the property hereby conveyed.

IN WITNESS WHEREOF, said Grantor has hereunto set his hand and seal the day and year first above written.

Signed, Sealed and Delivered
in the Presence of

____________________________ __________________________(SEAL)
Michael Lupo

STATE OF NEW YORK )
) ss:
COUNTY OF Queens )

On this, the 27 day of August, 2010, before me, a Notary Public in and for said State and County, the undersigned officer, personally appeared **MICHAEL LUPO**, single man, who is known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Notary Public

MARILYN TRUMFIO
Notary Public, State of New York
No. 01TR5031108
Qualified In Queens County
Commission Expires July 25, 2010

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 9 of 116

I do hereby certify that the precise residence and complete post office address of the within named Grantee is 107-20 112th St, South Richmond Hill, NY 11419

August 29, 2008

AASAP Abstracting Co., Inc.

Paul C. McCleary, Jr., President
Agent for Grantee

CERTIFICATION OF RECORDER OF DEEDS, YORK COUNTY, PENNSYLVANIA:

*YORK COUNTY RECORDER OF DEEDS*
*28 EAST MARKET STREET*
*YORK, PA 17401*

*Randi L. Reisinger - Recorder*
*Gloria A. Fleming - Deputy*




Instrument Number - 2008055890
Recorded On 9/2/2008 At 3:09:06 PM
* Instrument Type - DEED
Invoice Number - 788118
* Grantor - LUPO, MICHAEL
* Grantee - AHEARN, LAWRENCE E
User - JDB
* Customer - MCCLEARY

Book - 1983 Starting Page - 4672
* Total Pages - 4

* Received By: COUNTER

* FEES

| | |
|---|---|
| STATE TRANSFER TAX | $550.00 |
| STATE WRIT TAX | $0.50 |
| JCS/ACCESS TO JUSTICE | $10.00 |
| RECORDING FEES | $13.00 |
| AFFORDABLE HOUSING | $11.50 |
| PIN NUMBER FEES | $2.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| YORK CITY SCHOOL REALTY TAX | $550.00 |
| TOTAL PAID | $1,142.00 |

PARCEL IDENTIFICATION NUMBER
123831100140000000
Total Parcels: 1

I Certify This Document To Be
Recorded In York County, Pa.




Recorder of Deeds

*THIS IS A CERTIFICATION PAGE*

## *PLEASE DO NOT DETACH*

*THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT*

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

Book: 1983 Page: 4675

# EXHIBIT C

H8958

YORK COUNTY ASSESSMENT OFFICE
1150351

Parcel ID #: 123831100140000000
840 E. Market St., City of York

# This Deed

Made the 28th day of Sept., Two Thousand Fifteen (2015),

BETWEEN

**LAWRENCE E. AHEARN,** single individual, of the State of New York,

GRANTOR

AND

**YORK FAMILY HOMES, LLC** of York County, Pennsylvania,

GRANTEE

WITNESSETH:

That in consideration of ONE DOLLAR ($1.00) in hand paid, the receipt whereof is hereby acknowledged, the said Grantor does hereby grant and convey to the said Grantee, its successors and assigns:

ALL the following described tract of land with the improvements thereon erected, situate, lying and being in the City of York, York County, Pennsylvania, known and marked as 840 East Market Street, York, Pennsylvania, more fully bounded and described as follows:

ADJOINING property now or formerly of Annie K. Freid, et al, on the West, a twenty (20) feet wide alley on the South; property now or formerly of the Estate of John C. Bender on the East, and East Market Street on the North; having a frontage on said East Market Street of fifteen (15) feet, seven and one-half (7½) inches, and extending Southwardly to said twenty (20) feet wide private alley.

BEING the same premises which Michael Lupo, by his deed dated August 27, 2008, and recorded in the Office of the Recorder of Deeds, in and for York County, Pennsylvania, in

Record Book 1983, page 4672, granted and conveyed unto Lawrence E. Ahearn, the grantor herein.

UNDER AND SUBJECT, NEVERTHELESS, to the same conditions, restrictions, exceptions and reservations as exist by virtue of prior recorded instruments, deeds and conveyances.

AND that the said Grantor does hereby warrant specially the property hereby conveyed.

IN WITNESS WHEREOF, the said Grantor has hereunto set his hand and seal the day and year first above written.

WITNESS:

Lauren Ulloa [signature]

[signature]
Lawrence E. Ahearn

STATE OF NEW YORK :

COUNTY OF Queens : ss.

On this the 28 day of September, 2015, before me, a Notary Public, the undersigned officer, personally appeared Lawrence E. Ahearn, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

[signature]
Notary Public
My Commission expires:

PASQUALE FECENTESE
NOTARY PUBLIC, STATE OF N.Y.
NO. 01FE4970124
QUALIFIED IN NASSAU COUNTY
COMM. EXP. MARCH 18, 20 18

**CERTIFICATE OF RESIDENCE**

The undersigned does hereby certify that the precise address and complete post office address of the within named Grantee is 688 Wallace St., York, PA 17403

Date: 10-13-15

Attorney for Grantee

**No Title Certification**

**The chain and status of title to the above premises has not been examined, investigated, reviewed or otherwise searched by John J. Baranski, Jr., Esquire, Susquehanna Abstracting Co. and Blakey, Yost, Bupp & Rausch, LLP, prior to or for purpose of the transfer of the above premises by this instrument. However, John J. Baranski, Jr., Esquire, Susquehanna Abstracting Co. and Blakey, Yost, Bupp & Rausch, LLP have not issued or made any certification, opinion, report or warranty regarding the condition, marketability or status of title to the above premises, and the Grantee(s) accept title to said premises by this instrument in "As Is" condition and under and subject to any and all conditions, encumbrances, exceptions, liens and reservations as may appear or exist.**

(10-14)

pennsylvania
DEPARTMENT OF REVENUE
Bureau of Individual Taxes
PO BOX 280603
Harrisburg, PA 17128-0603

# REALTY TRANSFER TAX STATEMENT OF VALUE

See reverse for instructions.

| RECORDER'S USE ONLY | |
|---|---|
| State Tax Paid | 614.88 |
| Book Number | 2343 |
| Page Number | 3989 |
| Date Recorded | 10-28-2015 |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. If more space is needed, please attach additional sheets. A Statement of Value (SOV) is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. However, it is recommended that a SOV accompany all documents filed for recording.

## A. CORRESPONDENT – All inquiries may be directed to the following person:

| Name | | | Telephone Number: |
|---|---|---|---|
| John J. Baranski, Jr. | | | (717) 845-3674 |
| Mailing Address: 17 East Market Street | City: York | State: PA | ZIP Code: 17401 |

## B. TRANSFER DATA

Date of Acceptance of Document 09 / 28 / 2015

| Grantor(s)/Lessor(s) | Telephone Number: | Grantee(s)/Lessee(s) | Telephone Number: |
|---|---|---|---|
| Lawrence E. Ahearn | | York Family Homes, LLC | |
| Mailing Address: 107-20 112th Street | | Mailing Address: 688 Wallace Street | |
| City: South Richmond Hill | State: NY / ZIP Code: 11419 | City: York | State: PA / ZIP Code: 17403 |

## C. REAL ESTATE LOCATION

| Street Address | | City, Township, Borough |
|---|---|---|
| 840 E. Market Street | | York City |
| County: York | School District: York City | Tax Parcel Number: 123831100140000000 |

## D. VALUATION DATA

Was transaction part of an assignment or relocation? ☐ Y ☒ N

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| 1.00 | +0.00 | = 1.00 |
| **4. County Assessed Value** | **5. Common Level Ratio Factor** | **6. Fair Market Value** |
| 54,900.00 | x 1.12 | = 61,488.00 |

## E. EXEMPTION DATA – Refer to instructions for exemption status.

| 1a. Amount of Exemption Claimed | 1b. Percentage of Grantor's Interest in Real Estate | 1c. Percentage of Grantor's Interest Conveyed |
|---|---|---|
| $ 0.00 | 100.00 % | 100.00 % |

**2. Check Appropriate Box Below for Exemption Claimed.**

- ☐ Will or intestate succession. ______ (Name of Decedent) ______ (Estate File Number)
- ☐ Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)
- ☐ Transfer from a trust. Date of transfer into the trust ______
  If trust was amended attach a copy of original and amended trust.
- ☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)
- ☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)
- ☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)
- ☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)
- ☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)
- ☒ Other (Please explain exemption claimed.) Full amount of transfer tax is being paid on this property.

**Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.**

| Signature of Correspondent or Responsible Party | Date |
|---|---|
| [signature] | 10-13-15 |

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**

*YORK COUNTY RECORDER OF DEEDS*
*28 EAST MARKET STREET*
*YORK, PA 17401*

*Randi L. Reisinger - Recorder*
*Bradley G. Daugherty - Deputy*




Instrument Number - 2015048752
Recorded On 10/28/2015 At 10:16:00 AM
* Instrument Type - DEED
Invoice Number - 1161329
* Grantor - AHEARN, LAWRENCE E
* Grantee - YORK FAMILY HOMES LLC
User - MAG
* Customer - BLAKEY YOST-WENDY

Book - 2343 Starting Page - 3989
* Total Pages - 5

* Received By: COUNTER

* FEES

| | |
|---|---|
| STATE TRANSFER TAX | $614.88 |
| STATE WRIT TAX | $0.50 |
| JCS/ACCESS TO JUSTICE | $35.50 |
| RECORDING FEES | $15.00 |
| AFFORDABLE HOUSING | $11.50 |
| PIN NUMBER FEES | $10.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| YORK CITY SCHOOL REALTY TAX | $614.88 |
| TOTAL PAID | $1,307.26 |

PARCEL IDENTIFICATION NUMBER
12383110014000000O
Total Parcels: 1

I Certify This Document To Be
Recorded In York County, Pa.

RANDI L. REISINGER • RECORDERS OFFICE • YORK COUNTY, PA.

[signature]
Recorder of Deeds

*THIS IS A CERTIFICATION PAGE*

***PLEASE DO NOT DETACH***

*THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT*

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

Book: 2343 Page: 3993

# EXHIBIT D

5545

K 1155799

**Parcel ID #: 123831100140000000**
**840 E. Market St., City of York**

# This Deed

**Made the** 9th **day of** February**, Two Thousand Sixteen (2016),**

**BETWEEN**

**YORK FAMILY HOMES, LLC of York County, Pennsylvania,**
**GRANTOR**

**AND**

**LAWRENCE E. AHEARN, single individual, of the State of New York,**
**GRANTEE**

3P
1A
2N

**WITNESSETH:**

**That in consideration of ONE DOLLAR ($1.00) in hand paid, the receipt whereof is hereby acknowledged, the said Grantor does hereby grant and convey to the said Grantee, his heirs and assigns:**

**ALL the following described tract of land with the improvements thereon erected, situate, lying and being in the City of York, York County, Pennsylvania, known and marked as 840 East Market Street, York, Pennsylvania, more fully bounded and described as follows:**

**ADJOINING property now or formerly of Annie K. Freid, et al, on the West, a twenty (20) feet wide alley on the South; property now or formerly of the Estate of John C. Bender on the East, and East Market Street on the North; having a frontage on said East Market Street of fifteen (15) feet, seven and one-half (7½) inches, and extending Southwardly to said twenty (20) feet wide private alley.**

**BEING the same premises which Lawrence E. Ahearn, by his deed dated September 28, 2015, and recorded in the Office of the Recorder of Deeds, in and for York County, Pennsylvania, in Record Book 2343, page 3989, granted and conveyed unto York Family Homes, LLC, the grantor herein.**

UNDER AND SUBJECT, NEVERTHELESS, to the same conditions, restrictions, exceptions and reservations as exist by virtue of prior recorded instruments, deeds and conveyances.

AND that the said Grantor does hereby warrant specially the property hereby conveyed.

IN WITNESS WHEREOF, the said Grantor has hereunto set its hand and seal the day and year first above written.

WITNESS: ______________________

YORK FAMILY HOMES, LLC

By: ______________________
Juan Rivera, Authorized Agent

COMMONWEALTH OF PENNSYLVANIA :
: ss.
COUNTY OF YORK :

On this, the 9th day of February, 2016, before me, a Notary Public, personally appeared Juan Rivera, who acknowledges himself to be the Authorized Agent of York Family Homes, LLC, a Pennsylvania limited liability company, and that he as such Authorized Agent, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of said LLC, by himself as Authorized Agent.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Zina L. Compton, Notary Public
City of York, York County
My Commission Expires July 21, 2019
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

______________________
Notary Public
My commission expires:

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 20 of 116

**CERTIFICATE OF RESIDENCE**

The undersigned does hereby certify that the precise address and complete post office address of the within named Grantee is 10720 112th Street, South Richmond Hill, NY 11419

Date: 2/9/16

Attorney for Grantee

**No Title Certification**

**The chain and status of title to the above premises has not been examined, investigated, reviewed or otherwise searched by John J. Baranski, Jr., Esquire, Susquehanna Abstracting Co. and Blakey, Yost, Bupp & Rausch, LLP, prior to or for purpose of the transfer of the above premises by this instrument. However, John J. Baranski, Jr., Esquire, Susquehanna Abstracting Co. and Blakey, Yost, Bupp & Rausch, LLP have not issued or made any certification, opinion, report or warranty regarding the condition, marketability or status of title to the above premises, and the Grantee(s) accept title to said premises by this instrument in "As Is" condition and under and subject to any and all conditions, encumbrances, exceptions, liens and reservations as may appear or exist.**

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 21 of 116

REV-183 EX (10-14)

pennsylvania
DEPARTMENT OF REVENUE
Bureau of Individual Taxes
PO BOX 280603
Harrisburg, PA 17128-0603

# REALTY TRANSFER TAX STATEMENT OF VALUE

See reverse for instructions.

| RECORDER'S USE ONLY | |
|---|---|
| State Tax Paid | 0 |
| Book Number | 2356 |
| Page Number | 4152 |
| Date Recorded | 2-10-2016 |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. If more space is needed, please attach additional sheets. A Statement of Value (SOV) is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. However, it is recommended that a SOV accompany all documents filed for recording.

## A. CORRESPONDENT – All inquiries may be directed to the following person:

| Name | | | Telephone Number: |
|---|---|---|---|
| York Family Homes, LLC c/o Juan Rivera | | | (717) 586-4312 |
| Mailing Address: 688 Wallace Street | City: York | State: PA | ZIP Code: 17403 |

## B. TRANSFER DATA

Date of Acceptance of Document 02 / 09 / 2016

| Grantor(s)/Lessor(s) | Telephone Number: | Grantee(s)/Lessee(s) | Telephone Number: |
|---|---|---|---|
| York Family Home | | Lawrence E. Ahearn | |

| Mailing Address | State | ZIP Code | Mailing Address | State | ZIP Code |
|---|---|---|---|---|---|
| 688 Wallace Street | | | 107-20 112th Street | | |
| City: York | PA | 17403 | City: South Richmond Hill | NY | 11419 |

## C. REAL ESTATE LOCATION

| Street Address | | City, Township, Borough |
|---|---|---|
| 840 E. Market Street | | York City |
| **County** | **School District** | **Tax Parcel Number** |
| York | York City | 123831100140000000 |

## D. VALUATION DATA

Was transaction part of an assignment or relocation? ☐ Y ☒ N

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| 1.00 | +0.00 | = 1.00 |
| **4. County Assessed Value** | **5. Common Level Ratio Factor** | **6. Fair Market Value** |
| 54,900.00 | x 1.12 | = 61,488.00 |

## E. EXEMPTION DATA - Refer to instructions for exemption status.

| 1a. Amount of Exemption Claimed | 1b. Percentage of Grantor's Interest in Real Estate | 1c. Percentage of Grantor's Interest Conveyed |
|---|---|---|
| $ 61,488.00 | 100.00 % | 100.00 % |

**2. Check Appropriate Box Below for Exemption Claimed.**

- ☐ Will or intestate succession. ______ (Name of Decedent) ______ (Estate File Number)
- ☐ Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)
- ☐ Transfer from a trust. Date of transfer into the trust ______
  If trust was amended attach a copy of original and amended trust.
- ☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)
- ☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)
- ☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)
- ☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)
- ☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)
- ☒ Other (Please explain exemption claimed.) Deed of conveyance from an LLC to its individual Member.

**Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.**

| Signature of Correspondent or Responsible Party | Date |
|---|---|
| [signature] | 02/09/16 |

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**

Case 1:24-cv-00985-JPW Document 19-1 Filed 08/20/24 Page 92 of 116

*YORK COUNTY RECORDER OF DEEDS*
*28 EAST MARKET STREET*
*YORK, PA 17401*

*Randi L. Reisinger - Recorder*
*Bradley G. Daugherty - Deputy*



Instrument Number - 2016005545
Recorded On 2/10/2016 At 11:36:37 AM
* Instrument Type - DEED
Invoice Number - 1173751
* Grantor - YORK FAMILY HOMES LLC
* Grantee - AHEARN, LAWRENCE E
User - MAG
* Customer - BALKEY YOST - ZINA

Book - 2356 Starting Page - 4152
* Total Pages - 5

* Received By: COUNTER

* **FEES**

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| JCS/ACCESS TO JUSTICE | $35.50 |
| RECORDING FEES | $15.00 |
| AFFORDABLE HOUSING | $11.50 |
| PIN NUMBER FEES | $10.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| TOTAL PAID | $77.50 |

PARCEL IDENTIFICATION NUMBER
12383110014000000
Total Parcels: 1

I Certify This Document To Be
Recorded In York County, Pa.

Recorder of Deeds

*THIS IS A CERTIFICATION PAGE*

***PLEASE DO NOT DETACH***

*THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT*

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

Book: 2356 Page: 4156

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 23 of 116

# TRANSMISSION VERIFICATION REPORT

TIME : 03/16/2016 12:40
NAME :
FAX :
TEL :
SER.# : U63274E3J407716

| | |
|---|---|
| DATE,TIME | 03/16 12:38 |
| FAX NO./NAME | 18662781179 |
| DURATION | 00:01:02 |
| PAGE(S) | 04 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

# EXHIBIT E

CERTIFIED PROPERTY IDENTIFICATION NUMBERS
124151700040000000 YORK
YCGIS REGISTRY 11/02/2015 BY JV

Record and Return To:
HomeSale Settlement Service
2525 Eastern Blvd.
York, PA 17402

# DEED

PARCEL No.: 12-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.00-00000 919 East Prospect street York City.

This Indenture Made this 29th day of October, 2015

**Between**

**Fannie Mae a/k/a Federal National Mortgage Association**, PO Box 650042, Dallas, TX 75265, by its Attorney-in-Fact, Powers Kirn & Associates, LLC, f/k/a Powers, Kirn, & Javardian, LLC, by virtue of a Power of Attorney recorded on 12/27/2013, in the Office of the Recorder of Deeds in and for the County of York, at Instrument Number 2013069405;

(hereinafter called the Grantor),

and

**York Family Homes, LLC,** 688 Wallace Street, York, PA17403, a Pennsylvania Limited Liability Company;

(hereinafter called the Grantee),

**Witnesseth,** That the said Grantor for and in consideration of the sum of $23,000 lawful money of the United States of America, unto Grantor well and truly paid by the said Grantee and at or before the sealing and delivery hereof, the receipt whereof is hereby acknowledged, has granted, bargained and sold, released and confirmed, and by these presents does grant, bargain and sell, release and confirm unto the said Grantee and Grantee's heirs, successors and assigns,

And the said Grantor and Grantor's heirs, successors and assigns do by these presents, covenant, grant and agree, to and with the said Grantee and Grantee's heirs, successors and assigns, that the said Grantor and Grantor's heirs, successors and assigns all and singular the Hereditaments and premises wherein above described and granted, or mentioned and intended so to be with the Appurtenances unto the said Grantee and Grantee's heirs, successors and assigns, against the said Grantor and Grantor's heirs, successors and assigns all an every Person or Persons whomsoever lawfully claiming or to claim the same or any part thereof, by from, or under Grantor and Grantor's heirs, successors and assigns shall and will WARRANT and forever DEFEND

**See Attached Legal Description**

Together with all and singular improvements, ways, streets, alleys, driveways, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises belonging, or in any wise appertaining, and the reversions and remainders, rents, issues, and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever of the said Grantor and Grantor's heirs, successors and assigns, as well at law as in equity, of, in, and to the same.

To have and to hold the said lot(s) or piece(s) of ground above described with the hereditaments and premises hereby granted, or mentioned, and intended so to be, with the appurtenances, unto the said Grantee and Grantee's heir, successors and assigns to and for the only proper use and behoof of the said Grantee and Grantee's heirs, successors and assigns, forever,

In Witness Whereof, the said Grantor has caused these presents to be duly executed dated the day and year first above written.

Sealed and Delivered
IN THE PRESENCE OF US

**FEDERAL NATIONAL MORTGAGE ASSOCIATION**, by its Attorney-in-Fact, Powers Kirn & Associates, LLC, f/k/a Powers, Kirn, & Javardian, LLC, by virtue of a Power of Attorney recorded on 12/27/2013, in the Office of the Recorder of Deeds in and for the County of York, at Instrument Number 2013069405.

_______________________
Witness

By: [signature]

Matthew J. McDonnell, Esquire, Authorized Signatory for Powers Kirn & Associates, LLC

COMMONWEALTH OF PENNSYLVANIA
SS
COUNTY OF Philadelphia

On this, the 28th day of October, A.D. 20 15, before me, a notary public the undersigned officer, personally appeared Matthew J. McDonnell, Esquire, Authorized Signatory for Powers Kirn & Associates, LLC, f/k/a Powers, Kirn, & Javardian, LLC, Attorney-in-Fact for Federal National Mortgage Association known to me to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
LETICIA McCRACKEN, Notary Public
City of Philadelphia, Phila. County
My Commission Expires January 9, 2019

[signature]
Notary Public
My Commission Expires:

January 9, 2019

I hereby certify that th emailing address of the above-named Grantee is:
688 Wallace Street, York, PA17403

[signature]
On behalf of the Grantee

## LEGAL DESCRIPTION

ALL THAT CERTAIN lot of ground with the improvements thereon erected, situate on Prospect Street, Norway Park, in the City of York, York County, Pennsylvania, bounded and described as follows, to wit:

On the South by Prospect Street on the East by other property now or formerly of Roman Runkle and wife; on the North by a twenty foot wide alley and on the West by property now or formerly of Harry and Elizabeth Hykes. Having a frontage on said Prospect Street of twenty-five feet and extending Northwardly of a uniform width throughout one hundred twenty feet to said twenty foot wide alley known as Number 919 East Prospect Street.

PROPERTY ADDRESS: 919 EAST PROSPECT STREET, YORK, PA 17403

IMPROVEMENTS: RESIDENTIAL DWELLING.

PREMISES BEING: 919 EAST PROSPECT STREET, YORK, PA 17403

UPI / TAX PARCEL NUMBER: 12-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.00-00000

**BEING** the same premises which Richard P. Keuerleber, Sheriff of the County of York in the Commonwealth of Pennsylvania, by Deed recorded October 02, 2015 in the Office of the Recorder of Deeds in and for York County at Instrument Number 2015044727, granted and conveyed unto Federal National Mortgage Association, in fee.

GRANTEE HEREIN SHALL BE PROHIBITED FROM CONVEYING CAPTIONED PROPERTY FOR A SALES PRICE OF GREATER THAN $27,600.00 FOR A PERIOD OF 3 MONTHS FROM THE DATE OF THE RECORDING OF THIS DEED. GRANTEE SHALL ALSO BE PROHIBITED FROM ENCUMBERING SUBJECT PROPERTY WITH A SECURITY INTEREST IN THE PRINCIPAL AMOUNT OF GREATER THAN $27,600.00 FOR A PERIOD OF 3 MONTHS FROM THE DATE OF THE RECORDING OF THIS DEED. THESE RESTRICTIONS SHALL RUN WITH THE LAND AND ARE NOT PERSONAL TO GRANTEE.

THIS RESTRICTION SHALL TERMINATE IMMEDIATELY UPON CONVEYANCE AT ANY FORECLOSURE SALE RELATED TO A MORTGAGE OR DEED OF TRUST.



*YORK COUNTY RECORDER OF DEEDS*
*28 EAST MARKET STREET*
*YORK, PA 17401*

*Randi L. Reisinger - Recorder*
*Bradley G. Daugherty - Deputy*

Instrument Number - 2015049485
Recorded On 11/2/2015 At 12:51:44 PM
* Instrument Type - DEED
Invoice Number - 1161915
* Grantor - FEDERAL NATIONAL MORTGAGE ASSOCIATION/ATTY
* Grantee - YORK FAMILY HOMES LLC
User - BLR
* Customer - SIMPLIFILE LC E-RECORDING

Book - 2344 Starting Page - 593
* Total Pages - 4

* Received By:

* FEES

| | |
|---|---|
| STATE TRANSFER TAX | $230.00 |
| STATE WRIT TAX | $0.50 |
| JCS/ACCESS TO JUSTICE | $35.50 |
| RECORDING FEES | $13.00 |
| AFFORDABLE HOUSING | $11.50 |
| PIN NUMBER FEES | $10.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| YORK CITY SCHOOL REALTY TAX | $230.00 |
| TOTAL PAID | $535.50 |

PARCEL IDENTIFICATION NUMBER
1241517000400000000
Total Parcels: 1

I Certify This Document To Be
Recorded In York County, Pa.

RANDI L. REISINGER · RECORDER'S OFFICE · YORK COUNTY, PA.

Recorder of Deeds

*THIS IS A CERTIFICATION PAGE*

***PLEASE DO NOT DETACH***

*THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT*

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

# EXHIBIT F

PREPARED BY and
RECORD AND RETURN TO:
Homesale Settlement Services
2555 Kingston Road
York, PA 17402

CERTIFIED PROPERTY IDENTIFICATION NUMBERS
113010500760000000 YORK
YCGIS REGISTRY 06/10/2015 BY JV

Account Number: **11-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.00-00000**
Premises: **548 WEST PHILADELPHIA STREET, YORK, PA 17404**

File No. **ME15-42852**

**This Indenture,** Made the 28th day of May, **2015.**

Between
**548 WEST PHILADELPHIA, LLC**

(hereinafter called the Grantor), of the one part, and

**YORK FAMILY HOMES, LLC**

(hereinafter called the Grantee), of the other part,

Witnesseth That the said Grantor for and in consideration of the sum of **Twenty-Three Thousand and 00/100 Dollars ($23,000.00)** lawful money of the United States of America, unto it well and truly paid by the said Grantee, at or before the sealing and delivery hereof, the receipt whereof is hereby acknowledged, has granted, bargained and sold, released and confirmed, and by these presents does grant, bargain and sell, release and confirm unto the said Grantee, as Limited Liability Company.

See Attached Exhibit A

**Together** with all and singular the buildings improvements, ways, streets, alleys, driveways, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises belonging, or in anywise appertaining, and the reversions and remainders, rents, issues, and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever of the said Grantor, as well at law as in equity, of, in and to the same.

**To have and to hold** the said lot or piece of ground described hereditaments and premises hereby granted, or mentioned and intended so to be, with the appurtenances, unto the said Grantee, his heirs and assigns, to and for the only proper use and behoof of the said Grantee, his heirs and assigns, forever.

**And** the said Grantor, its successors or assigns do covenant, promise and agree, to and with the said Grantee, his heirs and assigns, by these presents, that the said Grantor, all and singular the hereditaments and premises hereby granted or mentioned and intended so to be, with appurtenances, unto the said Grantee, his heirs and assigns, against the said Grantor, its successors and assigns, and against all and every person and persons whosoever lawfully claiming or to claim the same or any part thereof, by, from or under or any of them, shall and will

SPECIALLY WARRANT and forever DEFEND.

**In Witness Whereof,** the party of the first has part hereunto set its hand and seal. Dated the day and year first above written.

Sealed and Delivered
IN THE PRESENCE OF US:

______________________ {SEAL}
**548 WEST PHILADELPHIA , LLC**

**BY: RAYMOND D. FIGUEROA AND CYNTHIA A. FIGUEROA, MEMBERS**

Commonwealth of Pennsylvania
County of York ss:

On this the 28 day of May, 2015 before me, Kimberly S. Ziegler _______, the undersigned Notary Public appeared RAYMOND D. AND CYNTHIA A. FIGUEROA , who acknowledged her/himself to be MEMBERS of **548 WEST PHILADELPHIA , LLC**, a corporation, and that s/he as such officer being authorized to do so, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by her/himself as MEMBERS.

I hereunto set my hand and official seal.

[signature]
Notary Public

My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KIMBERLY S. ZIEGLER, NOTARY PUBLIC
YORK CITY, YORK COUNTY
MY COMMISSION EXPIRES 02/09/2016

The address of the above-named Grantee
is: 688 Wallace St
York PA 17403

[signature]
On behalf of the Grantee

# EXHIBIT A

ALL THAT CERTAIN lot of ground with the improvements thereon erected, situate on the south side of West Philadelphia Street in the Eleventh Ward of the City of York, County of York, and State of Pennsylvania and known as No. 548 West Philadelphia Street, bounded and limited as follows, to wit:

BEGINNING on the North by West Philadelphia Street; on the East by property now or formerly of Charles R. and Henrietta Stall; on the south by property now or formerly of George D. Deardorff and on the west by property now or formerly of Wilmer D. and Marie Hankey.

CONTAINING in front on West Philadelphia Street, twenty (20) feet, more or less, and extending southwardly, of uniform width throughout, one hundred forty-seven (147) feet, to aforesaid property now or formerly of George D. Deardorff.

*YORK COUNTY RECORDER OF DEEDS*
*28 EAST MARKET STREET*
*YORK, PA 17401*

*Randi L. Reisinger - Recorder*
*Bradley G. Daugherty - Deputy*




Instrument Number - 2015024681
Recorded On 6/10/2015 At 2:41:55 PM
* **Instrument Type - DEED**
Invoice Number - 1142126
* Grantor - 548 W PHILADELPHIA LLC
* Grantee - YORK FAMILY HOMES LLC
User - DMH
* Customer - SIMPLIFILE LC E-RECORDING

Book - 2324 Starting Page - 2881
* Total Pages - 5

* Received By:

* FEES

| | |
|---|---|
| STATE TRANSFER TAX | $230.00 |
| STATE WRIT TAX | $0.50 |
| JCS/ACCESS TO JUSTICE | $35.50 |
| RECORDING FEES | $13.00 |
| AFFORDABLE HOUSING | $11.50 |
| PIN NUMBER FEES | $10.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| YORK CITY SCHOOL REALTY TAX | $230.00 |
| TOTAL PAID | $535.50 |

PARCEL IDENTIFICATION NUMBER
113010500760000000
Total Parcels: 1

I Certify This Document To Be Recorded In York County, Pa.




Recorder of Deeds

*THIS IS A CERTIFICATION PAGE*

***PLEASE DO NOT DETACH***

*THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT*

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

Book: 2324 Page: 2885

# EXHIBIT G

30786

## THIS DEED

YORK COUNTY ASSESSMENT OFFICE
1141716

Made this 15th day of June 2015, by the Tax Claim Bureau of York County, Pennsylvania, TRUSTEE GRANTOR, and

Juan Rivera
688 Wallace St
York Pa 17403

GRANTEE

WITNESSETH that in consideration of $1,295.35, the receipt of which is hereby acknowledged, the herein Trustee does hereby grant and convey unto the said Grantee: ALL that certain parcel of land lying and being situate in York City, York County, Pennsylvania, and being known on the York County Assessment Map as

7-133-3-16 444 E Wallace St

SOURCE OF TITLE: See deed of

Thanh C Nguyen
To
Geothermal Technologies Corp

bearing the date of November 15, 1999 and appearing of record in the Office of the Recorder of Deeds in and for the said County of York in Deed Book 1382, Page 8985.

The same having been sold by the Tax Claim Bureau to the said Grantee of the day of **June 4, 2015** after due advertisement according to law, the period of redemption for the payment of tax claims having expired without the property having been redeemed, or any tax judgments heretofore having been entered against the described property having nor been satisfied, or no agreement to stay the sale of the within described property having been entered into, or the within described real estate no longer remaining in possession of a sequestrator, by Order of Court for Judicial Sale entered in the Court of Common Pleas in and for the County of York under and by virtue of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, as amended.

To have and to hold the same to and for the use of the said Grantee, Juan Rivera and assigns forever.

IN WITNESS WHEREOF, the said Tax Claim Bureau, as Trustee Grantor, has hereunto caused this Deed to be executed by its Director the day and year first above written

Signed, Sealed and Delivered
In the Presence Of:

TAX CLAIM BUREAU OF YORK
COUNTY, PENNSYLVANIA,
TRUSTEE GRANTOR

Rachael P. Perring, Director
Tax Claim Bureau

COMMONWEALTH OF PENNSYLVANIA:
COUNTY OF YORK:

On this, the 15th day of June 2015 before me, the Notary Public, the undersigned officer, personally appeared Rachael P. Perring, Director of the Tax Claim Bureau of the County of York, Commonwealth of Pennsylvania, known to me to be the person described in the foregoing instrument and acknowledge that executed the same in the capacity therein stated and for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

Notary Public
PAMELA S. LEE, PROTHONOTARY
MY COMMISSION EXPIRES JANUARY 2, 2016

CERTIFICATE OF RESIDENCE

I hereby certify that the precise residence of the Grantee herein is as follows:

Juan Rivera
688 Wallace St
York Pa 17403

GRANTEE

REV-183 EX (7-08)

pennsylvania
DEPARTMENT OF REVENUE
Bureau of Individual Taxes
PO BOX 280603
Harrisburg PA 17128-0603

# REALTY TRANSFER TAX STATEMENT OF VALUE

See Reverse for Instructions

| RECORDER'S USE ONLY | |
|---|---|
| State Tax Paid | 260.60 |
| Book Number | 2328 |
| Page Number | 8985 |
| Date Recorded | 7-14-15 |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. A Statement of Value is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. If more space is needed, attach additional sheets.

## A. CORRESPONDENT – All inquiries may be directed to the following person:

Name: YORK COUNTY TAX CLAIM BUREAU
Telephone Number: (717) 771-9205

| Street Address | City | State | ZIP Code |
|---|---|---|---|
| 28 E MARKET ST ROOM 110 | YORK | PA | 17401 |

## B. TRANSFER DATA

Date of Acceptance of Document

Grantor(s)/Lessor(s): YORK COUNTY TAX CLAIM BUREAU
Street Address: 28 E MARKET ST ROOM 110
City: YORK State: PA ZIP Code: 17401

Grantee(s)/Lessee(s): JUAN RIVERA
Street Address: 688 WALLACE ST
City: YORK State: PA ZIP Code: 17403

## C. REAL ESTATE LOCATION

Street Address: 444 E WALLACE ST
City, Township, Borough: YORK CITY
County: YORK
School District: YORK CITY SCHOOL
Tax Parcel Number: 7-133-3-16

## D. VALUATION DATA

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| $1,295.35 | + ----------- | = $1,295.35 |
| **4. County Assessed Value** | **5. Common Level Ratio Factor** | **6. Fair Market Value** |
| $22,860 | x 1.14% | = $26,060 |

## E. EXEMPTION DATA

| 1a. Amount of Exemption Claimed | 1b. Percentage of Grantor's Interest in Real Estate | 1c. Percentage of Grantor's Interest Conveyed |
|---|---|---|
| 0% | | 100% |

**2. Check Appropriate Box Below for Exemption Claimed**

- ☐ Will or intestate succession. ______ (Name of Decedent) ______ (Estate File Number)
- ☐ Transfer to Industrial Development Agency.
- ☐ Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)
- ☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)
- ☐ Transfers to the Commonwealth, the United States and Instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)
- ☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of Mortgage and note/Assignment.)
- ☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)
- ☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)
- ☑ Other (Please explain exemption claimed, if other than listed above.)

JUDICIAL SALE

**Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.**

Signature of Correspondent or Responsible Party: [signature]
Date: 6-15-15

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**




*YORK COUNTY RECORDER OF DEEDS*
*28 EAST MARKET STREET*
*YORK, PA 17401*

*Randi L. Reisinger - Recorder*
*Bradley G. Daugherty - Deputy*

Instrument Number - 2015030786
Recorded On 7/14/2015 At 2:36:19 PM
* Instrument Type - DEED
Invoice Number - 1146981
* Grantor - GEOTHERMAL TECHNOLOGIES CORP/TCB
* Grantee - RIVERA, JUAN
User - DMH
* Customer - TAX CLAIM BUREAU

Book - 2328 Starting Page - 8985
* Total Pages - 4

* Received By: COUNTER

* FEES

| | |
|---|---|
| STATE TRANSFER TAX | $260.60 |
| STATE WRIT TAX | $0.50 |
| JCS/ACCESS TO JUSTICE | $35.50 |
| RECORDING FEES | $15.00 |
| AFFORDABLE HOUSING | $11.50 |
| PIN NUMBER FEES | $10.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| YORK CITY SCHOOL REALTY TAX | $260.60 |
| TOTAL PAID | $598.70 |

PARCEL IDENTIFICATION NUMBER
071330300160000000
Total Parcels: 1

I Certify This Document To Be
Recorded In York County, Pa.




Recorder of Deeds

*THIS IS A CERTIFICATION PAGE*

## PLEASE DO NOT DETACH

*THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT*

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

Book: 2328 Page: 8988

Deed 4838

YORK COUNTY ASSESSMENT OFFICE 1157489

**CORRECTIVE DEED**

Made this 17 day of February, 2016, by the Tax Claim Bureau of York County, Pennsylvania, TRUSTEE GRANTOR, and

York Family Homes, LLC
688 Wallace Street
York, PA 17403

GRANTEE

WITNESSETH that in consideration of One Dollar ($1.00), the receipt of which is hereby acknowledged, the herein Trustee does hereby grant and convey unto the said Grantee: ALL that certain parcel of land lying and being situate in York City, York County, Pennsylvania, and being known on the York County Assessment Map as

7-133-3-16 444 E. Wallace Street

SOURCE OF TITLE: See deed of

Thanh C. Nguyen

To

Geothermal Technologies Corp R/TCB

bearing the date of November 15, 1999 and appearing of record in the Office of the Recorder of Deeds in and for the said County of York in Deed Book 1382, Page 8985.

The same having been sold by the Tax Claim Bureau to the said Grantee of the day of June 4, 2015, after due advertisement according to law, the period of redemption for the payment of tax claims having expired without the property having been redeemed, or any tax judgments heretofore having been entered against the described property having not been satisfied, or no agreement to stay the sale of the within described property having been entered into, or the within described real estate no longer remaining in possession of a sequestrator, by Order of Court for Judicial Sale entered in the Court of Common Pleas in and for the County of York under and by virtue of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, as amended.

**THIS IS A CORRECTIVE DEED, the purpose of which is to correct the previous deed from Tax Claim Bureau of York County, Pennsylvania to Juan Rivera, recorded in the**

**Office of the Recorder of Deeds in and for York County, Pennsylvania, in Book 2328, page 8985.**

**THE INTENT OF THIS DEED IS TO CORRECT THE GRANTEE CLAUSE WHICH WAS ERRONEOUS IN THE PRIOR DEED AS: JUAN RIVERA**

To have and to hold the same to and for the use of the said Grantee, York Family Homes, LLC, and assigns forever.

IN WITNESS WHEREOF, the said Tax Claim Bureau, as Trustee Grantor, has hereunto caused this Deed to be executed by its Director the day and year first above written.

Signed, Sealed and Delivered
In the Presence of:

TAX CLAIM BUREAU OF YORK
COUNTY, PENNSYLVANIA,
TRUSTEE GRANTOR

Rachael P. Perring, Director
Tax Claim Bureau

COMMONWEALTH OF PENNSYLVANIA :
: ss.
COUNTY OF YORK :

On this, the 17 day of February, 2016, before me, the Notary Public, the undersigned officer, personally appeared Rachael P. Perring, Director of the Tax Claim Bureau of the County of York, Commonwealth of Pennsylvania, known to me to be the person described in the foregoing instrument and acknowledge that she executed the same in the capacity therein stated and for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

Notary Public
My Commission expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DONNA M. STONESIFER, Notary Public
York City, York County
My Commission Expires December 8, 2019

CERTIFICATE OF RESIDENCE

I hereby certify that the precise residence of the Grantee herein is as follows:

York Family Homes, LLC
688 Wallace Street
York, PA 17403

GRANTEE

REV-183 EX (10-14)

pennsylvania
DEPARTMENT OF REVENUE
**Bureau of Individual Taxes**
PO BOX 280603
Harrisburg, PA 17128-0603

# REALTY TRANSFER TAX STATEMENT OF VALUE

See reverse for instructions.

| RECORDER'S USE ONLY | |
|---|---|
| State Tax Paid | -0- |
| Book Number | 2355 |
| Page Number | 8017 |
| Date Recorded | 2-4-2016 |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. If more space is needed, please attach additional sheets. A Statement of Value (SOV) is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. However, it is recommended that a SOV accompany all documents filed for recording.

## A. CORRESPONDENT – All inquiries may be directed to the following person:

| Name | | | Telephone Number: |
|---|---|---|---|
| John J. Baranski, Jr., Esquire | | | (717) 845-3674 |
| **Mailing Address** | **City** | **State** | **ZIP Code** |
| 17 East Market Street | York | PA | 17401 |

## B. TRANSFER DATA

Date of Acceptance of Document 01 / / 2016

| Grantor(s)/Lessor(s) | Telephone Number: | Grantee(s)/Lessee(s) | Telephone Number: |
|---|---|---|---|
| York County Tax Claim Bureau | | York Family Homes, LLC | |

| Mailing Address | | | Mailing Address | | |
|---|---|---|---|---|---|
| 28 E. Market St., Room 110 | | | 688 Wallace Street | | |
| **City** | **State** | **ZIP Code** | **City** | **State** | **ZIP Code** |
| York | PA | 17401 | York | PA | 17403 |

## C. REAL ESTATE LOCATION

| Street Address | | City, Township, Borough |
|---|---|---|
| 444 E. Wallace St. | | York City |
| **County** | **School District** | **Tax Parcel Number** |
| York | York City School | 7-133-3-16 |

## D. VALUATION DATA

Was transaction part of an assignment or relocation? ☐ Y ☒ N

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| 1.00 | + 0.00 | = 1.00 |
| **4. County Assessed Value** | **5. Common Level Ratio Factor** | **6. Fair Market Value** |
| 22,860.00 | x 1.12 | = 25,603.00 |

## E. EXEMPTION DATA - Refer to instructions for exemption status.

| 1a. Amount of Exemption Claimed | 1b. Percentage of Grantor's Interest in Real Estate | 1c. Percentage of Grantor's Interest Conveyed |
|---|---|---|
| $ 25,603.00 | 100.00 % | 100.00 % |

**2. Check Appropriate Box Below for Exemption Claimed.**

- ☐ Will or intestate succession. ______ (Name of Decedent) (Estate File Number)
- ☐ Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)
- ☐ Transfer from a trust. Date of transfer into the trust ______
  If trust was amended attach a copy of original and amended trust.
- ☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)
- ☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)
- ☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)
- ☒ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)
- ☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)
- ☐ Other (Please explain exemption claimed.) ______

**Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.**

| Signature of Correspondent or Responsible Party | Date |
|---|---|
| [signature] | 2/4/16 |

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**

# EXHIBIT H

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 45 of 116

# FOR TAX YEAR 2019

YORK FAMILY HOMES LLC

GRACE & ASSOCIATES, LLC

140 ROOSEVELT AVENUE SUITE 200

York, PA 17401

(717)845-3134

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 46 of 116

Form **1065**
Department of the Treasury
Internal Revenue Service

# U.S. Return of Partnership Income

For calendar year 2019, or tax year beginning ______, 2019, ending ______, 20 ___.
▶ Go to *www.irs.gov/Form1065* for instructions and the latest information.

OMB No. 1545-0123
**2019**

A Principal business activity: REAL ESTATE
B Principal product or service: LESSORS OF RE
C Business code number: 531110

Type or Print
Name of partnership: YORK FAMILY HOMES LLC
Number, street, and room or suite no. If a P.O. box, see instructions.: 688 WALLACE STREET
City or town, state or province, country, and ZIP or foreign postal code: YORK, PA 17403

D Employer identification num.: 47-4021518
E Date business started: 06-01-2015
F Total assets (see instructions): $

G Check applicable boxes: (1) ☐ Initial return (2) ☐ Final return (3) ☐ Name change (4) ☐ Address change (5) ☐ Amended return
H Check accounting method: (1) ☒ Cash (2) ☐ Accrual (3) ☐ Other (specify) ▶
I Number of Schedules K-1. Attach one for each person who was a partner at any time during the tax year. ▶ 3
J Check if Schedules C and M-3 are attached ▶ ☐
K Check if partnership: (1) ☐ Aggregated activities for section 465 at-risk purposes (2) ☐ Grouped activities for section 469 passive activity purposes

**Caution:** Include only trade or business income and expenses on lines 1a through 22 below. See the instructions for more information.

| Section | Line | Description | | Amount |
|---|---|---|---|---|
| Income | 1a | Gross receipts or sales | 1a | |
| | b | Returns and allowances | 1b | |
| | c | Balance. Subtract line 1b from line 1a | 1c | |
| | 2 | Cost of goods sold (attach Form 1125-A) | 2 | |
| | 3 | Gross profit. Subtract line 2 from line 1c | 3 | |
| | 4 | Ordinary income (loss) from other partnerships, estates, and trusts (attach statement) | 4 | |
| | 5 | Net farm profit (loss) (attach Schedule F (Form 1040 or 1040-SR)) | 5 | |
| | 6 | Net gain (loss) from Form 4797, Part II, line 17 (attach Form 4797) | 6 | |
| | 7 | Other income (loss) (attach statement) | 7 | |
| | 8 | **Total income (loss).** Combine lines 3 through 7 | 8 | |
| Deductions (see the instructions for limitations) | 9 | Salaries and wages (other than to partners) (less employment credits) | 9 | |
| | 10 | Guaranteed payments to partners | 10 | |
| | 11 | Repairs and maintenance | 11 | |
| | 12 | Bad debts | 12 | |
| | 13 | Rent | 13 | |
| | 14 | Taxes and licenses | 14 | |
| | 15 | Interest (see instructions) | 15 | |
| | 16a | Depreciation (if required, attach Form 4562) | 16a | |
| | b | Less depreciation reported on Form 1125-A and elsewhere on return | 16b / 16c | |
| | 17 | Depletion (**Do not deduct oil and gas depletion.**) | 17 | |
| | 18 | Retirement plans, etc. | 18 | |
| | 19 | Employee benefit programs | 19 | |
| | 20 | Other deductions (attach statement) | 20 | |
| | 21 | **Total deductions.** Add the amounts shown in the far right column for lines 9 through 20 | 21 | |
| | 22 | **Ordinary business income (loss).** Subtract line 21 from line 8 | 22 | |
| Tax and Payment | 23 | Interest due under the look-back method - completed long-term contracts (attach Form 8697) | 23 | |
| | 24 | Interest due under the look-back method - income forecast method (attach Form 8866) | 24 | |
| | 25 | BBA AAR imputed underpayment (see instructions) | 25 | |
| | 26 | Other taxes (see instructions) | 26 | |
| | 27 | **Total balance due.** Add lines 23 through 26 | 27 | |
| | 28 | Payment (see instructions) | 28 | |
| | 29 | **Amount owed.** If line 28 is smaller than line 27, enter amount owed | 29 | |
| | 30 | **Overpayment.** If line 28 larger than line 27, enter overpayment | 30 | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than partner or limited liability company member) is based on all information of preparer has any knowledge.

▶ YVONNE HUETAS ▶ Date
Signature of partner or limited liability company member

May the IRS discuss this return with the preparer shown below? See instructions. ☒ Yes ☐ No

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| GRACE T QUARTEY, CPA, MBA | | | | P00389107 |

Firm's name ▶ GRACE & ASSOCIATES, LLC — Firm's EIN ▶ 26-4456577
Firm's address ▶ 140 ROOSEVELT AVENUE SUITE 200, York, PA 17401 — Phone no. (717)845-3134

**For Paperwork Reduction Act Notice, see separate instructions.**
EEA

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 47 of 116



## Other Information

| | | Yes | No |
|---|---|---|---|
| 1 | What type of entity is filing this return? Check the applicable box:<br>a ☐ Domestic general partnership b ☐ Domestic limited partnership<br>c ☒ Domestic limited liability company d ☐ Domestic limited liability partnership<br>e ☐ Foreign partnership f ☐ Other ▶ | | |
| 2 | At the end of the tax year: | | |
| a | Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization, or any foreign government own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If "Yes," attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership | | X |
| b | Did any individual or estate own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If "Yes," attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership SEE 1065B1 | X | |
| 3 | At the end of the tax year, did the partnership: | | |
| a | Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (iv) below | | X |

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| | | Yes | No |
|---|---|---|---|
| b | Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below | | X |

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | | Yes | No |
|---|---|---|---|
| 4 | Does the partnership satisfy all four of the following conditions? | | |
| a | The partnership's total receipts for the tax year were less than $250,000. | | |
| b | The partnership's total assets at the end of the tax year were less than $1 million. | | |
| c | Schedules K-1 are filed with the return and furnished to the partners on or before the due date (including extensions) for the partnership return. | | |
| d | The partnership is not filing and is not required to file Schedule M-3<br>If "Yes," the partnership is not required to complete Schedules L, M-1, and M-2; item F on page 1 of Form 1065; or item L on Schedule K-1. | X | |
| 5 | Is this partnership a publicly traded partnership, as defined in section 469(k)(2)? | X | |
| 6 | During the tax year, did the partnership have any debt that was canceled, was forgiven, or had the terms modified so as to reduce the principal amount of the debt? | | |
| 7 | Has this partnership filed, or is it required to file, Form 8918, Material Advisor Disclosure Statement, to provide information on any reportable transaction? | | X |
| 8 | At any time during calendar year 2019, did the partnership have an interest in or a signature or other authority over a financial account in a foreign country (such as a bank account, securities account, or other financial account)? See instructions for exceptions and filing requirements for FinCEN Form 114, Report of Foreign Bank and Financial Accounts (FBAR). If "Yes," enter the name of the foreign country ▶ | | X |
| 9 | At any time during the tax year, did the partnership receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," the partnership may have to file Form 3520, Annual Return To Report Transactions With Foreign Trusts and Receipt or Certain Foreign Gifts. See instructions | | X |
| 10a | Is the partnership making, or had it previously made (and not revoked), a section 754 election? See instructions for details regarding a section 754 election. | | X |
| b | Did the partnership make for this tax year an optional basis adjustment under section 743(b) or 734(b)? If "Yes," attach a statement showing the computation and allocation of the basis adjustment. See instructions | | X |

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 48 of 116



**Other Information** *(continued)*

| | | Yes | No |
|---|---|---|---|
| c | Is the partnership required to adjust the basis of partnership assets under section 743(b) or 734(b) because of a substantial built-in loss (as defined under section 743(d)) or substantial basis reduction (as defined under section 734(d))? If "Yes," attach a statement showing the computation and allocation of the basis adjustment. See instructions | | X |
| 11 | Check this box if, during the current or prior tax year, the partnership distributed any property received in a like-kind exchange or contributed such property to another entity (other than disregarded entities wholly owned by the partnership throughout the tax year) ▶ ☐ | | |
| 12 | At any time during the tax year, did the partnership distribute to any partner a tenancy-in-common or other undivided interest in partnership property? | | X |
| 13 | If the partnership is required to file Form 8858, Information Return of U.S. Persons With Respect To Foreign Disregarded Entities, (FDEs) and Foreign Branches (FBs), enter the number of Forms 8858 attached. See instructions ▶ | | |
| 14 | Does the partnership have any foreign partners? If "Yes," enter the number of Forms 8805, Foreign Partner's Information Statement of Section 1446 Withholding Tax, filed for this partnership ▶ | | X |
| 15 | Enter the number of Forms 8865, Return of U.S. Persons With Respect to Certain Foreign Partnerships, attached to this return ▶ 0 | | |
| 16a | Did you make any payments in 2019 that would require you to file Form(s) 1099? See instructions | | X |
| b | If "Yes," did you or will you file required Form(s) 1099? | | |
| 17 | Enter the number of Form(s) 5471, Information Return of U.S. Persons With Respect To Certain Foreign Corporations, attached to this return ▶ | | |
| 18 | Enter the number of partners that are foreign governments under section 892 ▶ | | |
| 19 | During the partnership's tax year, did the partnership make any payments that would require it to file Form 1042 and 1042-S under chapter 3 (sections 1441 through 1464) or chapter 4 (sections 1471 through 1474)? | | X |
| 20 | Was the partnership a specified domestic entity required to file Form 8938 for the tax year? See the Instructions to Form 8938 | | X |
| 21 | Is the partnership a section 721(c) partnership, as defined in Regulations section 1.721(c)-1T(b)(14)? | | X |
| 22 | During the tax year, did the partnership pay or accrue any interest or royalty for which the deduction is not allowed under section 267A? See instructions<br>If "Yes," enter the total amount of the disallowed deductions ▶ $ | | X |
| 23 | Did the partnership have an election under section 163(j) for any real property trade or business or any farming business in effect during the tax year? See instructions | | X |
| 24 | Does the partnership satisfy one or more of the following? See instructions | | |
| a | The partnership owns a pass-through entity with current, or prior year carryover, excess business interest expense. | | X |
| b | The partnership's aggregate average annual gross receipts (determined under section 448(c)) for the 3 tax years preceding the current tax year are more than $26 million and the partnership has business interest. | | |
| c | The partnership is a tax shelter (see instructions) and the partnership has business interest expense.<br>If "Yes" to any, complete and attach Form 8990. | | |
| 25 | Is this partnership electing out of the centralized partnership audit regime under section 6221(b)? See instructions<br>If "Yes," the partnership must complete Schedule B-2 (Form 1065). Enter the total from Schedule B-2, Part III, line 3 ▶<br>If "No," complete Designation of Partnership Representative below. | | X |

**Designation of Partnership Representative (see instructions)**

Enter below the information for the partnership representative (PR) for the tax year covered by this return.

Name of PR YVONNE HUERTAS

| | | | |
|---|---|---|---|
| U.S. address of PR | 688 WALLACE ST<br>YORK PA 17403 | U.S. phone number of PR | (717) 678-5699 |

If the PR is an entity, name of the designated individual for the PR ▶

| | | | |
|---|---|---|---|
| U.S. address of designated individual | | U.S. phone number of designated individual | |

| | | Yes | No |
|---|---|---|---|
| 26 | Is the partnership attaching Form 8996 to certify as a Qualified Opportunity Fund?<br>If "Yes," enter the amount from Form 8996, line 14 ▶ $ | | X |
| 27 | Enter the number of foreign partners subject to section 864(c)(8) as a result of transferring all or a portion of an interest in the partnership or of receiving a distribution from the partnership ▶ | | |
| 28 | At any time during the tax year, were there any transfers between the partnership and its partners subject to the disclosure requirements of Regulations section 1.707-8? | | X |

Form 1065 (2019) YORK FAMILY HOMES LLC 47-4021518 Page 4

## Partners' Distributive Share Items

| Section | Line | Item | Box | Total amount |
|---|---|---|---|---|
| Income (Loss) | 1 | Ordinary business income (loss) (page 1, line 22) | 1 | 0 |
| | 2 | Net rental real estate income (loss) (attach Form 8825) | 2 | (4,483) |
| | 3 a | Other gross rental income (loss) — 3a | | |
| | b | Expenses from other rental activities (attach statement) — 3b | | |
| | c | Other net rental income (loss). Subtract line 3b from line 3a | 3c | |
| | 4 | Guaranteed payments: a Services 4a — b Capital 4b | | |
| | | c Total. Add lines 4a and 4b | 4c | |
| | 5 | Interest income | 5 | |
| | 6 | Dividends and dividend equivalents: a Ordinary dividends | 6a | |
| | | b Qualified dividends 6b — c Dividend equivalents 6c | | |
| | 7 | Royalties | 7 | |
| | 8 | Net short-term capital gain (loss) (attach Schedule D (Form 1065)) | 8 | |
| | 9 a | Net long-term capital gain (loss) (attach Schedule D (Form 1065)) | 9a | |
| | b | Collectibles (28%) gain (loss) — 9b | | |
| | c | Unrecaptured section 1250 gain (attach statement) — 9c | | |
| | 10 | Net section 1231 gain (loss) (attach Form 4797) | 10 | |
| | 11 | Other income (loss) (see instructions) Type ▶ | 11 | |
| Deductions | 12 | Section 179 deduction (attach Form 4562) | 12 | |
| | 13 a | Contributions | 13a | |
| | b | Investment interest expense | 13b | |
| | c | Section 59(e)(2) expenditures: (1) Type ▶ (2) Amount ▶ | 13c(2) | |
| | d | Other deductions (see instructions) Type ▶ | 13d | |
| Self-Employment | 14 a | Net earnings (loss) from self-employment | 14a | |
| | b | Gross farming or fishing income | 14b | |
| | c | Gross nonfarm income | 14c | |
| Credits | 15 a | Low-income housing credit (section 42(j)(5)) | 15a | |
| | b | Low-income housing credit (other) | 15b | |
| | c | Qualified rehabilitation expenditures (rental real estate) (attach Form 3468, if applicable) | 15c | |
| | d | Other rental real estate credits (see instructions) Type ▶ | 15d | |
| | e | Other rental credits (see instructions) Type ▶ | 15e | |
| | f | Other credits (see instructions) Type ▶ | 15f | |
| Foreign Transactions | 16 a | Name of country or U.S. possession ▶ | | |
| | b | Gross income from all sources | 16b | |
| | c | Gross income sourced at partner level | 16c | |
| | | Foreign gross income sourced at partnership level | | |
| | d | Reserved for future use ▶ — e Foreign branch category ▶ | 16e | |
| | f | Passive category ▶ — g General category ▶ — h Other (attach statement) ▶ | 16h | |
| | | Deductions allocated and apportioned at partner level | | |
| | i | Interest expense ▶ — j Other ▶ | 16j | |
| | | Deductions allocated and apportioned at partnership level to foreign source income | | |
| | k | Reserved for future use ▶ — l Foreign branch category ▶ | 16l | |
| | m | Passive category ▶ — n General category ▶ — o Other (attach statement) ▶ | 16o | |
| | p | Total foreign taxes (check one): ▶ Paid ☐ Accrued ☐ | 16p | |
| | q | Reduction in taxes available for credit (attach statement) | 16q | |
| | r | Other foreign tax information (attach statement) | | |
| Alternative Minimum Tax (AMT) Items | 17 a | Post-1986 depreciation adjustment | 17a | |
| | b | Adjusted gain or loss | 17b | |
| | c | Depletion (other than oil and gas) | 17c | |
| | d | Oil, gas, and geothermal properties - gross income | 17d | |
| | e | Oil, gas, and geothermal properties - deductions | 17e | |
| | f | Other AMT items (attach statement) | 17f | |
| Other Information | 18 a | Tax-exempt interest income | 18a | |
| | b | Other tax-exempt income | 18b | |
| | c | Nondeductible expenses | 18c | |
| | 19 a | Distributions of cash and marketable securities | 19a | |
| | b | Distributions of other property | 19b | |
| | 20 a | Investment income | 20a | |
| | b | Investment expenses | 20b | |
| | c | Other items and amounts (attach statement) | | |

## Analysis of Net Income (Loss)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1 | Net income (loss). Combine Schedule K, lines 1 through 11. From the result, subtract the sum of Schedule K, lines 12 through 13d, and 16p | | | | | 1 | (4,483) |
| 2 | Analysis by partner type: | (i) Corporate | (ii) Individual (active) | (iii) Individual (passive) | (iv) Partnership | (v) Exempt Organization | (vi) Nominee/Other |
| a | General partners | | | | | | |
| b | Limited partners | | (4,483) | | | | |

## Balance Sheets per Books

| Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|
| 1 Cash | | | | |
| 2a Trade notes and accounts receivable | | | | |
| b Less allowance for bad debts | | | | |
| 3 Inventories | | | | |
| 4 U.S. government obligations | | | | |
| 5 Tax-exempt securities | | | | |
| 6 Other current assets (attach statement) | | | | |
| 7a Loans to partners (or persons related to partners) | | | | |
| b Mortgage and real estate loans | | | | |
| 8 Other investments (attach statement) | | | | |
| 9a Buildings and other depreciable assets | | | | |
| b Less accumulated depreciation | | | | |
| 10a Depletable assets | | | | |
| b Less accumulated depletion | | | | |
| 11 Land (net of any amortization) | | | | |
| 12a Intangible assets (amortizable only) | | | | |
| b Less accumulated amortization | | | | |
| 13 Other assets (attach statement) | | | | |
| 14 Total assets | | | | |
| **Liabilities and Capital** | | | | |
| 15 Accounts payable | | | | |
| 16 Mortgages, notes, bonds payable in less than 1 year | | | | |
| 17 Other current liabilities (attach statement) | | | | |
| 18 All nonrecourse loans | | | | |
| 19a Loans from partners (or persons related to partners) | | | | |
| b Mortgages, notes, bonds payable in 1 year or more | | | | |
| 20 Other liabilities (attach statement) | | | | |
| 21 Partners' capital accounts | | | | |
| 22 Total liabilities and capital | | | | |

## Reconciliation of Income (Loss) per Books With Income (Loss) per Return

**Note:** The partnership may be required to file Schedule M-3. See instructions.

| | | | |
|---|---|---|---|
| 1 Net income (loss) per books | | 6 Income recorded on books this year not included on Schedule K, lines 1 through 11 (itemize): | |
| 2 Income included on Schedule K, lines 1, 2, 3c, 5, 6a, 7, 8, 9a, 10, and 11, not recorded on books this year (itemize): | | a Tax-exempt interest $ | |
| 3 Guaranteed payments (other than health insurance) | | 7 Deductions included on Schedule K, lines 1 through 13d, and 16p, not charged against book income this year (itemize): | |
| 4 Expenses recorded on books this year not included on Schedule K, lines 1 through 13d, and 16p (itemize): | | a Depreciation $ | |
| a Depreciation $ | | | |
| b Travel and entertainment $ | | 8 Add lines 6 and 7 | |
| | | 9 Income (loss) (Analysis of Net Income (Loss), line 1). Subtract line 8 from line 5 | |
| 5 Add lines 1 through 4 | | | |

## Analysis of Partners' Capital Accounts

| | | | |
|---|---|---|---|
| 1 Balance at beginning of year | | 6 Distributions: a Cash | |
| 2 Capital contributed: a Cash | | b Property | |
| b Property | | 7 Other decreases (itemize): | |
| 3 Net income (loss) per books | | | |
| 4 Other increases (itemize): | | | |
| | | 8 Add lines 6 and 7 | |
| 5 Add lines 1 through 4 | | 9 Balance at end of year. Subtract line 8 from line 5 | |

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 51 of 116

Form **8825** (Rev. November 2018) Department of the Treasury Internal Revenue Service

# Rental Real Estate Income and Expenses of a Partnership or an S Corporation

▶ Attach to Form 1065 or Form 1120S.

▶ Go to *www.irs.gov/Form8825* for the latest information.

OMB No. 1545-0123

Name: YORK FAMILY HOMES LLC

Employer identification number: 47-4021518

**1** Show the type and address of each property. For each rental real estate property listed, report the number of days rented at fair rental value and days with personal use. See instructions. See page 2 to list additional properties.

| | Physical address of each property - street, city, state, ZIP code | Type - Enter code 1-8; see page 2 for list | Fair Rental Days | Personal Use Days |
|---|---|---|---|---|
| A | 548 W PHILADELPHIA ST<br>YORK, PA 17404 | 1<br>SINGLE FAMILY | 365 | |
| B | 444 WALLACE ST<br>YORK, PA 17403 | 1<br>SINGLE FAMILY | 365 | 265 |
| C | 919 E PROSPECT ST<br>YORK, PA 17403 | 1<br>SINGLE FAMILY | 365 | |
| D | | | | |

| | | Line | Properties A | B | C | D |
|---|---|---|---|---|---|---|
| | **Rental Real Estate Income** | | | | | |
| 2 | Gross rents | 2 | 8,400 | 4,000 | 8,400 | |
| | **Rental Real Estate Expenses** | | | | | |
| 3 | Advertising | 3 | | | | |
| 4 | Auto and travel | 4 | | | | |
| 5 | Cleaning and maintenance | 5 | | | | |
| 6 | Commissions | 6 | | | | |
| 7 | Insurance | 7 | 448 | 458 | 457 | |
| 8 | Legal and other professional fees | 8 | | | 600 | |
| 9 | Interest (see instructions) | 9 | | | | |
| 10 | Repairs | 10 | 2,681 | 2,680 | 2,681 | |
| 11 | Taxes | 11 | 1,680 | 1,331 | 3,277 | |
| 12 | Utilities | 12 | 1,227 | 1,395 | 1,081 | |
| 13 | Wages and salaries | 13 | | | | |
| 14 | Depreciation (see instructions) | 14 | 839 | 727 | 727 | |
| 15 | Other (list) ▶ Statement #8A | 15 | 1,594 | | | |
| | Statement #8B | 15 | | 700 | | |
| | Statement #8C | 15 | | | 700 | |
| 16 | Total expenses for each property. Add lines 3 through 15 | 16 | 8,469 | 7,291 | 9,523 | |
| 17 | Income or (loss) from each property. Subtract line 16 from line 2 | 17 | (69) | (3,291) | (1,123) | |

| | | Line | Amount |
|---|---|---|---|
| 18a | Total gross rents. Add gross rents from line 2, columns A through H | 18a | 20,800 |
| b | Total expenses. Add total expenses from line 16, columns A through H | 18b | ( 25,283 ) |
| 19 | Net gain (loss) from Form 4797, Part II, line 17, from the disposition of property from rental real estate activities | 19 | |
| 20a | Net income (loss) from rental real estate activities from partnerships, estates, and trusts in which this partnership or S corporation is a partner or beneficiary (from Schedule K-1) | 20a | |
| b | Identify below the partnerships, estates, or trusts from which net income (loss) is shown on line 20a. Attach a schedule if more space is needed. | | |

(1) Name | (2) Employer identification number

**21** Net rental estate income (loss). Combine lines 18a through 20a. Enter the result here and on: 21 (4,483)

- **Form 1065 or 1120S: Schedule K, line 2**

**For Paperwork Reduction Act Notice, see instructions.** Form 8825 (Rev. 11-2018)

EEA

**SCHEDULE B-1**
**(Form 1065)**
(Rev. August 2019)
Department of the Treasury
Internal Revenue Service

# Information on Partners Owning 50% or More of the Partnership

▶ Attach to Form 1065
▶ Go to *www.irs.gov/Form1065* for the latest information.

OMB No. 1545-0123

| Name of partnership | Employer identification number (EIN) |
|---|---|
| YORK FAMILY HOMES LLC | 47-4021518 |

**Entities Owning 50% or More of the Partnership** (Form 1065, Schedule B, Question 2a (Question 3a for 2009 through 2017))

Complete columns (i) through (v) below for any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, tax-exempt organization, or any foreign government that owns, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership (see instructions).

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Org. | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Individuals or Estates Owning 50% or More of the Partnership** (Form 1065, Schedule B, Question 2b (Question 3b for 2009 through 2017))

Complete columns (i) through (iv) below for any individual or estate that owns, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership (see instructions).

| (i) Name of Individual or Estate | (ii) Identifying Number (if any) | (iii) Country of Citizenship (see instructions) | (iv) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|
| YVONNE HUERTAS | [redacted] | US | 50 |
| JUAN RIVERA | [redacted] | US | 50 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

651119

**Schedule K-1 (Form 1065)** Control: 1 **2019**

☐ Final K-1 ☐ Amended K-1 OMB No. 1545-0123

Department of the Treasury
Internal Revenue Service

For calendar year 2019, or tax year beginning ______, 2019 ending ______, 20 ___

# Partner's Share of Income, Deductions, Credits, etc.

▶ See page 2 of form and separate instructions.

A Partnership's employer identification number
47-4021518

B Partnership's name, address, city, state, and ZIP code
YORK FAMILY HOMES LLC

688 WALLACE STREET
YORK, PA 17403

C IRS Center where partnership filed return ▶ E-FILE

D ☒ Check if this is a publicly traded partnership (PTP)

E Partner's SSN or TIN (Do not use TIN of a disregarded entity. See instr.)
[redacted]

F Name, address, city, state, and ZIP code for partner entered in E. See instr.
JUAN RIVERA
688 WALLACE ST
YORK, PA 17403

G ☒ General partner or LLC member-manager ☐ Limited partner or other LLC member

H1 ☒ Domestic partner ☐ Foreign partner

H2 ☐ If the partner is a disregarded entity (DE), enter the partner's: TIN ______ Name ______

I1 What type of entity is this partner? INDIVIDUAL

I2 If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here ☐

J Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 33.3400000 % | 50.0000000 % |
| Loss | 33.3400000 % | 50.0000000 % |
| Capital | 33.3400000 % | 50.0000000 % |

Check if decrease is due to sale or exchange of partnership interest . . . ☐

K Partner's share of liabilities:

| | Beginning | Ending |
|---|---|---|
| Nonrecourse . . . . | $ | $ |
| Qualified nonrecourse financing . . . . . | $ | $ |
| Recourse . . . . . | $ | $ |

☐ Check this box if item K includes liability amounts from lower tier partnerships.

L **Partner's Capital Account Analysis**

Capital method: Tax Basis

| | |
|---|---|
| Beginning capital account . . . . . | $ |
| Capital contributed during the year . . . | $ |
| Current year net income (loss) . . . . | $ |
| Other increase (decrease) (attach explanation) | $ |
| Withdrawals & distributions . . . . . . | $ ( ) |
| Ending capital account . . . . . . . | $ |

M Did the partner contribute property with a built-in gain or loss?
☐ Yes ☒ No If "Yes," attach statement. See instructions.

N **Partner's Share of Net Unrecognized Section 704(c) Gain or (Loss)**

Beginning . . . . . . . . . . . . . $
Ending . . . . . . . . . . . . . . $

| | |
|---|---|
| 1 Ordinary business income (loss) | |
| 2 Net rental real estate income (loss) | (2,058) |
| 3 Other net rental income (loss) | |
| 4a Guaranteed payments for services | |
| 4b Guaranteed payments for capital | |
| 4c Total guaranteed payments | |
| 5 Interest income | |
| 6a Ordinary dividends | |
| 6b Qualified dividends | |
| 6c Dividend equivalents | |
| 7 Royalties | |
| 8 Net short-term capital gain (loss) | |
| 9a Net long-term capital gain (loss) | |
| 9b Collectibles (28%) gain (loss) | |
| 9c Unrecaptured section 1250 gain | |
| 10 Net section 1231 gain (loss) | |
| 11 Other income (loss) | |
| 12 Section 179 deduction | |
| 13 Other deductions | |
| 14 Self-employment earnings (loss) | |
| 15 Credits | |
| 16 Foreign transactions | |
| 17 Alternative minimum tax (AMT) items | |
| 18 Tax-exempt income and nondeductible expenses | |
| 19 Distributions | |
| 20 Other information | Z * STMT |

21 ☐ More than one activity for at-risk purposes*
22 ☐ More than one activity for passive activity purposes*

*See attached statement for additional information.

For IRS Use Only

8825

# K-1 Rental Real Estate Activity

Information provided to determine participation level in each rental property
(For shareholder's and partner's records only)

2019

Shareholder/Partner Name: JUAN RIVERA

Ownership percentage: 45.892054

EIN/SSN: [redacted]

| Description | Type | Line 17 Income/Loss | Line 19 4797 | Line 20a Pass-thru | Line 21 Net |
|---|---|---|---|---|---|
| 548 W PHILADELPHIA ST YORK, PA 17404 | 1 SINGLE FAMILY | (31) | | | [redacted] |
| 444 WALLACE ST YORK, PA 17403 | 1 SINGLE FAMILY | (1,511) | | | |
| 919 E PROSPECT ST YORK, PA 17403 | 1 SINGLE FAMILY | (516) | | | |
| Totals (Accumulated differences may occur as a result of rounding individual properties.) | | (2,058) | | | (2,058) |

K1_8825~.LD

# Changes in Ownership

**2019**

Partner's name: JUAN RIVERA

Partner's ID Number: [redacted]

Name of Partnership: YORK FAMILY HOMES LLC

Partnership's EIN: 47-4021518

**Change in Profit Ownership :**

| Date of Change | % Held Prior to Change | Change in % on Date | Total % Held | Number of Days Held Prior to Change | Total Number of Days in the Tax Year | Ownership % for Period |
|---|---|---|---|---|---|---|
| 01-01-2019 | 033.3400000 | 000.0000000 | 100.00 | | 365 | 000.0000000 |
| 03-31-2019 | 033.3400000 | 016.6600000 | 100.00 | 90 | 365 | 008.2208219 |
| 12-31-2019 | 050.0000000 | 000.0000000 | 100.00 | 275 | 365 | 037.6712329 |

Total Profit ownership percentage for the tax year: 045.8920548

**Change in Loss Ownership :**

| Date of Change | % Held Prior to Change | Change in % on Date | Total % Held | Number of Days Held Prior to Change | Total Number of Days in the Tax Year | Ownership % for Period |
|---|---|---|---|---|---|---|
| 01-01-2019 | 033.3400000 | 000.0000000 | 100.00 | | 365 | 000.0000000 |
| 03-31-2019 | 033.3400000 | 016.6600000 | 100.00 | 90 | 365 | 008.2208219 |
| 12-31-2019 | 050.0000000 | 000.0000000 | 100.00 | 275 | 365 | 037.6712329 |

Total Loss ownership percentage for the tax year: 045.8920548

**Change in Capital Ownership :**

| Date of Change | % Held Prior to Change | Change in % on Date | Total % Held | Number of Days Held Prior to Change | Total Number of Days in the Tax Year | Ownership % for Period |
|---|---|---|---|---|---|---|
| 01-01-2019 | 033.3400000 | 000.0000000 | 100.00 | | 365 | 000.0000000 |
| 03-31-2019 | 033.3400000 | 016.6600000 | 100.00 | 90 | 365 | 008.2208219 |
| 12-31-2019 | 050.0000000 | 000.0000000 | 100.00 | 275 | 365 | 037.6712329 |

Total Capital ownership percentage for the tax year: 045.8920548

Ownership % for period = (Change in % on Date / Total % Held) X (No. of Days Held Prior to Change / Total No. of Days in the Tax Year)

K1_OWN.LD

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 56 of 116

# STATEMENT A - QBI Pass-through Entity Reporting

Information Reported in Accordance with Section 199A-6
Schedule K-1, Line 20, Code Z

**2019**

Name(s) as shown on return: YORK FAMILY HOMES LLC
Tax ID Number: 47-4021518

Name(s) as shown on K1: JUAN RIVERA
Tax ID Number: [redacted]

| Line No. | Description of Trade or Business | Taxpayer Identification Number | PTP | Aggregated | SSTB |
|---|---|---|---|---|---|
| 1 | 548 W PHILADELPHIA ST YORK PA 17404 | 47-4021518 | X | | No |
| 2 | 444 WALLACE ST YORK PA 17403 | 47-4021518 | X | | No |
| 3 | 919 E PROSPECT ST YORK PA 17403 | 47-4021518 | X | | No |
| | | | | | |
| | | | | | |
| | | | | | |

| LINE NUMBER | NO. 1 | NO. 2 | NO. 3 | NO. ___ | NO. ___ | NO. ___ |
|---|---|---|---|---|---|---|
| Ordinary Business Income (Loss) | | | | | | |
| Rental Income (Loss) | (31) | (1,511) | (516) | | | |
| Royalty Income (Loss) | | | | | | |
| Section 1231 Gain (Loss) | | | | | | |
| Other Income (Loss) | | | | | | |
| Section 179 | | | | | | |
| Charitable Contributions | | | | | | |
| Other Deductions | | | | | | |
| W-2 Wages | | | | | | |
| Unadjusted Basis Immediately After Acquisition | | | | | | |
| Section 199A Dividends | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

651119

**Schedule K-1 (Form 1065)** 2019 Control: 2

Department of the Treasury
Internal Revenue Service

For calendar year 2019, or tax year beginning ________, 2019 ending ________, 20 ____

☐ Final K-1 ☐ Amended K-1 OMB No. 1545-0123

## Partner's Share of Income, Deductions, Credits, etc.

▶ See page 2 of form and separate instructions.

**Part I Information About the Partnership**

A Partnership's employer identification number
47-4021518

B Partnership's name, address, city, state, and ZIP code
YORK FAMILY HOMES LLC

688 WALLACE STREET
YORK, PA 17403

C IRS Center where partnership filed return ▶ E-FILE

D ☒ Check if this is a publicly traded partnership (PTP)

**Part II Information About the Partner**

E Partner's SSN or TIN (Do not use TIN of a disregarded entity. See instr.)
[redacted]

F Name, address, city, state, and ZIP code for partner entered in E. See instr.
YVONNE HUERTAS
688 WALLACE ST
YORK, PA 17403

G ☒ General partner or LLC member-manager ☐ Limited partner or other LLC member

H1 ☒ Domestic partner ☐ Foreign partner

H2 ☐ If the partner is a disregarded entity (DE), enter the partner's: TIN ________ Name ________

I1 What type of entity is this partner? INDIVIDUAL

I2 If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here ☐

J Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 33.3300000 % | 50.0000000 % |
| Loss | 33.3300000 % | 50.0000000 % |
| Capital | 33.3300000 % | 50.0000000 % |

Check if decrease is due to sale or exchange of partnership interest ☐

K Partner's share of liabilities:

| | Beginning | Ending |
|---|---|---|
| Nonrecourse | $ | $ |
| Qualified nonrecourse financing | $ | $ |
| Recourse | $ | $ |

☐ Check this box if item K includes liability amounts from lower tier partnerships.

L **Partner's Capital Account Analysis**

Capital method: Tax Basis

| | |
|---|---|
| Beginning capital account | $ |
| Capital contributed during the year | $ |
| Current year net income (loss) | $ |
| Other increase (decrease) (attach explanation) | $ |
| Withdrawals & distributions | $ ( ) |
| Ending capital account | $ |

M Did the partner contribute property with a built-in gain or loss?
☐ Yes ☒ No If "Yes," attach statement. See instructions.

N **Partner's Share of Net Unrecognized Section 704(c) Gain or (Loss)**

Beginning $
Ending $

**Part III Partner's Share of Current Year Income, Deductions, Credits, and Other Items**

1 Ordinary business income (loss)

2 Net rental real estate income (loss)
(2,057)

3 Other net rental income (loss)

4a Guaranteed payments for services

4b Guaranteed payments for capital

4c Total guaranteed payments

5 Interest income

6a Ordinary dividends

6b Qualified dividends

6c Dividend equivalents

7 Royalties

8 Net short-term capital gain (loss)

9a Net long-term capital gain (loss)

9b Collectibles (28%) gain (loss)

9c Unrecaptured section 1250 gain

10 Net section 1231 gain (loss)

11 Other income (loss)

12 Section 179 deduction

13 Other deductions

14 Self-employment earnings (loss)

15 Credits

16 Foreign transactions

17 Alternative minimum tax (AMT) items

18 Tax-exempt income and nondeductible expenses

19 Distributions

20 Other information

Z * STMT

21 ☐ More than one activity for at-risk purposes*

22 ☐ More than one activity for passive activity purposes*

*See attached statement for additional information.

For IRS Use Only

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 58 of 116

8825

# K-1 Rental Real Estate Activity

Information provided to determine participation level in each rental property
(For shareholder's and partner's records only)

2019

Shareholder/Partner Name: YVONNE HUERTAS

Ownership percentage: 45.889589

EIN/SSN: [redacted]

| Description | Type | Line 17 Income/Loss | Line 19 4797 | Line 20a Pass-thru | Line 21 Net |
|---|---|---|---|---|---|
| 548 W PHILADELPHIA ST YORK, PA 17404 | 1 SINGLE FAMILY | (32) | | | [redacted] |
| 444 WALLACE ST YORK, PA 17403 | 1 SINGLE FAMILY | (1,510) | | | [redacted] |
| 919 E PROSPECT ST YORK, PA 17403 | 1 SINGLE FAMILY | (515) | | | [redacted] |
| Totals (Accumulated differences may occur as a result of rounding individual properties.) | | (2,057) | | | (2,057) |

K1_8825-.LD

# Changes in Ownership

**2019**

Partner's name: YVONNE HUERTAS

Partner's ID Number: [redacted]

Name of Partnership: YORK FAMILY HOMES LLC

Partnership's EIN: 47-4021518

**Change in Profit Ownership :**

| Date of Change | % Held Prior to Change | Change in % on Date | Total % Held | Number of Days Held Prior to Change | Total Number of Days in the Tax Year | Ownership % for Period |
|---|---|---|---|---|---|---|
| 01-01-2019 | 033.3300000 | 000.0000000 | 100.00 | | 365 | 000.0000000 |
| 03-31-2019 | 033.3300000 | 016.6700000 | 100.00 | 90 | 365 | 008.2183562 |
| 12-31-2019 | 050.0000000 | 000.0000000 | 100.00 | 275 | 365 | 037.6712329 |

Total Profit ownership percentage for the tax year: 045.8895891

**Change in Loss Ownership :**

| Date of Change | % Held Prior to Change | Change in % on Date | Total % Held | Number of Days Held Prior to Change | Total Number of Days in the Tax Year | Ownership % for Period |
|---|---|---|---|---|---|---|
| 01-01-2019 | 033.3300000 | 000.0000000 | 100.00 | | 365 | 000.0000000 |
| 03-31-2019 | 033.3300000 | 016.6700000 | 100.00 | 90 | 365 | 008.2183562 |
| 12-31-2019 | 050.0000000 | 000.0000000 | 100.00 | 275 | 365 | 037.6712329 |

Total Loss ownership percentage for the tax year: 045.8895891

**Change in Capital Ownership :**

| Date of Change | % Held Prior to Change | Change in % on Date | Total % Held | Number of Days Held Prior to Change | Total Number of Days in the Tax Year | Ownership % for Period |
|---|---|---|---|---|---|---|
| 01-01-2019 | 033.3300000 | 000.0000000 | 100.00 | | 365 | 000.0000000 |
| 03-31-2019 | 033.3300000 | 016.6700000 | 100.00 | 90 | 365 | 008.2183562 |
| 12-31-2019 | 050.0000000 | 000.0000000 | 100.00 | 275 | 365 | 037.6712329 |

Total Capital ownership percentage for the tax year: 045.8895891

$$\text{Ownership \% for period} = \frac{\text{Change in \% on Date}}{\text{Total \% Held}} \times \frac{\text{No. of Days Held Prior to Change}}{\text{Total No. of Days in the Tax Year}}$$

K1_OWN.LD

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 60 of 116

# STATEMENT A - QBI Pass-through Entity Reporting

Information Reported in Accordance with Section 199A-6
Schedule K-1, Line 20, Code Z

**2019**

Name(s) as shown on return: YORK FAMILY HOMES LLC — Tax ID Number: 47-4021518

Name(s) as shown on K1: YVONNE HUERTAS — Tax ID Number: [redacted]

| Line No. | Description of Trade or Business | Taxpayer Identification Number | PTP | Aggregated | SSTB |
|---|---|---|---|---|---|
| 1 | 548 W PHILADELPHIA ST YORK PA 17404 | 47-4021518 | X | | No |
| 2 | 444 WALLACE ST YORK PA 17403 | 47-4021518 | X | | No |
| 3 | 919 E PROSPECT ST YORK PA 17403 | 47-4021518 | X | | No |
| | | | | | |
| | | | | | |
| | | | | | |

| LINE NUMBER | NO. 1 | NO. 2 | NO. 3 | NO. ___ | NO. ___ | NO. ___ |
|---|---|---|---|---|---|---|
| Ordinary Business Income (Loss) | | | | | | |
| Rental Income (Loss) | (32) | (1,510) | (515) | | | |
| Royalty Income (Loss) | | | | | | |
| Section 1231 Gain (Loss) | | | | | | |
| Other Income (Loss) | | | | | | |
| Section 179 | | | | | | |
| Charitable Contributions | | | | | | |
| Other Deductions | | | | | | |
| W-2 Wages | | | | | | |
| Unadjusted Basis Immediately After Acquisition | | | | | | |
| Section 199A Dividends | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

651119

**Schedule K-1 (Form 1065)** Control: 3

Department of the Treasury
Internal Revenue Service

**2019**

For calendar year 2019, or tax year beginning ____________, 2019 ending ____________, 20 ____

☒ Final K-1 ☐ Amended K-1 OMB No. 1545-0123

## Partner's Share of Income, Deductions, Credits, etc.

▶ See page 2 of form and separate instructions.

### Part I Information About the Partnership

**A** Partnership's employer identification number
47-4021518

**B** Partnership's name, address, city, state, and ZIP code
YORK FAMILY HOMES LLC

688 WALLACE STREET
YORK, PA 17403

**C** IRS Center where partnership filed return ▶ E-FILE

**D** ☒ Check if this is a publicly traded partnership (PTP)

### Part II Information About the Partner

**E** Partner's SSN or TIN (Do not use TIN of a disregarded entity. See instr.)
[redacted]

**F** Name, address, city, state, and ZIP code for partner entered in E. See instr.
LAWRENCE E AHEARN
107-20 12012 STREET
SOUTH RICHMOND HILL, NY 11419

**G** ☒ General partner or LLC member-manager ☐ Limited partner or other LLC member

**H1** ☒ Domestic partner ☐ Foreign partner

**H2** ☐ If the partner is a disregarded entity (DE), enter the partner's:
TIN ____________ Name ____________

**I1** What type of entity is this partner? INDIVIDUAL

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here ☐

**J** Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 33.3300000 % | 0.0000000 % |
| Loss | 33.3300000 % | 0.0000000 % |
| Capital | 33.3300000 % | 0.0000000 % |

Check if decrease is due to sale or exchange of partnership interest . . . ☐

**K** Partner's share of liabilities:

| | Beginning | Ending |
|---|---|---|
| Nonrecourse . . . . | $ | $ |
| Qualified nonrecourse financing . . . . . | $ | $ |
| Recourse . . . . . | $ | $ |

☐ Check this box if item K includes liability amounts from lower tier partnerships.

**L** Partner's Capital Account Analysis

Capital method: Tax Basis

| | |
|---|---|
| Beginning capital account . . . . . | $ |
| Capital contributed during the year . . . | $ |
| Current year net income (loss) . . . . | $ |
| Other increase (decrease) (attach explanation) | $ |
| Withdrawals & distributions . . . . . . | $ ( ) |
| Ending capital account . . . . . . . | $ |

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes ☒ No If "Yes," attach statement. See instructions.

**N** Partner's Share of Net Unrecognized Section 704(c) Gain or (Loss)
Beginning . . . . . . . . . . . . . . $
Ending . . . . . . . . . . . . . . $

### Part III Partner's Share of Current Year Income, Deductions, Credits, and Other Items

| | |
|---|---|
| 1 Ordinary business income (loss) | |
| 2 Net rental real estate income (loss) | (368) |
| 3 Other net rental income (loss) | |
| 4a Guaranteed payments for services | |
| 4b Guaranteed payments for capital | |
| 4c Total guaranteed payments | |
| 5 Interest income | |
| 6a Ordinary dividends | |
| 6b Qualified dividends | |
| 6c Dividend equivalents | |
| 7 Royalties | |
| 8 Net short-term capital gain (loss) | |
| 9a Net long-term capital gain (loss) | |
| 9b Collectibles (28%) gain (loss) | |
| 9c Unrecaptured section 1250 gain | |
| 10 Net section 1231 gain (loss) | |
| 11 Other income (loss) | |
| 12 Section 179 deduction | |
| 13 Other deductions | |
| 14 Self-employment earnings (loss) | |
| 15 Credits | |
| 16 Foreign transactions | |
| 17 Alternative minimum tax (AMT) items | |
| 18 Tax-exempt income and nondeductible expenses | |
| 19 Distributions | |
| 20 Other information | Z * STMT |

**21** ☐ More than one activity for at-risk purposes*

**22** ☐ More than one activity for passive activity purposes*

*See attached statement for additional information.

For IRS Use Only

Case 1:24-cv-00935-JPW Document 19-1 Filed 05/20/24 Page 62 of 116

8825

# K-1 Rental Real Estate Activity

2019

Information provided to determine participation level in each rental property
(For shareholder's and partner's records only)

| Shareholder/Partner Name | Ownership percentage | EIN/SSN |
|---|---|---|
| LAWRENCE E AHEARN | 8.2183562 | [redacted] |

| Description | Type | Line 17 Income/Loss | Line 19 4797 | Line 20a Pass-thru | Line 21 Net |
|---|---|---|---|---|---|
| 548 W PHILADELPHIA ST YORK, PA 17404 | 1 SINGLE FAMILY | (6) | | | [redacted] |
| 444 WALLACE ST YORK, PA 17403 | 1 SINGLE FAMILY | (270) | | | |
| 919 E PROSPECT ST YORK, PA 17403 | 1 SINGLE FAMILY | (92) | | | |
| Totals | | (368) | | | (368) |

Accumulated differences may occur as a result of rounding individual properties.

K1_8825-.LD

# Changes in Ownership

2019

Partner's name

LAWRENCE E AHEARN

Partner's ID Number

[redacted]

Name of Partnership

YORK FAMILY HOMES LLC

Partnership's EIN

47-4021518

**Change in Profit Ownership :**

| Date of Change | % Held Prior to Change | Change in % on Date | Total % Held | Number of Days Held Prior to Change | Total Number of Days in the Tax Year | Ownership % for Period |
|---|---|---|---|---|---|---|
| 01-01-2019 | 033.3300000 | 000.0000000 | 100.00 | | 365 | 000.0000000 |
| 03-31-2019 | 033.3300000 | -033.3300000 | 100.00 | 90 | 365 | 008.2183562 |
| 12-31-2019 | 000.0000000 | 000.0000000 | 100.00 | 275 | 365 | 000.0000000 |

Total Profit ownership percentage for the tax year: 008.2183562

**Change in Loss Ownership :**

| Date of Change | % Held Prior to Change | Change in % on Date | Total % Held | Number of Days Held Prior to Change | Total Number of Days in the Tax Year | Ownership % for Period |
|---|---|---|---|---|---|---|
| 01-01-2019 | 033.3300000 | 000.0000000 | 100.00 | | 365 | 000.0000000 |
| 03-31-2019 | 033.3300000 | -033.3300000 | 100.00 | 90 | 365 | 008.2183562 |
| 12-31-2019 | 000.0000000 | 000.0000000 | 100.00 | 275 | 365 | 000.0000000 |

Total Loss ownership percentage for the tax year: 008.2183562

**Change in Capital Ownership :**

| Date of Change | % Held Prior to Change | Change in % on Date | Total % Held | Number of Days Held Prior to Change | Total Number of Days in the Tax Year | Ownership % for Period |
|---|---|---|---|---|---|---|
| 01-01-2019 | 033.3300000 | 000.0000000 | 100.00 | | 365 | 000.0000000 |
| 03-31-2019 | 033.3300000 | -033.3300000 | 100.00 | 90 | 365 | 008.2183562 |
| 12-31-2019 | 000.0000000 | 000.0000000 | 100.00 | 275 | 365 | 000.0000000 |

Total Capital ownership percentage for the tax year: 008.2183562

$$\text{Ownership \% for period} = \frac{\text{Change in \% on Date}}{\text{Total \% Held}} \times \frac{\text{No. of Days Held Prior to Change}}{\text{Total No. of Days in the Tax Year}}$$

# STATEMENT A - QBI Pass-through Entity Reporting

Information Reported In Accordance with Section 199A-6
Schedule K-1, Line 20, Code Z

**2019**

Name(s) as shown on return: YORK FAMILY HOMES LLC — Tax ID Number: 47-4021518

Name(s) as shown on K1: LAWRENCE E AHEARN — Tax ID Number: [redacted]

| Line No. | Description of Trade or Business | Taxpayer Identification Number | PTP | Aggregated | SSTB |
|---|---|---|---|---|---|
| 1 | 548 W PHILADELPHIA ST YORK PA 17404 | 47-4021518 | X | | No |
| 2 | 444 WALLACE ST YORK PA 17403 | 47-4021518 | X | | No |
| 3 | 919 E PROSPECT ST YORK PA 17403 | 47-4021518 | X | | No |
| | | | | | |
| | | | | | |
| | | | | | |

| LINE NUMBER | NO. 1 | NO. 2 | NO. 3 | NO. ___ | NO. ___ | NO. ___ |
|---|---|---|---|---|---|---|
| Ordinary Business Income (Loss) | | | | | | |
| Rental Income (Loss) | (6) | (270) | (92) | | | |
| Royalty Income (Loss) | | | | | | |
| Section 1231 Gain (Loss) | | | | | | |
| Other Income (Loss) | | | | | | |
| Section 179 | | | | | | |
| Charitable Contributions | | | | | | |
| Other Deductions | | | | | | |
| W-2 Wages | | | | | | |
| Unadjusted Basis Immediately After Acquisition | | | | | | |
| Section 199A Dividends | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

K1_QBIP~.LD

Form **4562**

Department of the Treasury
Internal Revenue Service (99)

# Depreciation and Amortization

**(Including Information on Listed Property)**

▶ Attach to your tax return.

▶ Go to *www.irs.gov/Form4562* for instructions and the latest information.

OMB No. 1545-0172

**2019**

Attachment Sequence No. 179

| Name(s) shown on return | Business or activity to which this form relates | Identifying number |
|---|---|---|
| YORK FAMILY HOMES LLC | 548 W PHILADELPHIA ST | 47-4021518 |

## Election To Expense Certain Property Under Section 179

**Note:** If you have any listed property, complete Part V before you complete Part I.

| | | | |
|---|---|---|---|
| 1 | Maximum amount (see instructions) | 1 | |
| 2 | Total cost of section 179 property placed in service (see instructions) | 2 | |
| 3 | Threshold cost of section 179 property before reduction in limitation (see instructions) | 3 | |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | 4 | |
| 5 | Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter -0-. If married filing separately, see instructions | 5 | |

| 6 (a) Description of property | (b) Cost (business use only) | (c) Elected cost |
|---|---|---|
| | | |
| | | |
| 7 Listed property. Enter the amount from line 29 | 7 | |

| | | | |
|---|---|---|---|
| 8 | Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | 8 | |
| 9 | Tentative deduction. Enter the smaller of line 5 or line 8 | 9 | |
| 10 | Carryover of disallowed deduction from line 13 of your 2018 Form 4562 | 10 | |
| 11 | Business income limitation. Enter the smaller of business income (not less than zero) or line 5. See instructions | 11 | |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but don't enter more than line 11 | 12 | |
| 13 | Carryover of disallowed deduction to 2020. Add lines 9 and 10, less line 12 ▶ 13 | | |

**Note:** Don't use Part II or Part III below for listed property. Instead, use Part V.

## Special Depreciation Allowance and Other Depreciation (Don't include listed property. See instructions.)

| | | | |
|---|---|---|---|
| 14 | Special depreciation allowance for qualified property (other than listed property) placed in service during the tax year. See instructions | 14 | |
| 15 | Property subject to section 168(f)(1) election | 15 | |
| 16 | Other depreciation (including ACRS) | 16 | |

## MACRS Depreciation (Don't include listed property. See instructions.)

### Section A

| | | | |
|---|---|---|---|
| 17 | MACRS deductions for assets placed in service in tax years beginning before 2019 | 17 | 839 |
| 18 | If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here ▶ ☐ | | |

### Section B - Assets Placed in Service During 2019 Tax Year Using the General Depreciation System

| (a) Classification of property | (b) Month and year placed in service | (c) Basis for depreciation (business/investment use only-see instructions) | (d) Recovery period | (e) Convention | (f) Method | (g) Depreciation deduction |
|---|---|---|---|---|---|---|
| 19a 3-year property | | | | | | |
| b 5-year property | | | | | | |
| c 7-year property | | | | | | |
| d 10-year property | | | | | | |
| e 15-year property | | | | | | |
| f 20-year property | | | | | | |
| g 25-year property | | | 25 yrs. | | S/L | |
| h Residential rental property | | | 27.5 yrs. | MM | S/L | |
| | | | 27.5 yrs. | MM | S/L | |
| i Nonresidential real property | | | 39 yrs. | MM | S/L | |
| | | | | MM | S/L | |

### Section C - Assets Placed in Service During 2019 Tax Year Using the Alternative Depreciation System

| (a) Classification of property | (b) Month and year placed in service | (c) Basis for depreciation | (d) Recovery period | (e) Convention | (f) Method | (g) Depreciation deduction |
|---|---|---|---|---|---|---|
| 20a Class life | | | | | S/L | |
| b 12-year | | | 12 yrs. | | S/L | |
| c 30-year | | | 30 yrs. | MM | S/L | |
| d 40-year | | | 40 yrs. | MM | S/L | |

## Summary (See instructions.)

| | | | |
|---|---|---|---|
| 21 | Listed property. Enter amount from line 28 | 21 | |
| 22 | Total. Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21. Enter here and on the appropriate lines of your return. Partnerships and S corporations - see instructions | 22 | 839 |
| 23 | For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs | 23 | |

**For Paperwork Reduction Act Notice, see separate instructions.** Form 4562 (2019)

EEA

Form **4562**

Department of the Treasury
Internal Revenue Service (99)

# Depreciation and Amortization

**(Including Information on Listed Property)**

▶ Attach to your tax return.

▶ Go to www.irs.gov/Form4562 for instructions and the latest information.

OMB No. 1545-0172

**2019**

Attachment Sequence No. 179

| Name(s) shown on return | Business or activity to which this form relates | Identifying number |
|---|---|---|
| YORK FAMILY HOMES LLC | 444 WALLACE ST | 47-4021518 |

## Election To Expense Certain Property Under Section 179

**Note:** If you have any listed property, complete Part V before you complete Part I.

| | | | |
|---|---|---|---|
| 1 | Maximum amount (see instructions) | 1 | |
| 2 | Total cost of section 179 property placed in service (see instructions) | 2 | |
| 3 | Threshold cost of section 179 property before reduction in limitation (see instructions) | 3 | |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | 4 | |
| 5 | Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter -0-. If married filing separately, see instructions | 5 | |

| 6 (a) Description of property | (b) Cost (business use only) | (c) Elected cost |
|---|---|---|
| | | |
| | | |

| | | | |
|---|---|---|---|
| 7 | Listed property. Enter the amount from line 29 | 7 | |
| 8 | Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | 8 | |
| 9 | Tentative deduction. Enter the smaller of line 5 or line 8 | 9 | |
| 10 | Carryover of disallowed deduction from line 13 of your 2018 Form 4562 | 10 | |
| 11 | Business income limitation. Enter the smaller of business income (not less than zero) or line 5. See instructions | 11 | |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but don't enter more than line 11 | 12 | |
| 13 | Carryover of disallowed deduction to 2020. Add lines 9 and 10, less line 12 ▶ | 13 | |

**Note:** Don't use Part II or Part III below for listed property. Instead, use Part V.

## Special Depreciation Allowance and Other Depreciation (Don't include listed property. See instructions.)

| | | | |
|---|---|---|---|
| 14 | Special depreciation allowance for qualified property (other than listed property) placed in service during the tax year. See instructions | 14 | |
| 15 | Property subject to section 168(f)(1) election | 15 | |
| 16 | Other depreciation (including ACRS) | 16 | |

## MACRS Depreciation (Don't include listed property. See instructions.)

### Section A

| | | | |
|---|---|---|---|
| 17 | MACRS deductions for assets placed in service in tax years beginning before 2019 | 17 | 727 |
| 18 | If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here ▶ ☐ | | |

### Section B - Assets Placed in Service During 2019 Tax Year Using the General Depreciation System

| (a) Classification of property | (b) Month and year placed in service | (c) Basis for depreciation (business/investment use only-see instructions) | (d) Recovery period | (e) Convention | (f) Method | (g) Depreciation deduction |
|---|---|---|---|---|---|---|
| 19a 3-year property | | | | | | |
| b 5-year property | | | | | | |
| c 7-year property | | | | | | |
| d 10-year property | | | | | | |
| e 15-year property | | | | | | |
| f 20-year property | | | | | | |
| g 25-year property | | | 25 yrs. | | S/L | |
| h Residential rental property | | | 27.5 yrs. | MM | S/L | |
| | | | 27.5 yrs. | MM | S/L | |
| i Nonresidential real property | | | 39 yrs. | MM | S/L | |
| | | | | MM | S/L | |

### Section C - Assets Placed in Service During 2019 Tax Year Using the Alternative Depreciation System

| | | | | | | |
|---|---|---|---|---|---|---|
| 20a Class life | | | | | S/L | |
| b 12-year | | | 12 yrs. | | S/L | |
| c 30-year | | | 30 yrs. | MM | S/L | |
| d 40-year | | | 40 yrs. | MM | S/L | |

## Summary (See instructions.)

| | | | |
|---|---|---|---|
| 21 | Listed property. Enter amount from line 28 | 21 | |
| 22 | Total. Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21. Enter here and on the appropriate lines of your return. Partnerships and S corporations - see instructions | 22 | 727 |
| 23 | For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs | 23 | |

**For Paperwork Reduction Act Notice, see separate instructions.** Form 4562 (2019)

EEA

Form **4562**

Department of the Treasury
Internal Revenue Service (99)

# Depreciation and Amortization
## (Including Information on Listed Property)

▶ Attach to your tax return.
▶ Go to *www.irs.gov/Form4562* for instructions and the latest information.

OMB No. 1545-0172
**2019**
Attachment Sequence No. **179**

| Name(s) shown on return | Business or activity to which this form relates | Identifying number |
|---|---|---|
| YORK FAMILY HOMES LLC | 919 E PROSPECT ST | 47-4021518 |

**Election To Expense Certain Property Under Section 179**

**Note:** If you have any listed property, complete Part V before you complete Part I.

| | | | |
|---|---|---|---|
| 1 | Maximum amount (see instructions) | 1 | |
| 2 | Total cost of section 179 property placed in service (see instructions) | 2 | |
| 3 | Threshold cost of section 179 property before reduction in limitation (see instructions) | 3 | |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | 4 | |
| 5 | Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter -0-. If married filing separately, see instructions | 5 | |

| 6 | (a) Description of property | (b) Cost (business use only) | (c) Elected cost |
|---|---|---|---|
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| 7 | Listed property. Enter the amount from line 29 | 7 | |
| 8 | Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | 8 | |
| 9 | Tentative deduction. Enter the **smaller** of line 5 or line 8 | 9 | |
| 10 | Carryover of disallowed deduction from line 13 of your 2018 Form 4562 | 10 | |
| 11 | Business income limitation. Enter the smaller of business income (not less than zero) or line 5. See instructions | 11 | |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but don't enter more than line 11 | 12 | |
| 13 | Carryover of disallowed deduction to 2020. Add lines 9 and 10, less line 12 ▶ | 13 | |

**Note:** Don't use Part II or Part III below for listed property. Instead, use Part V.

**Special Depreciation Allowance and Other Depreciation** (Don't include listed property. See instructions.)

| | | | |
|---|---|---|---|
| 14 | Special depreciation allowance for qualified property (other than listed property) placed in service during the tax year. See instructions | 14 | |
| 15 | Property subject to section 168(f)(1) election | 15 | |
| 16 | Other depreciation (including ACRS) | 16 | |

**MACRS Depreciation** (Don't include listed property. See instructions.)

**Section A**

| | | | |
|---|---|---|---|
| 17 | MACRS deductions for assets placed in service in tax years beginning before 2019 | 17 | 727 |
| 18 | If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here ▶ ☐ | | |

**Section B - Assets Placed in Service During 2019 Tax Year Using the General Depreciation System**

| (a) Classification of property | (b) Month and year placed in service | (c) Basis for depreciation (business/investment use only-see instructions) | (d) Recovery period | (e) Convention | (f) Method | (g) Depreciation deduction |
|---|---|---|---|---|---|---|
| 19a 3-year property | | | | | | |
| b 5-year property | | | | | | |
| c 7-year property | | | | | | |
| d 10-year property | | | | | | |
| e 15-year property | | | | | | |
| f 20-year property | | | | | | |
| g 25-year property | | | 25 yrs. | | S/L | |
| h Residential rental property | | | 27.5 yrs. | MM | S/L | |
| | | | 27.5 yrs. | MM | S/L | |
| i Nonresidential real property | | | 39 yrs. | MM | S/L | |
| | | | | MM | S/L | |

**Section C - Assets Placed in Service During 2019 Tax Year Using the Alternative Depreciation System**

| | | | | | | |
|---|---|---|---|---|---|---|
| 20a Class life | | | | | S/L | |
| b 12-year | | | 12 yrs. | | S/L | |
| c 30-year | | | 30 yrs. | MM | S/L | |
| d 40-year | | | 40 yrs. | MM | S/L | |

**Summary** (See instructions.)

| | | | |
|---|---|---|---|
| 21 | Listed property. Enter amount from line 28 | 21 | |
| 22 | **Total.** Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21. Enter here and on the appropriate lines of your return. Partnerships and S corporations - see instructions | 22 | 727 |
| 23 | For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs | 23 | |

**For Paperwork Reduction Act Notice, see separate instructions.**



EEA

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 68 of 116

**Federal Supporting Statements** 2019 PG01

Name(s) as shown on return: YORK FAMILY HOMES LLC

Tax ID Number: 47-4021518

**FORM 8825, LINE 15 - OTHER** Statement #8A

| DESCRIPTION | AMOUNT |
|---|---|
| BUSINESS USE OF CELL | 700 |
| SHIPLEY ENERGY AND YORK COUNTY SOLID WASTE | 894 |
| TOTAL | 1,594 |

PG01

**FORM 8825, LINE 15 - OTHER** Statement #8B

| DESCRIPTION | AMOUNT |
|---|---|
| BUSINESS USE OF CELL | 700 |
| TOTAL | 700 |

PG01

**FORM 8825, LINE 15 - OTHER** Statement #8C

| DESCRIPTION | AMOUNT |
|---|---|
| BUSINESS USE OF CELL | 700 |
| TOTAL | 700 |

STATMENT.LD

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 69 of 116

**1065** **Overflow Statement** **2019** Page 1

| Name(s) as shown on return | FEIN |
|---|---|
| YORK FAMILY HOMES LLC | 47-4021518 |

**TAXES**

| Description | Amount |
|---|---|
| SCHOOL TAX | $ 959 |
| REAL ESTATE | 721 |
| **Total:** | **$ 1,680** |

**TAXES**

| Description | Amount |
|---|---|
| SCHOOL TAX | $ 755 |
| REAL ESTATE | 576 |
| **Total:** | **$ 1,331** |

**TAXES**

| Description | Amount |
|---|---|
| SCHOOL TAX | $ 1,915 |
| REAL ESTATE | 1,362 |
| **Total:** | **$ 3,277** |

Case 1:24-cv-00935-JPW Document 19-1 Filed 05/20/24 Page 70 of 116

# Capital Account Reconciliation

(Keep for your records)

2019 Page 1

Name(s) as shown on return
YORK FAMILY HOMES LLC

Tax ID Number
47-4021518

| Partner Name | Beginning Capital Account | Capital Contributed During Year | Partner's Share of Lines 3, 4 and 7 Form 1065, Sch M-2 | Withdrawals and Distributions | Ending Capital Account |
|---|---|---|---|---|---|
| JUAN RIVERA | 23,164 | | (2,058) | | 21,106 |
| YVONNE HUERTAS | 23,165 | | (2,057) | | 21,108 |
| LAWRENCE E AHEARN | 23,165 | | (368) | | 22,797 |
| TOTALS | 69,494 | | (4,483) | | 65,011 |

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 71 of 116

# Summary of Change in Ownership

(Keep for your records)

**2019**

PARTNERSHIP NAME
YORK FAMILY HOMES LLC

EIN
47-4021518

| Partner Information | | % Profit | | % Loss | | % Capital | |
|---|---|---|---|---|---|---|---|
| Name | EIN/SSN | Beginning | Ending | Beginning | Ending | Beginning | Ending |
| JUAN RIVERA | [redacted] | 033.3400000 | 050.0000000 | 033.3400000 | 050.0000000 | 033.3400000 | 050.0000000 |
| YVONNE HUERTAS | | 033.3300000 | 050.0000000 | 033.3300000 | 050.0000000 | 033.3300000 | 050.0000000 |
| LAWRENCE E AHEARN | | 033.3300000 | 000.0000000 | 033.3300000 | 000.0000000 | 033.3300000 | 000.0000000 |
| TOTAL PERCENTAGES | | 100.0000000 | 100.0000000 | 100.0000000 | 100.0000000 | 100.0000000 | 100.0000000 |

# Qualified Business Income Information

Summary of Statement A - QBI PTE Reporting
(Keep for your records)

**2019**

Name(s) as shown on return: YORK FAMILY HOMES LLC

Tax ID Number: 47-4021518

| Line No. | Description of Trade or Business | Taxpayer Identification Number | PTP | Aggregated | SSTB |
|---|---|---|---|---|---|
| 1 | 548 W PHILADELPHIA ST YORK PA 17404 | 47-4021518 | X | | No |
| 2 | 444 WALLACE ST YORK PA 17403 | 47-4021518 | X | | No |
| 3 | 919 E PROSPECT ST YORK PA 17403 | 47-4021518 | X | | No |
| | | | | | |
| | | | | | |
| | | | | | |

| LINE NUMBER | NO. 1 | NO. 2 | NO. 3 | NO. ___ | NO. ___ | NO. ___ |
|---|---|---|---|---|---|---|
| Ordinary Business Income (Loss) | | | | | | |
| Rental Income (Loss) | (69) | (3,291) | (1,123) | | | |
| Royalty Income (Loss) | | | | | | |
| Section 1231 Gain (Loss) | | | | | | |
| Other Income (Loss) | | | | | | |
| Section 179 | | | | | | |
| Charitable Contributions | | | | | | |
| Other Deductions | | | | | | |
| W-2 Wages | | | | | | |
| Unadjusted Basis Immediately After Acquisition | | | | | | |
| Section 199A Dividends | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

WK_QBI-.LD

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 73 of 116

Form 1065

# K-K1 Comparison Worksheet

(Keep for your records)

2019

PARTNERSHIP NAME
YORK FAMILY HOMES LLC

EIN
47-4021518

| Description | ***-**-1098 JUAN RIVERA | ***-**-1572 YVONNE HUERTAS | ***-**-4531 LAWRENCE E AHE | | | | Total |
|---|---|---|---|---|---|---|---|
| k2a 548 W PHILADELPHIA ST. . . . . | (31) | (32) | (6) | | | | (69) |
| k2a 444 WALLACE ST. . . . . . . . . | (1,511) | (1,510) | (270) | | | | (3,291) |
| k2a 919 E PROSPECT ST. . . . . . . | (516) | (515) | (92) | | | | (1,123) |

WK_PCOMP~.LD

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 74 of 116

* Item is included in UBIA
for Section 199A calculations.
See "UBIA" in lower right corner.

# Depreciation Detail Listing

FORM 8825 - 548 W PHILADELPHIA ST YORK

For your records only

2019
PAGE 1

Name(s) as shown on return: YORK FAMILY HOMES LLC

Social security number/EIN: 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

| No. | Description | Date | Cost | Basis Adjustment | Business percentage | Section 179 | Bonus depreciation | Depreciable Basis | Life | Method | Rate | Prior Depreciation | Current Depreciation | Accumulated Depreciation | AMT Current |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 548 W PHILADELPHIA ST | 06092011 | 21,165* | | 100.00 | | | 21,165 | 27.5 | SL MM | 3.636 | 2,727 | 770 | 3,497 | 770 |
| 1 | LAND | 06092011 | 3,000 | | 100.00 | | | | 0 | NDA | | | | | |
| 4 | 444 WALLACE ST CAPITA | 06042015 | 1,894* | | 100.00 | | | 1,894 | 27.5 | SL MM | 3.636 | 238 | 69 | 307 | 69 |
| | Totals | | 26,059 | | | | | 23,059 | | | | 2,965 | 839 | 3,804 | 839 |

Land Amount 3,000
Net Depreciable Cost 23,059

CY 179 and CY Bonus
TOTAL CY Depr including 179/bonus 839

ST ADJ:
UBIA: 23,059

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 75 of 116

* Item is included in UBIA
for Section 199A calculations.
See "UBIA" in lower right corner.

# Depreciation Detail Listing

FORM 8825 - 444 WALLACE ST YORK

For your records only

2019
PAGE 1

Name(s) as shown on return: YORK FAMILY HOMES LLC

Social security number/EIN: 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

| No. | Description | Date | Cost | Basis Adjustment | Business percentage | Section 179 | Bonus depreciation | Depreciable Basis | Life | Method | Rate | Prior Depreciation | Current Depreciation | Accumulated Depreciation | AMT Current |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 444 WALLACE ST | 06042015 | 20,000* | | 100.00 | | | 20,000 | 27.5 | SL MM | 3.636 | 2,332 | 727 | 3,059 | 727 |
| 2 | LAND | 06042015 | 2,820 | | 100.00 | | | | 0 | NDA | | | | | |
| | Totals | | 22,820 | | | | | 20,000 | | | | 2,332 | 727 | 3,059 | 727 |

Land Amount 2,820
Net Depreciable Cost 20,000

CY 179 and CY Bonus
TOTAL CY Depr including 179/bonus 727

ST ADJ:
UBIA: 20,000

* Item is included in UBIA
for Section 199A calculations.
See "UBIA" in lower right corner.

# Depreciation Detail Listing

FORM 8825 - 919 E PROSPECT ST YORK

For your records only

**2019**

PAGE 1

Name(s) as shown on return: YORK FAMILY HOMES LLC

Social security number/EIN: 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

| No. | Description | Date | Cost | Basis Adjustment | Business percentage | Section 179 | Bonus depreciation | Depreciable Basis | Life | Method | Rate | Prior Depreciation | Current Depreciation | Accumulated Depreciation | AMT Current |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 919 E PROSPECT ST | 10282015 | 20,000* | | 100.00 | | | 20,000 | 27.5 | SL MM | 3.636 | 2,332 | 727 | 3,059 | 727 |
| 3 | LAND | 10282015 | 3,000 | | 100.00 | | | | 0 | NDA | | | | | |
| | Totals | | 23,000 | | | | | 20,000 | | | | 2,332 | 727 | 3,059 | 727 |

Land Amount 3,000
Net Depreciable Cost 20,000

CY 179 and CY Bonus
TOTAL CY Depr including 179/bonus 727

ST ADJ:
UBIA: 20,000

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 71 of 116

# Next Year's Depreciation Worksheet

(Keep for your records)

2019

Name(s) as shown on return: YORK FAMILY HOMES LLC

Tax ID Number: 47-4021518

| Form | Multi-Form | Description | Date | Basis | Method | Life | Deduction |
|---|---|---|---|---|---|---|---|
| 8825 | 1 | 548 W PHILADELPHIA ST | 06-09-2011 | 21,165 | ARR | 27.5 | 770 |
| 8825 | 2 | 444 WALLACE ST | 06-04-2015 | 20,000 | ARR | 27.5 | 727 |
| 8825 | 3 | 919 E PROSPECT ST | 10-28-2015 | 20,000 | ARR | 27.5 | 727 |
| 8825 | 1 | 444 WALLACE ST CAPITAL I | 06-04-2015 | 1,894 | ARR | 27.5 | 69 |
| | | TOTAL | | | | | 2,293 |

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 78 of 116

# GRACE & ASSOCIATES, LLC

140 ROOSEVELT AVENUE SUITE 200
York, PA 17401
grace@quarteycpa.com
Phone: (717)845-3134 | Fax: (717)845-3126

February 18, 2020

Yvonne Huertas
688 Wallace Street
York, PA 17403

Your privacy is important to us. Read the following privacy policy.

We collect nonpublic personal information about you from various sources, including:

* Interviews regarding your tax situation

* Applications, organizers, or other documents that supply such information as your name, address, telephone number, Social Security Number, number of dependents, income, and other tax-related data

* Tax-related documents you provide that are required for processing tax returns, such as Forms W-2, 1099R, 1099-INT and 1099-DIV, and stock transactions

We do not disclose any nonpublic personal information about our clients or former clients to anyone, except as requested by our clients or as required by law.

We restrict access to personal information concerning you, except to our employees who need such information in order to provide products or services to you. We maintain physical, electronic, and procedural safeguards that comply with federal regulations to guard your personal information.

If you have any questions about our privacy policy, contact our office at (717)845-3134.

Sincerely,

Grace T Quartey, CPA, MBA
GRACE & ASSOCIATES, LLC

1906010101

PA-20S/PA-65
(08-19) (Page 1 of 3)

# 2019 Pennsylvania
# PA S Corporation/Partnership Information Return

**ENTER ONE LETTER OR NUMBER IN EACH BOX.**

| | |
|---|---|
| Extension Requested | N |
| Initial Year | N |
| Final Return | N |
| FEIN/Name/Address Change | N |
| Amended Information Return | N |
| Method of Accounting: A=Accrual, C=Cash, O=Other, Describe | C |
| Date activity began in PA | 06042015 |

Filing Status: PA-20S N PA-65 Y P-S KOZ N

474021518 C 531110 N Inactive

YORK FAMILY HOMES LLC

688 WALLACE STREET Fiscal Year: N Short Year: N

YORK PA 17403

## SECTION I. Total Taxable Business Income (Loss) from Operations Everywhere

| | | | |
|---|---|---|---|
| 1a | Taxable Business Income (Loss) from Operations Everywhere | 1a | 0 |
| 1b | Share of Business Income (Loss) from All Other Entities | 1b | 0 |
| 1c | Total Income (Loss). Add Line 1a and Line 1b | 1c | 0 |
| 1d | Previously Disallowed CNI Deductions - PA S Corporations only | 1d | 0 |
| 1e | Total Adjusted Business Income (Loss). Subtract Line 1d from Line 1c | 1e | 0 |

## SECTION II. Apportioned/Allocated PA-Taxable Business Income (Loss)

| | | | |
|---|---|---|---|
| 2 | Net Business Income (Loss) (2a = Outside PA) (2e = PA Source) | 2a | 0 |
| | | 2e | 0 |
| 2 | Share of Business Income (Loss) from Other Entities (2b = Outside PA) (2f = PA Source) | 2b | 0 |
| | | 2f | 0 |
| 2 | Previously Disallowed PA Source CNI Deductions - PA S Corporations only (2c = Outside PA) (2g = PA Source) | 2c | 0 |
| | | 2g | 0 |
| 2 | Calculate Adjusted/Apportioned Net Business Income (Loss) (2d = Outside PA) (2h = PA Source) | 2d | 0 |
| | | 2h | 0 |

## SECTION III. Allocated Other PA PIT Income (Loss)

| | | | |
|---|---|---|---|
| 3 | Interest Income from PA Schedule A | 3 | 0 |
| 4 | Dividend Income from PA Schedule B | 4 | 0 |
| 5 | Net Gain (Loss) from PA Schedule D (5a = Outside PA) (5b = PA Source) | 5a | 0 |
| | | 5b | 0 |
| 6 | Rent/Royalty Net Income (Loss) from PA Schedule M, Part II (6a = Outside PA) (6b = PA Source) | 6a | 0 |
| | | 6b | -4483 |
| 7 | Estates or Trusts Income from PA Schedule J (7a = Outside PA) (7b = PA Source) | 7a | 0 |
| | | 7b | 0 |
| 8 | Gambling and Lottery Winnings (Loss) from PA Schedule T (8a = Outside PA) (8b = PA Source) | 8a | 0 |
| | | 8b | 0 |
| 9 | Total Other PA PIT Income (Loss) | 9 | -4483 |

**SUBMIT ALL SUPPORTING SCHEDULES**



1906010101

EC OFFICIAL USE ONLY FC

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 80 of 216

1906110117

PA-20S/PA-65 - 2019
(08-19) (Page 2 of 3)

474021518 C YORK FAMILY HOMES LLC

**SECTION IV. Total PA S Corporation or Partnership Income (Loss)**

| | | | |
|---|---|---|---|
| 10 | Total Income (Loss) per Books and Records | 10 | -4483 |
| 11 | **Total Reportable Income (Loss).** Add Lines 1e and 9 or Add Lines 2h and 9 | 11 | -4483 |
| 12 | **Total Nontaxable/Nonreportable Income (Loss).** Subtract Line 11 from Line 10 | 12 | 0 |

**SECTION V. Pass Through Credits** - See the PA-20S/PA-65 instructions

| | | | |
|---|---|---|---|
| 13a | **Total Other Credits.** Submit PA-20S/PA-65 Schedule OC | 13a | 0 |
| 13b | Resident Credit | 13b | 0 |
| 14a | PA 2019 Quarterly Tax Withholding/Extension Payments for Nonresident Owners | 14a | 0 |
| 14b | Final Payment of Nonresident Withholding Tax | 14b | 0 |
| 14c | **Total PA Income Tax Withheld.** Add Lines 14a and 14b | 14c | 0 |

**SECTION VI. Distributions** - See the PA-20S/PA-65 instructions
**Partnerships Only**

| | | | |
|---|---|---|---|
| 15 | Distributions of Cash, Marketable Securities, and Property | 15 | 0 |
| 16 | Guaranteed Payments for Capital or Other Services | 16 | 0 |
| 17 | All Other Guaranteed Payments for Services Rendered | 17 | 0 |
| 18 | Guaranteed Payments to Retired Partners | 18 | 0 |

**Distributions** - See the PA-20S/PA-65 instructions
**PA S Corporations Only**

| | | | |
|---|---|---|---|
| 19 | Distributions from PA Accumulated Adjustments Account | 19 | 0 |
| 20 | Distributions of Cash, Marketable Securities, and Property | 20 | 0 |

**SECTION VII. Other Information** - See the PA-20S/PA-65 instructions for each line

| | | | |
|---|---|---|---|
| 1 | During the entity's tax year, did the entity own any interest in another partnership or in any foreign entity that was disregarded as an entity separate from its owner under federal regulations Sections 301.7701-2 and 301.7701-3? If yes, submit statement. | 1 | N |
| 2 | Does the entity have any tax-exempt partners/members/shareholders? If yes, submit statement. | 2 | N |
| 3 | Does the entity have any foreign partners/members/shareholders (outside the U.S.)? If yes, submit statement. | 3 | N |
| 4 | Was there a distribution of property or a transfer (e.g., by sale or death) of a partner/member interest during the tax year? (Partnership only) If yes, submit statement. | 4 | N |
| 5 | Has the federal government changed taxable income as originally reported for any prior period? If yes, indicate period on supplemental statement, and submit final IRS determination paperwork. | 5 | N |
| 6 | Does the entity elect to be subject to assessment at the entity level under Act 52 of 2013? | 6 | N |
| 7 | Is this entity involved in a reportable transaction, listed transaction, or registered tax shelter within this return? If yes, submit statement. | 7 | N |
| 8 | Does the entity filing as a partnership have other partnerships as partners? | 8 | N |
| 9 | Has the entity sold any tax credits? If yes, submit statement. | 9 | N |
| 10 | Has the entity changed its method of accounting for federal income tax purposes during this tax year? If yes, submit federal Form 3115. | 10 | N |
| 11 | Has the entity entered into any like-kind exchanges under IRC Section 1031? If yes, submit federal Form 8824. | 11 | N |
| 12 | PA Apportionment as reported on PA-20S/PA-65 Schedule H-Corp | 12 | 1000000 |



1906110117

1906110117

PA-20S/PA-65 - 2019
(08-19) (Page 3 of 3)

1906210123

474021518 C YORK FAMILY HOMES LLC

**SECTION VIII.** PA S Corporations Only - Accumulated Adjustments Account (AAA) and Accumulated Earnings and Profits (AE&P)

| | | | AAA | AE&P |
|---|---|---|---|---|
| 1 | Balance at the beginning of the taxable year. | 1 | 0 | 0 |
| 2 | Total reportable income from Section IV, Line 11 | 2 | 0 | N/A |
| 3 | Other additions. Submit an itemized statement. | 3 | 0 | 0 |
| 4 | Loss from Section IV, Line 11 | 4 | 0 | N/A |
| 5 | Other reductions. Submit an itemized statement. | 5 | 0 | 0 |
| 6 | Sum of Lines 1 through 5 | 6 | 0 | 0 |
| 7 | Distributions | 7 | 0 | 0 |
| 8 | Balance at taxable year-end. Subtract Line 7 from Line 6. | 8 | 0 | 0 |

**SECTION IX. Ownership in Pass Through Entities** If the entity received income (loss) from an S corporation, partnership, estate or trust, limited liability company, qualified subchapter S subsidiary (QSSS) or disregarded entity, list below the FEIN, name and address for each entity. If the income (loss) is from a QSSS, enter "yes" in the QSSS box. If the income (loss) is from a disregarded entity other than a QSSS, enter "yes" in the D box. See instructions for further details.

| | FEIN | QSSS | D | NAME & ADDRESS |
|---|---|---|---|---|
| A | | | | |
| B | | | | |
| C | | | | |
| D | | | | |

**SECTION X. Signature and Verification**

Under penalties of perjury, I declare I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct and complete. Declaration of paid preparer is based on all information of which preparer has any knowledge.

| Print/Type name of general partner, principal officer or authorized individual | Signature of general partner, principal officer or authorized individual | Date | Daytime Phone no. |
|---|---|---|---|
| YVONNE HUETAS | | 02-27-2020 | (717)678-5699 |

**Paid Preparer's Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check if self-employed |
|---|---|---|---|
| GRACE T QUARTEY, CPA, MBA | | | |
| Firm's name (or yours if self-employed) GRACE & ASSOCIATES, LLC | | | Daytime Phone no. (717)845-3134 |
| Firm's address 140 ROOSEVELT AVENUE SU YORK PA 17401 | | | |

E-File Opt Out N

| Preparer's PTIN | Firm's FEIN |
|---|---|
| P00389107 | 264456577 |



1906210123 1906210123

1907612731

**PARTNER/MEMBER/**
**SHAREHOLDER DIRECTORY - 2019**
**PA-20S/PA-65 Directory (03-19)**

YORK FAMILY HOMES LLC 474021518 C

The entity must list its partners/members/shareholders on this schedule. CODE - Enter the type of owner code: RI=Resident Individual, NR=Nonresident Individual, PI=Part-year Resident Individual (S Corp Only), P=Partnership, C=C Corp, E=Estate, T=Trust, S=S Corp, L=LLC taxed as a Partnership, LC=LLC taxed as a C Corp, LS=LLC taxed as an S Corp, DE= Disregarded Entity, B=Bank/Financial Institution, I=Insurance Company, X=Exempt SSN/FEIN; Revenue ID; Ownership % - (enter each owner's percentage); and Name and Address.

1 Code RI SSN/FEIN [redacted] Revenue ID Ownership % 05000000

Name & Address: YVONNE HUERTAS
688 WALLACE ST
YORK PA 17403

2 Code NR SSN/FEIN [redacted] Revenue ID Ownership % 00000000

Name & Address: LAWRENCE E AHEARN
10720 120th STREET
SOUTH RICHMOND HILL NY 11419

3 Code RI SSN/FEIN [redacted] Revenue ID Ownership % 05000000

Name & Address: JUAN RIVERA
688 WALLACE ST
YORK PA 17403

4 Code SSN/FEIN Revenue ID Ownership %

Name & Address:

5 Code SSN/FEIN Revenue ID Ownership %

Name & Address:

6 Code SSN/FEIN Revenue ID Ownership %

Name & Address:

1907612731

1907612731

1906812969

# SCHEDULE E - 2019

**PA-20S/PA-65 Rent and Royalty Income (Loss) (08-19)**

YORK FAMILY HOMES LLC 474021518

**SECTION I. Property Description** Enter the address and type of each rental property and/or each source of royalty income. If the property is <u>outside PA</u>, fill the box with "Y" for yes or "N" for no.

| | | |
|---|---|---|
| A | N | SINGLE FAMILY 548 W PHILADELPHIA ST YORK PA 17404 |
| B | N | SINGLE FAMILY 444 WALLACE ST YORK PA 17403 |
| C | N | SINGLE FAMILY 919 E PROSPECT ST YORK PA 17403 |
| D | | |

**SECTION II.**

| **Income (As on federal Form 8825)** | Line | **Property A** | **Property B** | **Property C** | **Property D** |
|---|---|---|---|---|---|
| 1. Rental income received | 1 | 8400 | 4000 | 8400 | 0 |
| 2. Royalty income received | 2 | 0 | 0 | 0 | 0 |
| **Expenses (As on federal Form 8825)** | | | | | |
| 3. Automobile and travel ■ | 3 | 0 | 0 | 0 | 0 |
| 4. Commissions ■ | 4 | 0 | 0 | 0 | 0 |
| 5. Legal and professional fees ■ | 5 | 0 | 0 | 600 | 0 |
| 6. Repairs ■ | 6 | 2681 | 2680 | 2681 | 0 |
| 7. Management fees ■ | 7 | 0 | 0 | 0 | 0 |
| 8. Advertising | 8 | 0 | 0 | 0 | 0 |
| 9. Cleaning and maintenance | 9 | 0 | 0 | 0 | 0 |
| 10. Insurance | 10 | 448 | 458 | 457 | 0 |
| 11. Interest | 11 | 0 | 0 | 0 | 0 |
| 12. Taxes - not based on net income | 12 | 1680 | 1331 | 3277 | 0 |
| 13. Utilities | 13 | 1227 | 1395 | 1081 | 0 |
| 14. Wages and salaries | 14 | 0 | 0 | 0 | 0 |
| 15. Depreciation expense | 15 | 839 | 727 | 727 | 0 |
| 16. Other expenses: (itemize) | 16a | 1594 | 700 | 700 | 0 |
| | 16b | 0 | 0 | 0 | 0 |
| | 16c | 0 | 0 | 0 | 0 |
| | 16d | 0 | 0 | 0 | 0 |
| 17. Total Expenses per Property | 17 | 8469 | 7291 | 9523 | 0 |
| 18. Income if Line 1 or 2 is > 17 | 18 | 0 | 0 | 0 | 0 |
| 19. Loss if Line 1 or 2 is < 17 | 19 | -69 | -3291 | -1123 | 0 |

| | | |
|---|---|---|
| 20. Income (loss) from property within PA | 20 | -4483 |
| 21. Income (loss) from property outside PA | 21 | 0 |
| 22. Rent or royalty income (loss) from PA sources from PA Schedule(s) NRK-1. | 22 | 0 |
| 23. Rent or royalty income (loss) from sources outside PA from PA Schedule(s) RK-1 & NRK-1. | 23 | 0 |
| 24. Net rent and royalty income (loss) from PA sources. Add Lines 20 and 22. | 24 | -4483 |
| 25. Net rent and royalty income (loss) from outside Pennsylvania. Add Lines 21 and 23. | 25 | 0 |

1906812969

1906812969

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 84 of 116

1907010027

# PA SCHEDULE M

**Reconciliation of Federal-Taxable Income (Loss) to PA-Taxable Income (Loss)**

PA-20S/PA-65 M (PT) 08-19 (I)
PA Department of Revenue

**2019**

OFFICIAL USE ONLY

| Name as shown on PA-20S/PA-65 Information Return | FEIN | PA Sales Tax License Number |
|---|---|---|
| YORK FAMILY HOMES LLC | 47-4021518 | |

**PA Schedule M, Part I. Classifying Federal Income (Loss) for PA Personal Income Tax Purposes**

Classify, without adjustment, the federal income (loss) from Schedule K of federal Form 1120S or from Schedule K of federal Form 1065. The entity must allocate or apportion the amounts from the federal categories to the reportable PA PIT classes. The total of the specific federal line items should equal the total of the federal schedule.

| Federal Form | | Classified for Pennsylvania Personal Income Tax purposes | | | | | |
|---|---|---|---|---|---|---|---|
| Form 1120S, Schedule K line description<br>Form 1065, Schedule K line description | (a) Federal Income (loss) | (b) PA Business Income (loss) | (c) Interest Income PA Schedule A | (d) Dividend Income PA Schedule B | (e) Gain (loss) From Sales PA Schedule D | (f) Rent & Royalty Income (loss) PA Schedule E |
| 1 Ordinary income (loss) from trade or business activities | | | | | | |
| 2 Net income (loss) from rental real estate activities | -4483 | | | | | -4483 |
| 3 Other gross rental income (loss) | | | | | | |
| 4 Interest income | | | | | | |
| 5 Dividends | | | | | | |
| 6 Royalty income | | | | | | |
| 7 Net short-term capital gain (loss) | | | | | | |
| 8 Net long-term capital gain (loss) | | | | | | |
| 9 Net gain (loss) from disposal of IRC Section 179 property | | | | | | |
| 10 Net IRC Section 1231 gain (loss) from Form 4797 | | | | | | |
| 11 Other income (loss) | | | | | | |
| 12 Total Federal income (loss) by Pennsylvania classification. Total the amounts in each column. | -4483 | | | | | -4483 |

1907010027

1907010027

1907110025

# PA SCHEDULE M

**Reconciliation of Federal-Taxable Income (Loss) to PA-Taxable Income (Loss)**

PA-20S/PA-65 M 08-19 (I)
PA Department of Revenue **2019**

OFFICIAL USE ONLY

Name as shown on PA-20S/PA-65 Information Return: YORK FAMILY HOMES LLC

FEIN: 47-4021518

## PA Schedule M, Part II. Determining PA Reportable Income (Loss) by Classification

The entity may need to prepare a PA Schedule M, Part II, if it must make adjustments to properly determine its reportable classified income (loss) for its PA-20S/PA-65 Information Return. This specific list of adjustments applies to income (loss) from a business or farm and rental/royalty income (loss).
**Enter whole dollars only.**

| | | PA Allocated Income (loss) | | Total Rental Income (Loss) or Total Business Income (Loss) Before Apportionment |
|---|---|---|---|---|
| **Section I.** Federal Classified Income (Loss). Income class from Part I, Column: F. Enter the initial of Column (b) or (f) only. | 1 | -4483 | 2 | -4483 |
| **Section II. Itemize income adjustments that increase PA reportable income (reduce the loss).** | | | | |
| a Deferred income relating to advance payments for goods and services | 1 | | 2 | |
| b Difference in qualified gain (loss) for each business sale of property | 3 | | 4 | |
| c Gain from business like-kind exchanges, see PA PIT Guide for instructions | 5 | | 6 | |
| d RESERVED FOR FUTURE USE | | | | |
| e Income from cancellation of debt that PA treats differently from federal rules | 9 | | 10 | |
| f Increases in income in the year of change resulting from spread in the year of change associated with IRC Section 481(a) adjustment | 11 | | 12 | |
| g Income from obligations of other states and organizations that is not exempt for PA purposes | 13 | | 14 | |
| h Other income adjustments that increase PA-reportable income. Submit statement | 15 | | 16 | |
| II. Total | 17 | | 18 | |
| **Section III. Itemize income adjustments that decrease the PA reportable income (increase the loss).** | | | | |
| a Difference in qualified gain (loss) for each business sale of property | 1 | | 2 | |
| b Income from obligations of the U.S. government and other organizations that is not taxable for PA purposes | 3 | | 4 | |
| c Decreases for previously reported income in prior year resulting from spread associated with IRC Section 481(a) | 5 | | 6 | |
| d Other income adjustments that decrease PA-reportable income. Submit statement | 7 | | 8 | |
| III. Total | 9 | | 10 | |
| **Section IV. Adjusted PA Reportable Income.** See PA-20S/PA-65 Schedule M instructions. | 1 | -4483 | 2 | -4483 |
| **Section V. Itemize those expenses that PA law does not allow that the entity deducted on its federal form.** These adjustments increase PA reportable income (reduce the loss). | | | | |
| a Taxes paid on income. Submit REV-1190 | 1 | | 2 | |
| b Differences in depreciation/amortization taken for PA and federal purposes | 3 | | 4 | |
| c Key man life insurance premiums (owners as beneficiaries) | 5 | | 6 | |
| d Differences in PA treatment of guaranteed payments for capital | 7 | | 8 | |
| e Differences in depreciation for bonus depreciation (PA law does not allow bonus depreciation.) | 9 | | 10 | |
| f Expense adjustments to qualify for the PA credits claimed in Section V of the PA-20S/PA-65 | 11 | | 12 | |
| g Other expenses the entity deducted on its federal return that PA does not allow. Submit statement | 13 | | 14 | |
| V. Total | 15 | | 16 | |
| **Section VI. Itemize those expenses that PA law allows that the entity could not deduct on its federal form.** These adjustments decrease PA reportable income (increase the loss). | | | | |
| a Business meals and entertainment expenses that the entity could not deduct | 1 | | 2 | |
| b Sales tax on depreciable assets | 3 | | 4 | |
| c Differences in depreciation/amortization taken for PA and federal purposes | 5 | | 6 | |
| d IRC Section 179 expenses (the maximum for PA purposes is $25,000) | 7 | | 8 | |
| e Expenses for employees, including PA S corporation shareholder-employees | 9 | | 10 | |
| f Life insurance premiums (PA S corporation or partnership as beneficiary) | 11 | | 12 | |
| g Expense adjustments to qualify for federal credits | 13 | | 14 | |
| h Current expensing of Intangible Drilling costs - Schedule I, Line 5 | 15 | | 16 | |
| i Other expenses PA allows that the entity did not deduct on the federal return. Submit statement | 17 | | 18 | |
| VI. Total | 19 | | 20 | |
| **Section VII. Total Taxable Income (Loss).** Add Section IV, plus V, minus VI. | 1 | -4483 | 2 | -4483 |

1907110025

1907110025

1907211534

**PA Schedule RK-1 (07-19)**

# 2019 Resident Schedule of Shareholder/Partner/Beneficiary Pass Through Income, Loss and Credits

[redacted] RIVERA JUAN

Final N

688 WALLACE ST

(Individual=1, PA S Corp=2, All Other Corp=3, Estate/Trust=4, Partnership=5, LLC=6, Exempt=7) Owner 1

Shareholder's Stock Ownership % 00000

Amended N

YORK PA 17403

Beneficiary's year-end Distribution % 00000

YORK FAMILY HOMES LLC

Partner's % of: Profit sharing % 05000

YORK PA 17403 474021518

Loss sharing % 05000

Fiscal Year N

(Estate/Trust=E, Partnership=P, PA S Corp=S, LLC=L) L

Capital Ownership % 05000

Short Year N

General Partner or LLC Member-Manager Y

Limited Partner or Other LLC Member N

| Section | No. | Description | Line | Amount |
|---|---|---|---|---|
| SECTION II | 1 | PA-Taxable Business Income (Loss) from Operations | 1 | 0 |
| | 2 | Interest Income | 2 | 0 |
| | 3 | Dividend Income | 3 | 0 |
| | 4 | Net Gain (Loss) from the Sale, Exchange or Disposition of Property | 4 | 0 |
| | 5 | Net Income (Loss) from Rents, Royalties, Patents and Copyrights | 5 | -2242 |
| | 6 | Income of/from Estates or Trusts | 6 | 0 |
| | 7 | Gambling and Lottery Winnings (Loss) | 7 | 0 |
| SECTION III | 8 | Resident Credit. Submit statement. | 8 | 0 |
| | 9 | Total Other Credits. Submit statement. | 9 | 0 |
| SECTION IV | 10 | Distributions of Cash, Marketable Securities, and Property - not including guaranteed payments | 10 | 0 |
| | 11 | Guaranteed Payments for Capital or Other Services | 11 | 0 |
| | 12 | All Other Guaranteed Payments for Services Rendered | 12 | 0 |
| | 13 | Guaranteed Payments to the Retired Partner | 13 | 0 |
| SECTION V | 14 | Distributions from PA Accumulated Adjustments Account — Liquidating N | 14 | 0 |
| | 15 | Distributions of Cash, Marketable Securities, and Property | 15 | 0 |
| SECTION VI | 16 | Nontaxable income (loss) or nondeductible expenses required to calculate owner's basis. Submit statement. | 16 | 0 |

**Note: Lines 17 through 20 are for information purposes only.**

| Section | No. | Description | Line | Amount |
|---|---|---|---|---|
| SECTION VII | 17 | Owner's Share of IRC Section 179 allowed according to PA rules | 17 | 0 |
| | 18 | Owner's Share of Straight-Line Depreciation | 18 | 0 |
| | 19 | Partner's Share of Nonrecourse Liabilities at year-end | 19 | 0 |
| | 20 | Partner's Share of Recourse Liabilities at year-end | 20 | 0 |

**NOTE: Amounts from this schedule must be reported on the appropriate PA Tax Return.**

1907211534

1907211534

1907211534

**PA Schedule RK-1 (07-19)**

# 2019 Resident Schedule of Shareholder/Partner/Beneficiary Pass Through Income, Loss and Credits

[redacted] HUERTAS YVONNE

Final N

688 WALLACE ST

YORK PA 17403

YORK FAMILY HOMES LLC

YORK PA 17403 474021518

(Individual=1, PA S Corp=2, All Other Corp=3, Estate/Trust=4, Partnership=5, LLC=6, Exempt=7) Owner 1

Amended N

Shareholder's Stock Ownership % 00000

Beneficiary's year-end Distribution % 00000

Partner's % of: Profit sharing % 05000

Loss sharing % 05000

Capital Ownership % 05000

Fiscal Year N (Estate/Trust=E, Partnership=P, PA S Corp=S, LLC=L) L

Short Year N General Partner or LLC Member-Manager Y Limited Partner or Other LLC Member N

| Section | Line | Description | | Amount |
|---|---|---|---|---|
| SECTION II | 1 | PA-Taxable Business Income (Loss) from Operations | 1 | 0 |
| | 2 | Interest Income | 2 | 0 |
| | 3 | Dividend Income | 3 | 0 |
| | 4 | Net Gain (Loss) from the Sale, Exchange or Disposition of Property | 4 | 0 |
| | 5 | Net Income (Loss) from Rents, Royalties, Patents and Copyrights | 5 | -2242 |
| | 6 | Income of/from Estates or Trusts | 6 | 0 |
| | 7 | Gambling and Lottery Winnings (Loss) | 7 | 0 |
| SECTION III | 8 | Resident Credit. Submit statement. | 8 | 0 |
| | 9 | Total Other Credits. Submit statement. | 9 | 0 |
| SECTION IV | 10 | Distributions of Cash, Marketable Securities, and Property - not including guaranteed payments | 10 | 0 |
| | 11 | Guaranteed Payments for Capital or Other Services | 11 | 0 |
| | 12 | All Other Guaranteed Payments for Services Rendered | 12 | 0 |
| | 13 | Guaranteed Payments to the Retired Partner | 13 | 0 |
| SECTION V | 14 | Distributions from PA Accumulated Adjustments Account — Liquidating N | 14 | 0 |
| | 15 | Distributions of Cash, Marketable Securities, and Property | 15 | 0 |
| SECTION VI | 16 | Nontaxable income (loss) or nondeductible expenses required to calculate owner's basis. Submit statement. | 16 | 0 |
| | | **Note: Lines 17 through 20 are for information purposes only.** | | |
| SECTION VII | 17 | Owner's Share of IRC Section 179 allowed according to PA rules | 17 | 0 |
| | 18 | Owner's Share of Straight-Line Depreciation | 18 | 0 |
| | 19 | Partner's Share of Nonrecourse Liabilities at year-end | 19 | 0 |
| | 20 | Partner's Share of Recourse Liabilities at year-end | 20 | 0 |

**NOTE: Amounts from this schedule must be reported on the appropriate PA Tax Return.**

1907211534

1907211534

1907311839

PA Schedule NRK-1 (07-19)

# 2019 Nonresident Schedule of Shareholder/Partner/Beneficiary Pass Through Income, Loss and Credits

[redacted] AHEARN LAWRENCE E

Final Y

10720 12012 STREET

(Individual=1, PA S Corp=2, All Other Corp=3, Estate/Trust=4, Partnership=5, LLC=6, Exempt=7) Owner 1

Shareholder's Stock Ownership % 00000

Amended N

SOUTH RICHMOND HILLNY 11419

Beneficiary's year-end Distribution % 00000

YORK FAMILY HOMES LLC

Partner's % of: Profit sharing % 00000

YORK PA 17403 474021518

Loss sharing % 00000

Fiscal Year N

(Estate/Trust=E, Partnership=P, PA S Corp=S, LLC=L) L

Capital Ownership % 00000

Short Year N

General Partner or LLC Member-Manager Y

Limited Partner or Other LLC Member N

**NOTE: Amounts from this schedule must be reported on the appropriate PA Tax Return.**

| Section | Line | Description | | Line | Amount |
|---|---|---|---|---|---|
| SECTION II | 1 | PA-Taxable Business Income (Loss) from Operations | | 1 | 0 |
| | 2 | Net Gain (Loss) from the Sale, Exchange or Disposition of Property | | 2 | 0 |
| | 3 | Net Income (Loss) from Rents, Royalties, Patents and Copyrights | | 3 | -368 |
| | 4 | Income of/from Estates or Trusts | | 4 | 0 |
| | 5 | Gambling and Lottery Winnings (Loss) | | 5 | 0 |
| SECTION III | 6 | PA Nonresident Tax Withheld | | 6 | 0 |
| | 7 | Total Other Credits. Submit statement. | | 7 | 0 |
| SECTION IV | 8 | Distributions of Cash, Marketable Securities, and Property - not including guaranteed payments | | 8 | 0 |
| | 9 | Guaranteed Payments for Capital or Other Services | | 9 | 0 |
| | 10 | All Other Guaranteed Payments for Services Rendered (PA-Apportioned Amount Only) | | 10 | 0 |
| | 11 | Guaranteed Payments to the Retired Partner | | 11 | 0 |
| SECTION V | 12 | Distributions from PA Accumulated Adjustments Account | Liquidating N | 12 | 0 |
| | 13 | Distributions of Cash, Marketable Securities, and Property | | 13 | 0 |
| SECTION VI | 14 | Nontaxable income (loss) or nondeductible expenses required to calculate owner's economic investment. Submit statement. | | 14 | 0 |
| | | **Note: Lines 15 through 18 are for information purposes only.** | | | |
| SECTION VII | 15 | Owner's Share of IRC Section 179 allowed according to PA rules | | 15 | 0 |
| | 16 | Owner's Share of Straight-Line Depreciation | | 16 | 0 |
| | 17 | Partner's Share of Nonrecourse Liabilities at year-end | | 17 | 0 |
| | 18 | Partner's Share of Recourse Liabilities at year-end | | 18 | 0 |

1907311839 1907311839

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 89 of 116

PAWKNWA~

SCHEDULE NW - Line A Worksheet

2019

Name of Entity
YORK FAMILY HOMES LLC

Federal Identification Number
47-4021518

| SSN OR FEIN | NAME OF PARTNER/SHAREHOLDER | Income/Loss from Business Operations | Gain/Loss from Sale, Exch. or Disposition | Rents, Royalties, Copyrights, Patents | Income/Loss from Estate or Trust | Gambling and Lottery Winnings | Guaranteed Payments for Svcs Rendered | NR SHARE OF TAXABLE INCOME |
|---|---|---|---|---|---|---|---|---|
| [redacted] | LAWRENCE E AHEARN | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| | 0 * .0307 = 0 | | | | | | | ========= |
| | | | | | | | | 0 |

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 90 of 216

| PA E Attachment | PA 20S65 Schedule E Line 16a Attachment (Keep for your records) | 2019 |
|---|---|---|
| Name(s) YORK FAMILY HOMES LLC | | Employer's ID Number 47-4021518 |

SINGLE FAMILY 548 W PHILADELPHIA ST YORK PA 17404

| Description | Amount |
|---|---|
| BUSINESS USE OF CELL | 700 |
| SHIPLEY ENERGY AND YORK COUN | 894 |
| TOTAL | 1594 |

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 91 of 116

| PA E Attachment | PA 20S65 Schedule E Line 16a Attachment<br>(Keep for your records) | 2019 |
|---|---|---|

| Name(s) | Employer's ID Number |
|---|---|
| YORK FAMILY HOMES LLC | 47-4021518 |

SINGLE FAMILY 444 WALLACE ST YORK PA 17403

| Description | Amount |
|---|---|
| BUSINESS USE OF CELL | 700 |
| | =========== |
| TOTAL | 700 |

PAE_AT.LD

DRAKE

| PA E Attachment | PA 20S65 Schedule E Line 16a Attachment (Keep for your records) | 2019 |
|---|---|---|
| Name(s) YORK FAMILY HOMES LLC | | Employer's ID Number 47-4021518 |

SINGLE FAMILY 919 E PROSPECT ST YORK PA 17403

| Description | Amount |
|---|---|
| BUSINESS USE OF CELL | 700 |
| | ============ |
| TOTAL | 700 |

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 93 of 116

PA_PDF~

(KEEP FOR YOUR RECORDS)

**State EF Attachments**

2019

Names as shown on return: YORK FAMILY HOMES LLC

FEIN/SSN: 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

| Reference | Description | Filename: |
|---|---|---|
| PA 20S65 SCH E LINE | PA 20S65 SCH E LINE 16 | PAMISCSTATEATTACHMENT.PDF |
| PA 20S65 SCH E LINE | PA 20S65 SCH E LINE 16 | PAMISCSTATEATTACHMENT.PDF |
| PA 20S65 SCH E LINE | PA 20S65 SCH E LINE 16 | PAMISCSTATEATTACHMENT.PDF |



*** Before selecting this return for EF, ensure all PDFs are current, based on the last calculation. ***

# 1065 TAX RETURN COMPARISON
## 2017 / 2018 / 2019

**2019**

Name(s) as shown on return: YORK FAMILY HOMES LLC

Identifying number: 47-4021518

| | 2017 FEDERAL | 2018 FEDERAL | 2019 FEDERAL | DIFFERENCE BETWEEN 2018 & 2019 |
|---|---|---|---|---|
| **Income** | | | | |
| Net receipts | | | | |
| Cost of goods sold | | | | |
| Gross profit | | | | |
| Ordinary income (loss) from other partnerships, estates, trusts | | | | |
| Net farm profit (loss) | | | | |
| Net gain/loss from 4797 | | | | |
| Other income | | | | |
| Total income | | | | |
| **Deductions** | | | | |
| Salaries and wages | | | | |
| Guaranteed payments to partners | | | | |
| Repairs and maintenance | | | | |
| Bad debts | | | | |
| Rents | | | | |
| Taxes and licenses | | | | |
| Interest | | | | |
| Depreciation from Form 4562 | | | | |
| Depreciation claimed elsewhere | | | | |
| Net depreciation | | | | |
| Depletion | | | | |
| Pension, profit-sharing | | | | |
| Employee benefits | | | | |
| Other deductions | | | | |
| Total deductions | | | | |
| **Ordinary business income(loss)** | | | | |
| **SCHEDULE K - Partner's Share Items** | | | | |
| **Income** | | | | |
| Ordinary business income (loss) | | | | |
| Net rental real estate income (loss) | (334) | (3,009) | (4,483) | (1,474) |
| Other net rental income (loss) | | | | |
| Guaranteed Payments | | | | |
| Interest income | | | | |
| Ordinary dividends | | | | |
| Qualified dividends | | | | |
| Royalties | | | | |
| Net short-term capital gain (loss) | | | | |
| Net long-term capital gain (loss) | | | | |
| Collectibles (28%) gain (loss) | | | | |
| Unrecaptured section 1250 gain | | | | |
| Net section 1231 gain (loss) | | | | |
| Other income (loss) | | | | |
| **Deductions** | | | | |
| Section 179 deduction | | | | |
| Contributions | | | | |
| Investment interest expense | | | | |
| Section 59(e)(2) expenditures | | | | |
| Other deductions | | | | |
| | 2017 | 2018 | 2019 | DIFFERENCE |

COMPAREP.LD

# 1065 TAX RETURN COMPARISON
## 2017/ 2018 / 2019

**2019**

Page 2

Name(s) as shown on return: YORK FAMILY HOMES LLC

Identifying number: 47-4021518

| | 2017 FEDERAL | 2018 FEDERAL | 2019 FEDERAL | DIFFERENCE BETWEEN 2018 & 2019 |
|---|---|---|---|---|
| **Self-Employment** | | | | |
| Net earnings (loss) from self-employment | | | | |
| Gross farming or fishing income | | | | |
| Gross nonfarm income | | | | |
| **Credits** | | | | |
| Low-income housing credit (section 42(j)(5)) | | | | |
| Low-income housing credit (other) | | | | |
| Qualified rehabilitation expenditures (rental real estate) | | | | |
| Other rental real estate credits | | | | |
| Other rental credits | | | | |
| Other credits | | | | |
| **Foreign Transactions** | | | | |
| Gross income from all sources | | | | |
| Gross income sourced at partner level | | | | |
| Foreign gross income sourced at partnership | | | | |
| Passive | | | | |
| General categories | | | | |
| Other limitation | | | | |
| Deductions allocated and apportioned at partner level | | | | |
| Interest expense | | | | |
| Other | | | | |
| Ded allocated / apportioned at ptr level to foreign source inc. | | | | |
| Passive | | | | |
| General categories | | | | |
| Other limitation | | | | |
| Total foreign taxes paid or accrued | | | | |
| Reduction in taxes available for credit | | | | |
| **Alternative Minimum Tax (AMT) Items** | | | | |
| Post-1986 depreciation adjustment | | | | |
| Adjusted gain or loss | | | | |
| Depletion | | | | |
| Oil, gas, and geothermal properties - gross income | | | | |
| Oil, gas, and geothermal properties - deductions | | | | |
| Other AMT items | | | | |
| **Other Information** | | | | |
| Tax-exempt interest income | | | | |
| Other tax-exempt income | | | | |
| Nondeductible expenses | | | | |
| Distribution of cash and marketable securities | | | | |
| Distributions of other property | | | | |
| Investment income | | | | |
| Investment expenses | | | | |

| RESIDENT STATE | PA | PA | PA | |
|---|---|---|---|---|
| Taxable income | | | | |
| Total tax | | | | |
| Overpayment | | | | |
| Balance due | | | | |
| | 2017 | 2018 | 2019 | DIFFERENCE |

COMPAREP.LD2

# EXHIBIT I

**UPI 124151700040000000**
**919 Prospect Street, York, PA 17403**
**York City**

# THIS DEED

**MADE** the 24th day of June 2021, in the year Two Thousand Twenty-One (2021).

**BETWEEN** **York Family Homes, LLC,** a Pennsylvania limited liability company, of York County, Pennsylvania,

GRANTOR

AND

**Esterlina Guerrero,** single woman, of York County, Pennsylvania,

GRANTEE

**WITNESSETH,** that in consideration of **EIGHTY-FIVE THOUSAND and 00/100 ($85,000.00) DOLLARS,** in hand paid, the receipt whereof is hereby acknowledged, the said Grantor does hereby grant and convey to the said Grantee, her respective heirs and assigns,

**ALL THAT CERTAIN** lot of ground with the improvements thereon erected, situate on Prospect Street, Norway Park, in the City of York, York County, Pennsylvania, bounded and described as follows, to wit:

On the South by Prospect Street on the East by other property now or formerly of Roman Runkle and wife; on the North by a twenty foot wide alley and on the West by property now or formerly of Harry and Elizabeth Hykes. Having a frontage on said Prospect Street of twenty-five feet and extending Northwardly of a uniform width throughout one hundred twenty feet to said twenty foot wide alley known as Number 919 East Prospect Street.

**BEING** the same premises which Fannie Mae a/k/a Federal National Mortgage Association, by deed dated October 28, 2015, and recorded in the Office of the Recorder of Deeds in

and for York County, Pennsylvania, in Record Book 2344, Page 593, granted and conveyed unto York Family Homes, LLC, a Pennsylvania limited liability company, the GRANTOR herein.

**UNDER AND SUBJECT, NEVERTHELESS,** to the same conditions, restrictions, exceptions and reservations as exist by virtue of prior recorded instruments, deeds and conveyances.

**AND** the said Grantor will Warrant SPECIALLY the property hereby conveyed.

**IN WITNESS WHEREOF**, the said Grantor has here unto set its hand and seal the day and year first above written.

Signed, Sealed and Delivered
in the presence of

York Family Homes, LLC

By: Ivonne Huertas

Name: Ivonne Huertas

Title: member

**COMMONWEALTH OF PENNSYLVANIA:**

**COUNTY OF YORK :**

On this, the 24th day of June 2021, 2021, before me, the undersigned Notary Public, personally appeared, Ivonne Huertas, who acknowledged himself/herself to be the member of York Family Homes, LLC, a company, and that he/she as such member being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the company by himself/herself as member.

IN WITNESS WHEREOF, I have hereunto set my hand and notarial seal.

Commonwealth of Pennsylvania - Notary Seal
Liz Y. Rivera, Notary Public
Lancaster County
My commission expires November 30, 2023
Commission number 1294921
Member, Pennsylvania Association of Notaries

NOTARY PUBLIC
Commission Expires: 11/30/2023

**I HEREBY CERTIFY** that the precise residence and complete post office address of the grantees herein is: 919 E. Prospect St York PA 17403

AGENT/ATTORNEY FOR GRANTEE

*YORK COUNTY RECORDER OF DEEDS*
*28 EAST MARKET STREET*
*YORK, PA 17401*

*Laura Shue - Recorder*
*Tina M. Channell - Deputy*




Instrument Number - 2021041822
Recorded On 7/7/2021 At 7:37:09 AM
* Instrument Type - DEED
Invoice Number - 1441234
* Grantor - YORK FAMILY HOMES LLC
* Grantee - GUERRERO, ESTERLINA
User - TMC
* Customer - LSG SETTLEMENTS, LLC

Book - 2663 Starting Page - 4753
* Total Pages - 4

* Received By:

* FEES

| | |
|---|---|
| STATE TRANSFER TAX | $850.00 |
| STATE WRIT TAX | $0.50 |
| JCS/ACCESS TO JUSTICE | $40.25 |
| RECORDING FEES | $13.00 |
| AFFORDABLE HOUSING | $11.50 |
| PIN NUMBER FEES | $10.00 |
| BLIGHT DEMOLITION FUND | $15.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| YORK CITY SCHOOL REALTY TAX | $425.00 |
| YORK CITY | $425.00 |
| TOTAL PAID | $1,795.25 |

York County UPI Certification
On July 6, 2021 By JV

PARCEL IDENTIFICATION NUMBER
124151700040000000
Total Parcels: 1

I Certify This Document To Be
Recorded In York County, Pa.

*Laura Shue*
Recorder of Deeds

*THIS IS A CERTIFICATION PAGE*

***PLEASE DO NOT DETACH***

*THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT*

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

Book: 2663 Page: 4756

# EXHIBIT J

Prepared by and Return to:
Prime Transfer Inc.
1525 Oregon Pike
Suite 902
Lancaster, PA 17601
File No. PTI-9448
Parcel No: 11-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-00-00000
Property Address:
548 West Philadelphia Street
York, PA 17401

**This Indenture**, made the 15th day of April, 2022

Between

**York Family Homes LLC, a Pennsylvania Limited Liability Company**

(hereinafter called the Grantors), of the one part, and

**Jakub Pawlowski, an adult individual**

(hereinafter called the Grantees), of the other part, and

Witnesseth, that the said Grantors for and in consideration of the sum of **NINETY FIVE THOUSAND AND 00/100 ($95,000.00)** lawful money of the United States of America, unto it well and truly paid by the said Grantee, at or before the sealing and delivery hereof, the receipt whereof is hereby acknowledged, have granted, bargained and sold, released and confirmed, and by these presents do grant, bargain and sell, release and confirm unto the said Grantee, as sole owner:

ALL THAT CERTAIN lot of ground with the improvements thereon erected, situate on the south side of West Philadelphia Street in the Eleventh Ward of the City of York, County of York, and State of Pennsylvania and known as No. 548 West Philadelphia Street, bounded and limited as follows, to wit:

BEGINNING on the North by West Philadelphia Street; on the East by property now or formerly of Charles R. and Henrietta Stall; on the south by property now or formerly of George D. Deardorff and on the west by property now or formerly of Wilmer D. and Marie Hankey.

CONTAINING in front on West Philadelphia Street, twenty (20) feet, more or less, and extending southwardly, of uniform width throughout, one hundred forty-seven (147) feet, to aforesaid property now or formerly of George D. Deardorff.

Parcel ID: 11-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-00-00000

BEING THE SAME PREMISES York Family Homes LLC, a Pennsylvania Limited Liability Company by deed from 548 West Philadelphia, LLC dated 05/28/2015 and recorded with York County Recording Office on 06/10/2015 as Instrument #2015024681.

Together with all and singular the buildings and improvements, ways, streets, alleys, driveways, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises belonging, or in anywise appertaining, and the reversions and remainders, rents, issues, and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever it, the said grantor, as well at law as in equity, of, in and to the same.

To have and to hold the said lot or piece of ground described above, with the buildings and improvements thereon erected, hereditaments and premises hereby granted, or mentioned and intended so to be, with the appurtenances, unto the said Grantee, their heirs and assigns, to and for the only proper use and behoof of the said Grantee, their heirs and assigns, forever.

And the said Grantor, for themselves and their heirs, executors and administrators, do, by these presents, covenant, grant and agree, to and with the said Grantee, their heirs and assigns, that they the said Grantor, and their heirs, all and singular the hereditaments and premises herein described and granted, or mentioned and intended so to be, with the appurtenances, unto the said Grantee, their heirs and assigns, against it, the said Grantor, and their heirs, will SPECIALLY WARRANT and DEFEND against the lawful claims of all persons claiming by, through or under the said Grantor but not otherwise.

In Witness Whereof, the parties of the first part have hereunto set their hands and seals. Dated the day and year first above written.

Sealed and Delivered
IN THE PRESENCE OF US:

York Family Homes LLC, a
Pennsylvania Limited Liability Company

By: Ivonne Huertas member
Ivonne Huertas, Manager

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF LANCASTER

On this, the 15th day of April, 2022, before me Leilani Brown the undersigned officer, personally appeared Ivonne Huertas, who acknowledged himself (herself) to be the Manager of York Family Homes LLC, a Limited Liability Company, and that he (she) as such Manager, being authorized to do so, executed foregoing instrument for the purpose therein contained by signing the name of the Limited Liability Company by himself (herself) as Manager.

In witness whereof, I hereunto set my hand and official seals.

Signature

Notary Public
Title of Officer

Commonwealth of Pennsylvania - Notary Seal
Leilani M. Brown, Notary Public
Lancaster County
My commission expires July 1, 2023
Commission number 1291753
Member, Pennsylvania Association of Notaries

The precise residence and the complete post office address of the above-named Grantee is:
8511 Lefferts BLVD. Apt. 2F Kew gardens, NY 11415

On behalf of the Grantee

*YORK COUNTY RECORDER OF DEEDS*
*28 EAST MARKET STREET*
*YORK, PA 17401*

*Laura Shue - Recorder*
*Tina M. Channell - Deputy*




Instrument Number - 2022021925
Recorded On 4/20/2022 At 12:05:50 PM
* Instrument Type - DEED
Invoice Number - 1490505
* Grantor - YORK FAMILY HOMES LLC
* Grantee - PAWLOWSKI, JAKUB
User - TMC
* Customer - PRIME TRANSFER INC

Book - 2723 Starting Page - 6861
* Total Pages - 4

* Received By: ERECORD

* FEES

| | |
|---|---|
| STATE TRANSFER TAX | $950.00 |
| STATE WRIT TAX | $0.50 |
| JCS/ACCESS TO JUSTICE | $40.25 |
| RECORDING FEES | $13.00 |
| AFFORDABLE HOUSING | $11.50 |
| PIN NUMBER FEES | $10.00 |
| BLIGHT DEMOLITION FUND | $15.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| YORK CITY SCHOOL REALTY TAX | $475.00 |
| YORK CITY | $475.00 |
| TOTAL PAID | $1,995.25 |

York County UPI Certification
On April 20, 2022 By JV

PARCEL IDENTIFICATION NUMBER
113010500760000000
Total Parcels: 1

I Certify This Document To Be
Recorded In York County, Pa.

Laura Shue
Recorder of Deeds

*THIS IS A CERTIFICATION PAGE*

## ***PLEASE DO NOT DETACH***

*THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT*

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

# EXHIBIT K

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 107 of 116

UPI: 07-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.00-00000
Address: 444 Wallace Street
York City, 7th Ward

# THIS DEED

Made this 2nd day of December, Two Thousand Twenty-Two (2022),

BETWEEN

York Family Homes, LLC, a Pennsylvania limited liability company, GRANTOR

AND

Juan Rivera, an adult individual, GRANTEE

WITNESSETH, that in consideration of One Dollar ($1.00) in hand paid, the receipt whereof is hereby acknowledged, the said Grantor does hereby grant and convey to the said Grantee, his heirs and assigns:

ALL the following described lot of ground situate, lying and being in York City, County of York, Commonwealth of Pennsylvania, known as 444 Wallace Street, bounded and limited as follows, to wit:

**BEGINNING** at a stake on the southern side of Wallace Street, said stake being south sixty-five (65) degrees fifty-eight (58) minutes thirty (30) seconds West sixty-nine and seventy-four hundredths (69.74) feet from the southwestern corner of Wallace Street and Powder Road; thence by property now or formerly of John A. Wingar and wife, through a division wall of the residence located on the herein described property and the other adjoining on the East, South twenty-four (24) degrees one (01) minute thirty (30) seconds East, seventy-five and fifty-seven hundredths (75.57) feet to a stake; thence South sixty-five (65) degrees fifty-six (56) minutes twenty (20) seconds West fourteen and six hundredths (14.06) feet to a stake; thence through the division wall of the residence located on the herein described property and the one adjoining on the West North twenty-four (24) degrees one (01) minute thirty (30) seconds West seventy-five and fifty-eight hundredths (75.58) to a stake; thence by the southern side of Wallace Street North sixty-five (65) degrees fifty-eight (58) minutes thirty (30) seconds East fourteen and six hundredths (14.06) feet to a stake, the first mentioned point and the place of BEGINNING.

**BEING** the same premises which The Tax Claim Bureau of York County, Pennsylvania, TRUSTEE GRANTOR, by Deed dated February 1, 2016 and recorded February 4, 2016, in the Office of the Recorder of Deeds in and for the County of York, Pennsylvania, in Book 2355, Page 8017, Instrument No. 2016004838, granted and conveyed unto York Family Homes, LLC, the Grantor herein.

Together with all and singular the buildings and improvements, ways, streets, alleys, driveways, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances whatsoever unto the hereby granted premises belonging, or in anywise appertaining, and the reversions and remainders, rents, issues, and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever of it, the said Grantor, as well at law as in equity, of, in and to the same.

To have and to hold the said lot or piece of ground described above, with the buildings and improvements thereon erected, hereditaments and premises hereby granted, or mentioned and intended to be, with the appurtenances, unto the said Grantee, his heirs and assigns, to and for the only proper use and behoof of said Grantee, his heirs and assigns forever.

And that the said Grantor does hereby warrant specially the property hereby conveyed.

In Witness Whereof, the said Grantor has caused its common and company seal to be affixed to these presents by the hand of its officer the day and year first above written.

York Family Homes, LLC

WITNESS:

By: Ivonne Huertas

Ivonne Huertas, Manager

Case 1:24-cv-00935-JPW Document 19-1 Filed 08/20/24 Page 109 of 116

Commonwealth of Pennsylvania :
: ss
County of York :

On this the 2nd day of December, 2022, before me, a Notary Public, the undersigned officer, personally appeared Ivonne Huertas, who acknowledged herself to be the Manager of York Family Homes, LLC, and she, as such Manager being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the company by herself as such Manager.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Tammy J. Woods
Notary Public

My commission expires:

Commonwealth Of Pennsylvania - Notary Seal
Tammy J. Woods, Notary Public
York County
My Commission Expires May 3, 2025
Commission Number 1182060

The undersigned does hereby certify that the precise address and complete post office address of the within named Grantee is: 688 Wallace St. York, PA 17403.

Date: 12-2-22

Attorney for Grantee

**No Title Certification**

**The chain and status of title to the above premises has not been examined, investigated, reviewed or otherwise searched by John J. Baranski, Jr., Esquire, MPL Land Services and MPL Law Firm, prior to or for purpose of the transfer of the above premises by this instrument. However, John J. Baranski, Jr., Esquire, MPL Land Services and MPL Law Firm have not issued or made any certification, opinion, report or warranty regarding the condition, marketability or status of title to the above premises, and the Grantee(s) accept title to said premises by this instrument in "As Is" condition and under and subject to any and all conditions, encumbrances, exceptions, liens and reservations as may appear or exist.**

1830019105

pennsylvania DEPARTMENT OF REVENUE (EX) MOD 06-19 (FI)

# REV-183

BUREAU OF INDIVIDUAL TAXES
PO BOX 280603
HARRISBURG, PA 17128-0603

## REALTY TRANSFER TAX STATEMENT OF VALUE

COMPLETE EACH SECTION

**RECORDER'S USE ONLY**

State Tax Paid:
Book: Page:
Instrument Number:
Date Recorded:

### SECTION I TRANSFER DATA

Date of Acceptance of Document

| Grantor(s)/Lessor(s) | Telephone Number | Grantee(s)/Lessee(s) | Telephone Number |
|---|---|---|---|
| York Family Homes, LLC | (717) 586-4312 | Juan Rivera | (717) 586-4313 |

| Mailing Address | | | Mailing Address | | |
|---|---|---|---|---|---|
| 688 Wallace Street | | | 688 Wallace Street | | |
| City | State | ZIP Code | City | State | ZIP Code |
| York | PA | 17403 | York | PA | 17403 |

### SECTION II REAL ESTATE LOCATION

| Street Address | City, Township, Borough | |
|---|---|---|
| 444 Wallace Street | York City | |
| County | School District | Tax Parcel Number |
| York | York City | 07-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.00-00000 |

### SECTION III VALUATION DATA

Was transaction part of an assignment or relocation? ☐ YES ☒ NO

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| 1.00 | + 0.00 | = 1.00 |
| 4. County Assessed Value | 5. Common Level Ratio Factor | 6. Computed Value |
| 22,860.00 | x 1.52 | = 34,747.20 |

### SECTION IV EXEMPTION DATA - Refer to instructions for exemption status.

| 1a. Amount of Exemption Claimed | 1b. Percentage of Grantor's Interest in Real Estate | 1c. Percentage of Grantor's Interest Conveyed |
|---|---|---|
| $ 0.00 | 100 % | 100 % |

**2. Fill in the Appropriate Oval Below for Exemption Claimed.**

- ☐ Will or intestate succession. ______ (Name of Decedent) ______ (Estate File Number)
- ☐ Transfer to a trust. (Attach complete copy of trust agreement and all amendments.)
- ☐ Transfer from a trust. (Attach complete copy of trust agreement and all amendments.)
- ☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)
- ☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)
- ☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)
- ☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)
- ☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)
- ☒ Other (Provide a detailed explanation of exemption claimed. If more space is needed attach additional sheets.)

Paying transfer taxes on calculated value off of assessed value.

### SECTION V CORRESPONDENT INFORMATION - All inquiries may be directed to the following person:

| Name | | | Telephone Number |
|---|---|---|---|
| John J. Baranski, Esquire, MPL Law Firm | | | (717) 845-3674 |
| Mailing Address | City | State | ZIP Code |
| 96 South George Street, Suite 400 | York | PA | 17401 |

Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

Signature of Correspondent or Responsible Party [signature] Date 12-2-22

FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.

1830019105

1830019105

*YORK COUNTY RECORDER OF DEEDS*
*28 EAST MARKET STREET*
*YORK, PA 17401*

*Laura Shue - Recorder*
*Tina M. Channell - Deputy*



Book - 2760 Starting Page - 4215
* Total Pages - 5

Instrument Number - 2022062027
Recorded On 12/5/2022 At 1:21:21 PM
* Instrument Type - DEED
Invoice Number - 1522118
* Grantor - YORK FAMILY HOMES LLC
* Grantee - RIVERA, JUAN
User - CND
* Customer - MPL LANDSERVICES LLC

* Received By: ERECORD

* **FEES**

| | |
|---|---|
| STATE TRANSFER TAX | $347.47 |
| STATE WRIT TAX | $0.50 |
| JCS/ACCESS TO JUSTICE | $40.25 |
| RECORDING FEES | $15.00 |
| AFFORDABLE HOUSING | $11.50 |
| PIN NUMBER FEES | $10.00 |
| BLIGHT DEMOLITION FUND | $15.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| YORK CITY SCHOOL REALTY TAX | $173.74 |
| YORK CITY | $173.73 |
| TOTAL PAID | $792.19 |

York County UPI Certification
On December 5, 2022 By AML

PARCEL IDENTIFICATION NUMBER
07133030016000000
Total Parcels: 1

I Certify This Document To Be
Recorded In York County, Pa.

LAURA SHUE · RECORDER OF DEEDS · YORK COUNTY PA

Laura Shue
Recorder of Deeds

*THIS IS A CERTIFICATION PAGE*

***PLEASE DO NOT DETACH***

*THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT*

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

Book: 2760 Page: 4219

# EXHIBIT L

UPI: 07-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.00-00000
Address: 444 Wallace Street
York City, 7th Ward

THIS IS A TRANSFER FROM FATHER TO FATHER AND DAUGHTER AND THEREFORE IS EXEMPT FROM REALTY TRANSFER TAXES.

# THIS DEED

Made this 19th day of May, Two Thousand Twenty-Three (2023),

BETWEEN

JUAN RIVERA, an adult individual,

GRANTOR

AND

JUAN RIVERA and CRYSTAL RUBY RIVERA, an adult individuals, as joint tenants with the right of survivorship,

GRANTEES

WITNESSETH, that in consideration of One Dollar ($1.00) in hand paid, the receipt whereof is hereby acknowledged, the said Grantor does hereby grant and convey to the said Grantee, their heirs and assigns:

**ALL** the following described lot of ground situate, lying and being in York City, County of York, Commonwealth of Pennsylvania, known as 444 Wallace Street, bounded and limited as follows, to wit:

**BEGINNING** at a stake on the southern side of Wallace Street, said stake being south sixty-five (65) degrees fifty-eight (58) minutes thirty (30) seconds West sixty-nine and seventy-four hundredths (69.74) feet from the southwestern corner of Wallace Street and Powder Road; thence by property now or formerly of John A. Wingar and wife, through a division wall of the residence located on the herein described property and the other adjoining on the East, South twenty-four (24) degrees one (01) minute thirty (30) seconds East, seventy-five and fifty-seven hundredths (75.57) feet to a stake; thence South sixty-five (65) degrees fifty-six (56) minutes twenty (20) seconds West fourteen and six hundredths (14.06) feet to a stake; thence through the division wall of the residence located on the herein described property and the one adjoining on the West North twenty-four (24) degrees one (01) minute thirty (30) seconds West seventy-five and fifty-eight hundredths (75.58) to a stake; thence by the southern side of Wallace Street North sixty-five (65)

degrees fifty-eight (58) minutes thirty (30) seconds East fourteen and six hundredths (14.06) feet to a stake, the first mentioned point and the place of BEGINNING.

**BEING** the same premises which York Family Homes, LLC, by Deed dated December 2, 2022 and recorded December 5, 2022, in the Office of the Recorder of Deeds in and for the County of York, Pennsylvania, in Book 2760, Page 4215, Instrument No. 2022062027, granted and conveyed unto Juan Rivera, the Grantor herein.

Together with all and singular the buildings and improvements, ways, streets, alleys, driveways, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances whatsoever unto the hereby granted premises belonging, or in anywise appertaining, and the reversions and remainders, rents, issues, and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever of it, the said Grantor, as well at law as in equity, of, in and to the same.

To have and to hold the said lot or piece of ground described above, with the buildings and improvements thereon erected, hereditaments and premises hereby granted, or mentioned and intended to be, with the appurtenances, unto the said Grantees, their heirs and assigns, to and for the only proper use and behoof of said Grantees, their heirs and assigns forever.

And that the said Grantor does hereby warrant specially the property hereby conveyed.

In Witness Whereof, the said Grantor has hereunto set his hand and seal the day and year first above written.

WITNESS:

______________________________ ______________________________(SEAL)

Juan Rivera

Commonwealth of Pennsylvania :
: ss
County of York :

On this the 19th day of May, 2023, before me, a Notary Public, the undersigned officer, personally appeared Juan Rivera, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Tammy J Woods
Notary Public

My commission expires:

Commonwealth Of Pennsylvania - Notary Seal
Tammy J. Woods, Notary Public
York County
My Commission Expires May 3, 2025
Commission Number 1182060

The undersigned does hereby certify that the precise address and complete post office address of the within named Grantees is: 444 Wallace Street, York PA 17403.

Date: 5/19/23

Attorney for Grantees

**No Title Certification**

**The chain and status of title to the above premises has not been examined, investigated, reviewed or otherwise searched by John J. Baranski, Jr., Esquire, MPL Land Services and MPL Law Firm, prior to or for purpose of the transfer of the above premises by this instrument. However, John J. Baranski, Jr., Esquire, MPL Land Services and MPL Law Firm have not issued or made any certification, opinion, report or warranty regarding the condition, marketability or status of title to the above premises, and the Grantee(s) accept title to said premises by this instrument in "As Is" condition and under and subject to any and all conditions, encumbrances, exceptions, liens and reservations as may appear or exist.**




*YORK COUNTY RECORDER OF DEEDS*
*28 EAST MARKET STREET*
*YORK, PA 17401*

*Laura Shue - Recorder*
*Tina M. Channell - Deputy*

Instrument Number - 2023018527
Recorded On 5/19/2023 At 4:07:09 PM
* Instrument Type - DEED
Invoice Number - 1539918
* Grantor - RIVERA, JUAN
* Grantee - RIVERA, JUAN
User - SMB
* Customer - MPL LANDSERVICES LLC

Book - 2780 Starting Page - 7412
* Total Pages - 4

* Received By: ERECORD

* FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| JCS/ACCESS TO JUSTICE | $40.25 |
| RECORDING FEES | $13.00 |
| AFFORDABLE HOUSING | $11.50 |
| PIN NUMBER FEES | $10.00 |
| BLIGHT DEMOLITION FUND | $15.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| TOTAL PAID | $95.25 |

**York County UPI Certification**
**On May 19, 2023 By SKS**

PARCEL IDENTIFICATION NUMBER
071330300160000000
Total Parcels: 1

I Certify This Document To Be
Recorded In York County, Pa.

Recorder of Deeds

*THIS IS A CERTIFICATION PAGE*

***PLEASE DO NOT DETACH***

*THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT*

*** - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.**

Book: **2780** Page: **7415**

# EXHIBIT "B"

**KANE, PUGH, KNOELL, TROY & KRAMER LLP**
**PAUL C. TROY, ESQUIRE**
ATTORNEY ID. NO. 60875
**AMANDA M. SLEZAK, ESQUIRE**
ATTORNEY ID. NO. 331708
4 SENTRY PARKWAY EAST
SUITE 100
BLUE BELL, PA 19422
(610) 275-2000

Attorney for Defendants,
MPL Law Firm LLP, MPL Land Services, LLC, and John J. Baranski, Jr., Esquire

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ESTATE OF LAWRENCE A. AHEARN, THROUGH MICHAEL AHEARN AS ADMINISTRATOR, | : | |
| v. | : | No. 1:24-cv-00935-JPW |
| | : | JURY TRIAL DEMANDED |
| YORK FAMILY HOMES, LLC, JUAN C. RIVERA, CRYSTAL RUBY RIVERA, IVONNE HUERTAS, JOHN RIVERA, IVONNE HUERTAS, JOHN J. BARANSKI, JR., ESQUIRE, MPL LAW FIRM LLP, MPL LAND SERVICES, LLC, AND BLAKEY, YOST, BUPP & RAUSCH LLP, N/K/A MPL LAW FIRM, LLP | : | |

## ANSWER OF DEFENDANTS, MPL LAW FIRM LLP, MPL LAND SERVICES, LLC, AND JOHN J. BARANSKI, JR., ESQUIRE, TO PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIM

Defendants, MPL Law Firm LLP, MPL Land Services, LLC, and John J. Baranski, Jr., Esquire (collectively, "Answering Defendants"), by and through their attorneys, Kane, Pugh, Knoell, Troy & Kramer LLP, hereby submit this Answer to Plaintiff's Amended Complaint with Affirmative Defenses and Cross-Claim as follows:

1. Admitted in part, denied in part. Admitted that the Plaintiff is the Estate of Lawrence E. Ahearn through its executor, Michael Ahearn. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as

to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

2. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

3. Denied. The averments of this Paragraph are not directed at Answering Defendants, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

4. Denied. The averments of this Paragraph are not directed at Answering Defendants, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

5. Denied. The averments of this Paragraph are not directed at Answering Defendants, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

6. Denied. The averments of this Paragraph are not directed at Answering Defendants, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendants are without sufficient knowledge or information

to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied. The averments of this Paragraph are not directed at Answering Defendants, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

11. Denied. The averments of this Paragraph are not directed at Answering Defendants, therefore, no response is required.

**JURISDICTION AND VENUE**

12. Denied as legal conclusions to which no response is required. To the extent a response is required, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, therefore, they are denied and strict proof thereof is demanded at the time of trial.

13. Denied as legal conclusions to which no response is required. To the extent a response is required, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, therefore, they are denied and strict proof thereof is demanded at the time of trial.

**Relationship of the Parties**

14. Admitted.

15. Admitted in part, denied in part. It is admitted only that Baranski prepared the legal documents to form Family Homes. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. . All remaining averments are denied and strict proof thereof is demanded at the time of trial.
16. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.
17. Admitted in part, denied in part. It is admitted that a copy of the Operating Agreement is attached as Exhibit "A" to the Complaint. Exhibit "A" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.
18. Admitted as to Answering Defendants. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. ..
19. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.
20. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.
21. Admitted.
22. Admitted.
23. Admitted.
24. Admitted.

25. Admitted in part, denied in part. It is admitted that Baranski joined BYBP in 2001 and was employed by BYBP from 2001 until 2022 when BYBP merged with MPL Law. It is further admitted that Baranski has been a partner in MPL Law since the time of the merger in 2022. It is further admitted that MPL Law's website has a history page. This history page is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

**Key Provisions of the Family Homes Operating Agreement**

26. (a-c) Denied. Exhibit "A" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

27. Denied. Exhibit "A" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

28. Denied. Exhibit "A" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

**Acquisition and Rental of Real Property**

29. Admitted in part, denied in part. It is admitted only that Family Homes acquired the Wallace Street Property. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

30. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

31. Admitted in part, denied in part. It is admitted only that Plaintiff's claims purport to involve these Properties. It is denied that any such claims are meritorious and denied that Answering Defendants were negligent in any way. All remaining averments are denied. By way of further response, after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

32. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**840 E. Market Street**

33. Admitted in part, denied in part. It is admitted that a copy of the August 27, 2008 deed for 840 E. Market is attached as Exhibit "B" to the Complaint. Exhibit "B" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

34. Admitted in part, denied in part. It is admitted that a copy of the September 28, 2015 deed for 840 E. Market is attached as Exhibit "C" to the Complaint. Exhibit "C" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

35. Admitted in part, denied in part. It is admitted that a copy of the February 9, 2016 deed for 840 E. Market is attached as Exhibit "D" to the Complaint. Exhibit "D" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

36. Admitted in part, denied in part. It is admitted that a copy of the February 9, 2016 deed for 840 E. Market is attached as Exhibit "D" to the Complaint. Exhibit "D" is a writing which

speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied. It is denied that Baranski represented Ahearn in the February 9, 2016 transfer of 840 E. Market. By way of further answer, Baranski represented Family Homes in the February 9, 2016 transfer of 840 E. Market, which representation was limited to deed preparation. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

37. Denied. Exhibit "D" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

38. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

39. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

40. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**919 Prospect Street**

41. Admitted in part, denied in part. It is admitted that a copy of the October 28, 2015 deed for 919 Prospect is attached as Exhibit "E" to the Complaint. Exhibit "E" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

42. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

43. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

44. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**548 W. Philadelphia Street**

45. Admitted in part, denied in part. It is admitted that a copy of the May 28, 2015 deed for 548 West Phila. is attached as Exhibit "F" to the Complaint. Exhibit "F" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

46. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

47. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

48. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**444 Wallace Street**

49. Admitted in part, denied in part. It is admitted that a copy of the June 15, 2015 corrective deed for 444 Wallace is attached as Exhibit "G" to the Complaint. Exhibit "G" is a writing

which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

50. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**Role of Rivera and Huertas in the Rentals of the Properties**

51. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

52. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

53. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

54. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**Defendants' Acts and Omissions After Ahearn's Death**

55. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

56. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.
57. Admitted in part, denied in part. It is admitted only that Baranski became aware of Ahearn's death. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.
58. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.
59. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.
60. Denied as to Answering Defendants. It is strictly denied that Baranski facilitated the sales and transfers of 548 W. Phila. and 919 Prospect. By way of further response, Baranski was not involved in these transactions. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. All remaining averments are denied and strict proof thereof is demanded at the time of trial.
61. Admitted in part, denied in part. It is admitted only that Baranski and MPL Law prepared the deeds for the transfer of 444 Wallace from Family Homes to Rivera for $1.00 and the

subsequent transfer of 444 Wallace from Rivera to Rivera and Ruby Rivera. It is denied that Baranski and MPL Law facilitated the transfer of 444 Wallace. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

62. Admitted in part, denied in part. It is admitted only that MPL Land Services, LLC, prepared the deed for the sale and transfer of 444 Wallace from Family Homes to Rivera for $1.00 and prepared the deed and provided title insurance for the transfer of 444 Wallace from Rivera to Rivera and Ruby Rivera. It is denied that MPL Land Services, LLC facilitated the sale and transfers of 444 Wallace. By way of further response, MPL Land Services, LLC's scope of representation was limited to deed preparation and title insurance in the 444 Wallace transfers. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

63. Admitted in part, denied in part. It is admitted that a copy of Family Homes' 2019 Federal Income Tax Return is attached as Exhibit "H" to the Complaint. Exhibit "H" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied. It is strictly denied that Answering Defendants prepared and filed tax returns and strict proof thereof is demanded at the time of trial. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

64. Denied. Exhibit "H" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

65. Denied as legal conclusions to which no response is required. To the extent a response is required, these averments are denied as to the Answering Defendants and strict proof thereof is demanded at the time of trial. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**The Defendants Sell Family Homes' Three Properties**

**Sale of 919 Prospect Street**

66. Admitted in part, denied in part. It is admitted that a copy of the June 24, 2021 deed for 919 Prospect is attached as Exhibit "I" to the Complaint. Exhibit "I" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

67. Denied as to Answering Defendants. It is strictly denied that Baranski represented Family Homes in the transaction. By way of further response, Baranski and was not involved in this transaction. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

68. Admitted in part, denied in part. It is admitted only that Answering Defendants did not provide notice of the transaction or the sale of the property to the Estate. It is denied that they had any duty to do so. By way of further response, Answering Defendants were not involved in this sale or transaction. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is

required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

69. Admitted in part, denied in part. It is admitted only that Answering Defendants did not report the sale to the Estate or provide an accounting of the disposition of the proceeds of the sale of the property to the Estate. It is denied that they had any duty to do so. By way of further response, Answering Defendants were not involved in this sale or transaction. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

70. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**Sale of 548 W. Philadelphia Street**

71. Admitted in part, denied in part. It is admitted that a copy of the April 15, 2022 deed for 548 West Phila. is attached as Exhibit "J" to the Complaint. Exhibit "J" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

72. Denied as to Answering Defendants. It is strictly denied that Baranski represented Family Homes in the transaction. By way of further response, Baranski was not involved in this

transaction. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

73. Admitted in part, denied in part. It is admitted only that Answering Defendants did not provide notice of the transaction or the sale of the property to the Estate. It is denied that they had any duty to do so. By way of further response, Answering Defendants were not involved in this sale or transaction. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

74. Admitted in part, denied in part. It is admitted only that Answering Defendants did not report the sale to the Estate or provide an accounting of the disposition of the proceeds of the sale of the property to the Estate. It is denied that they had any duty to do so. By way of further response, Answering Defendants were not involved in this sale or transaction. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

75. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**Sale of 444 Wallace Street to Rivera**

76. Admitted in part, denied in part. It is admitted that a copy of the December 2, 2022 deed for 444 Wallace is attached as Exhibit "K" to the Complaint. Exhibit "K" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

77. Admitted in part, denied in part. It is admitted that on January 16, 2023, counsel for the Estate sent Baranski a letter. The letter is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

78. Admitted in part, denied in part. It is admitted that a copy of the May 19, 2023 deed for 444 Wallace is attached as Exhibit "L" to the Complaint. Exhibit "L" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

79. Denied. It is denied that Baranski and MPL Law represented Family Homes in both the 2022 and 2023 transactions. By way of further response, Baranski and MPL Law represented Rivera in both the 2022 and 2023 transactions, which scope of representation was limited to deed preparation. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

80. Admitted in part, denied in part. It is admitted that MPL Land Services, LLC, procured title insurance for the 444 Wallace Street property as part of the 2023 transaction from Rivera to Rivera and Ruby Rivera. It is denied that MPL Land Services, LLC provided closing services for the transactions and procured title insurance for the 2022 transaction from Family Homes to Rivera. By way of further response, MPL Land Services, LLC's scope of

representation was limited to deed preparation in both 444 Wallace transfers and procuring title insurance in the 2023 transfer. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

81. Admitted in part, denied in part. It is admitted only that Answering Defendants did not provide notice of the transactions to the Estate. It is denied that they had any duty to do so. By way of further response, Answering Defendants' scope of representation was limited to deed preparation and procuring title insurance in the 2023 transaction. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

82. Admitted in part, denied in part. It is admitted only that Answering Defendants did not report the sale or provide an accounting to the Estate. It is denied that they had any duty to do so. By way of further response, Answering Defendant' scope of representation was limited to deed preparation and procuring title insurance in the 2023 transaction. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

83. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**Disposition of the Proceeds of Sales of 919 Prospect and 548 West Phila.**

84. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

85. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

86. Denied. After reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**Defendants' Concealment of Their Actions**

87. Denied as to Answering Defendants. By way of further response, Answering Defendants were not involved in the collection and retaining of rental income for the Properties or the sales of 919 E. Prospect and 548 West Phila. It is specifically denied that Answering Defendants aided anyone in concealing their actions. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

88. Denied as to Answering Defendants. By way of further response, Answering Defendants' scope of representation was limited to deed preparation. It is specifically denied that Answering Defendants aided anyone in concealing their actions. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

89. Admitted in part, denied in part. It is admitted that counsel for the Estate wrote a letter to Baranski on January 16, 2023. The letter is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

90. Admitted in part, denied in part. It is admitted that counsel for the Estate wrote a letter to Baranski on January 16, 2023. The letter is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

91. Admitted in part, denied in part. It is admitted that Baranski produced records in response to counsel for the Estate's requests. It is denied that those records establish the truth of Plaintiff's averments. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

92. Denied as legal conclusions to which no response is required. To the extent a response is required, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, therefore, they are denied and strict proof thereof is demanded at the time of trial.

93. Denied as legal conclusions to which no response is required. To the extent a response is required, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, therefore, they are denied and strict proof thereof is demanded at the time of trial.

**COUNT I**
**BREACH OF OPERATING AGREEMENT**
**Plaintiff v. Rivera, Huertas, and Family Homes**

94. Answering Defendants incorporate by reference their responses to Paragraphs 1-93 as if set forth more fully herein at length.

95. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

96. Denied as legal conclusions to which no response is required. To the extent a response is required, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, therefore, they are denied and strict proof thereof is demanded at the time of trial.

97. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information

to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

98. Denied as legal conclusions to which no response is required. To the extent a response is required, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, therefore, they are denied and strict proof thereof is demanded at the time of trial.

99. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

100. Denied as legal conclusions to which no response is required. To the extent a response is required, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, therefore, they are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Answering Defendants respectfully request judgment in their favor and against Plaintiff, with prejudice.

**COUNT II**
**BREACH OF FIDUCIARY DUTY**
**Plaintiff v. Rivera, Huertas, and Family Homes**

101. Answering Defendants incorporate by reference their responses to Paragraphs 1-99 as if set forth more fully herein at length.

102. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

103. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

104. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

105. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or

information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

106. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

107. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

108. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Answering Defendants respectfully request judgment in their favor and against Plaintiff, with prejudice.

## COUNT III
## CONVERSION
**Plaintiff v. Juan Rivera and Yvonne Huertas**

109. Answering Defendants incorporate by reference their responses to Paragraphs 1-108 as if set forth more fully herein at length.

110. Denied. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

111. Denied. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

112. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

113. Denied. The averments of this Paragraph are not directed at Answering Defendants, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

114. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

115. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

116. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

117. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

118. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

119. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

120. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or

information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

121. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Answering Defendants respectfully request judgment in their favor and against Plaintiff, with prejudice.

**COUNT IV**
**VIOLATIONS OF THE VOIDABLE TRANSACTIONS ACT**
**Plaintiff v. Rivera, Ruby Rivera and Huertas**

122. Answering Defendants incorporate by reference their responses to Paragraphs 121 as if set forth more fully herein at length.

123. Denied. The averments of this Paragraph are not directed at Answering Defendants, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

124. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or

information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

125. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

126. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

127. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

128. Denied. The averments of this Paragraph are not directed at Answering Defendants, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendants are without sufficient knowledge or information

to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

129. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

130. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

131. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

132. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after

reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

133. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

134. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Answering Defendants respectfully request judgment in their favor and against Plaintiff, with prejudice.

**COUNT V**

**NEGLIGENCE**

**Plaintiff v. John J. Baranski, Esquire and MPL Law Firm, LLP**

135. Answering Defendants incorporate by reference their responses to Paragraphs 134 as if set forth more fully herein at length.

136. Denied as legal conclusions to which no response is required. To the extent a response is required, it is denied that Baranski and MPL Law owed a duty to Ahearn during

his lifetime and to the Estate after his death. By way of further response, Baranski and MPL Law's scope of representation was limited to Family Homes' formation and deed preparation. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

137. Denied as legal conclusions to which no response is required. To the extent a response is required, it is denied that Baranski and MPL Law breached any duty to Family Homes and the Estate. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

138. (a-f) Denied as legal conclusions to which no response is required. To the extent a response is required, all allegations of negligence are denied. It is specifically denied that Answering Defendants had any duty to advise and counsel Rivera and Huertas that the Estate maintained a one-third interest in Family Homes notwithstanding the fact that Ahearn died in March of 2019; that Answering Defendants provided advice and counsel to Rivera and Huertas in connection with their actions in an attempt to extinguish the Estate's one-third interest in Family Homes; that Answering Defendants facilitated or had any duty to warn Rivera and/or Huertas that all rental income received for 444 Wallace and 840 E. Market was the sole property of Family Homes and has to be collected and deposited in Family Homes' bank account and not held in separate bank accounts in the name of either Rivera and/or Huertas; that Answering Defendants facilitated or had any duty to warn Rivera and/or Huertas that they could not sell or transfer 444 Wallace which was held by Family Homes without notice and consent of all members of Family Homes under the LLC Act and that the Operating Agreement does not authorize the collective or individual actions, as well as inactions by Rivera and/or Huertas, taken as Plaintiff alleges herein; that

Answering Defendants facilitated or had any duty to warn Rivera that he had no right to transfer one of the Properties, 444 Wallace, to himself for $1.00; or that Answering Defendants facilitated, including through the engagement of MPL Land, the transfer of 444 Wallace to Rivera, and subsequently from Rivera to Ruby Rivera. By way of further response, Baranski and MPL Law's scope of representation was limited to Family Homes' formation and deed preparation. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

139. Denied as legal conclusions to which no response is required. To the extent a response is required, it is specifically denied that Answering Defendants breached any duties and obligations or caused any harm to Family Homes or the Estate. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Answering Defendants respectfully request judgment in their favor and against Plaintiff, with prejudice.

**COUNT VI**
**NEGLIGENCE**
**Plaintiff v. MPL Land Services, LLC**

140. Answering Defendants incorporate by reference their responses to Paragraphs 139 as if set forth more fully herein at length.

141. Denied as legal conclusions to which no response is required. To the extent a response is required, it is denied that MPL Land Services, LLC, was the title company and settlement agent for the transfer of 444 Wallace. By way of further response, MPL Land Services, LLC's scope of representation was limited to deed preparation for the 2022 and 2023 transfers and procuring title insurance in the 2023 transfer. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

142. Denied as legal conclusions to which no response is required. To the extent a response is required, it is denied that MPL Land Services, LLC, breached any duty to Family Homes and the Estate. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

143. (a-d) Denied as legal conclusions to which no response is required. To the extent a response is required, all allegations of negligence are denied. It is specifically denied that Answering Defendants had a duty to advise Rivera and Huertas that the Estate maintained a one-third interest in Family Homes notwithstanding the fact that Ahearn died in March of 2019; that Answering Defendants facilitated or had any duty to warn Rivera and/or Huertas that they could not transfer 444 Wallace which was held by Family Homes without notice and consent of all members of Family Homes under the LLC Act and that the Operating Agreement does not authorize the collective and/or individual actions taken, as well as the inaction by Rivera and/or Huertas, as Plaintiff alleges herein; that Answering Defendants facilitated or had any duty to warn Rivera that he had no right to transfer one of the three Properties, 444 Wallace, to himself for $1.00; or that Answering Defendants facilitated the transfer of 444 Wallace to Rivera and subsequently from Rivera to Crystal Ruby, and excluded the Estate from receipt of one third of the profits from this transaction. By way of further response, MPL Land Services, LLC's scope of representation was limited to deed preparation and procuring title insurance for the 2023 transaction. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

144. Denied as legal conclusions to which no response is required. To the extent a response is required, it is specifically denied that Answering Defendants breach any duties

or caused any harm to Family Homes or the Estate. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Answering Defendants respectfully request judgment in their favor and against Plaintiff, with prejudice.

## COUNT VII

## NEGLIGENCE

### Plaintiff v. John J. Baranski, Esquire and Blakey, Yost, Bupp & Rausch, LLP

145. Answering Defendants incorporate by reference their responses to Paragraphs 144 as if set forth more fully herein at length.

146. Denied as legal conclusions to which no response is required. To the extent a response is required, it is denied that Answering Defendants owed a duty to Ahearn during his lifetime and to the Estate after his death. By way of further response, Baranski's scope of representation was limited to Family Homes' formation and deed preparation. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

147. Denied as legal conclusions to which no response is required. To the extent a response is required, it is denied that Answering Defendants breached any duty to Family Homes and the Estate. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

148. (a-e) Denied as legal conclusions to which no response is required. To the extent a response is required, all allegations of negligence against Answering Defendants are

denied. It is specifically denied that Answering Defendants had any duty to advise and counsel Rivera and Huertas that the Estate maintained a one-third interest in Family Homes notwithstanding the fact that Ahearn died in March of 2019; that Answering Defendants provided advice and counsel to Rivera and Huertas in connection with their actions, as well as inaction by Rivera and/or Huertas, in an attempt to extinguish the Estate's one-third interest in Family Homes; that Answering Defendants facilitated or had any duty to warn Rivera and/or Huertas that all rental income received on the four Properties was the sole property of Family Homes and has to be collected and deposited in Family Homes' bank account and not held in separate bank accounts in the name of either Rivera and/or Huertas; that Answering Defendants facilitated or had any duty to warn Rivera and/or Huertas that they could not sell the two Properties held by Family Homes, 919 Prospect and 548 West Phila., without notice and consent of all members of Family Homes under the LLC Act and that the Operating Agreement does not authorize the collective or individual actions, as well as inactions by Rivera and/or Huertas, taken as Plaintiff alleges herein; or that Answering Defendants facilitated the transfer of 919 Prospect and 548 West Phila and dissipated the proceeds of the sales of those Properties to Rivera and Huertas and excluded the Estate from receipt of one third of the profits from those transactions. By way of further response, Answering Defendant's scope of representation was limited to Family Homes' formation and deed preparation. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

149. Denied as legal conclusions to which no response is required. To the extent a response is required, it is specifically denied that Answering Defendants breached any duties or caused any harm to Family Homes or the Estate. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE:**

Plaintiff failed to state a cause of action upon which relief may be granted against Answering Defendants.

**SECOND AFFIRMATIVE DEFENSE:**

Plaintiff's claims against Answering Defendants are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

**THIRD AFFIRMATIVE DEFENSE:**

Plaintiff's claims are barred, in whole or in part, by the applicable Statute of Limitations.

**FOURTH AFFIRMATIVE DEFENSE:**

If Plaintiff sustained the damages alleged, proof of which is specifically demanded, Answering Defendants aver that Plaintiff's damages were caused by intervening and/or superseding causes.

**FIFTH AFFIRMATIVE DEFENSE:**

The Answering Defendants have no liability to the Plaintiff because Defendants, York Family Homes, LLC, Juan C. Rivera, Crystal Ruby Rivera, and/or Ivonne Huertas were responsible for all damages and/or losses alleged by Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE:**

Any acts or omissions of Answering Defendants alleged to constitute negligence were not substantial causes or factors of the subject incident and/or did not result in the damages and/or losses alleged by Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE:**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel and/or consent.

**EIGTH AFFIRMATIVE DEFENSE:**

Plaintiff's damages and/or losses, if any, were caused in whole or in part by Plaintiff and/or were the result of Plaintiff's own actions, inactions, and/or conduct.

**NINTH AFFIRMATIVE DEFENSE:**

Plaintiff's damages and/or losses, if any, were caused by individuals and/or persons over whom Answering Defendants had no right, ability, and/or authority to control.

**TENTH AFFIRMATIVE DEFENSE:**

Plaintiff's claims in the Complaint against Answering Defendants are barred, in whole or in part, by Plaintiff's failure to mitigate damages and/or losses.

**ELEVENTH AFFIRMATIVE DEFENSE:**

Plaintiff has not suffered or incurred any damages and/or losses as a matter of law.

**TWELTH AFFIRMATIVE DEFENSE:**

Plaintiff cannot and will not be able to prove any actual damages and/or losses as a result of any actions, inactions and/or conduct, real and/or alleged, of Answering Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE:**

Plaintiff is not entitled to an award of fees, costs and/or interest as an item of damage.

**FOURTEENTH AFFIRMATIVE DEFENSE:**

Answering Defendants hereby plead the statue of frauds as a full or partial defense to Plaintiff's Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE:**

Plaintiff's claims in the Complaint against Answering Defendants are barred and/or limited under the doctrine of failure of consideration.

**SIXTEENTH AFFIRMATIVE DEFENSE:**

Answering Defendants hereby plead the Pennsylvania Rules of Professional Conduct as a full or partial defense to Plaintiff's claims.

**SEVENTEENTH AFFIRMATIVE DEFENSE:**

Answering Defendants hereby plead the Restatement of Torts 2d and 3d as full and complete defenses to Plaintiff's claims.

**EIGHTEENTH AFFIRMATIVE DEFENSE:**

Plaintiff's allegations against Answering Defendants are barred, in whole or in part, due to lack of standing.

**WHEREFORE,** Answering Defendants respectfully request judgment in their favor and against Plaintiff, with prejudice.

## CROSS-CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 13 AGAINST DEFENDANTS, YORK FAMILY HOMES, LLC, JUAN C. RIVERA, CRYSTAL RUBY RIVERA, AND IVONNE HUERTAS

1. Without admitting the truth thereof and solely for the purpose of asserting this Crossclaim, the Answering Defendants incorporate herein by reference the allegations in Plaintiff's Complaint against Defendants, York Family Homes, LLC, Juan C. Rivera, Crystal Ruby Rivera, and Ivonne Huertas (collectively "Co-Defendants").
2. If Plaintiff sustained damages as alleged in Plaintiff's Complaint, then the damages were not caused by the negligence and/or carelessness of Answering Defendants, any liability on the part of the Answering Defendants being denied.
3. If the actions and/or omissions described in Plaintiff's Complaint occurred as alleged and resulted in any damages to the Plaintiff, then the damages were not due to any negligence and/or carelessness on part of the Answering Defendants, but were due solely to the negligence and/or carelessness of the Co-Defendants as alleged in Plaintiff's Complaint.
4. In the alternative, should any of the Answering Defendants be held responsible for damages to the Plaintiff, then Co-Defendants are liable over to Answering Defendants, or jointly and severally liable with Answering Defendants, upon the causes of action declared by the Plaintiff in the Plaintiff's Complaint. In addition, Co-Defendants are primarily liable for any damages that Plaintiff may have suffered and are liable over to Answering Defendants,

by way of contribution and/or indemnification for all such damages sustained by the Plaintiff, any liability on the part of Answering Defendants being expressly denied.

**WHEREFORE,** Answering Defendants request that this Honorable Court:

a. Enter judgment in their favor and against all other parties, plus costs of this action;

b. Enter judgment that Co-Defendants are solely liable to Plaintiff; and

c. Enter judgment, if a verdict is entered against Answering Defendants and in favor of the Plaintiff, that Co-Defendants are primarily liable so that Answering Defendants may recover from Co-Defendants, by way of contribution and/or indemnification for the amount recovered by Plaintiff with costs, disbursements and attorney's fees.

Respectfully submitted,

**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

By: */s/ Paul C. Troy*
PAUL C. TROY, ESQUIRE
AMANDA M. SLEZAK, ESQUIRE
Attorneys for Defendants, MPL Law Firm LLP, MPL Land Services, LLC, and John J. Baranski, Jr., Esquire

**KANE, PUGH, KNOELL, TROY & KRAMER LLP**
**PAUL C. TROY, ESQUIRE**
ATTORNEY ID. NO. 60875
**AMANDA M. SLEZAK, ESQUIRE**
ATTORNEY ID. NO. 331708
4 SENTRY PARKWAY EAST
SUITE 100
BLUE BELL, PA 19422
(610) 275-2000

Attorney for Defendants, MPL Law Firm LLP, MPL Land Services, LLC, and John J. Baranski, Jr., Esquire

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ESTATE OF LAWRENCE A. AHEARN, THROUGH MICHAEL AHEARN AS ADMINISTRATOR, | No. 1:24-cv-00935-JPW |
| v. | JURY TRIAL DEMANDED |
| YORK FAMILY HOMES, LLC, JUAN C. RIVERA, CRYSTAL RUBY RIVERA, IVONNE HUERTAS, JOHN J. BARANSKI, JR., ESQUIRE, MPL LAW FIRM LLP, MPL LAND SERVICES, LLC, AND BLAKEY, YOST, BUPP & RAUSCH LLP, N/K/A MPL LAW FIRM, LLP | |

## CERTIFICATE OF SERVICE

I, Paul C. Troy, hereby certify that on August 30, 2024, a true and correct copy of the foregoing Answer to Plaintiff's Amended Complaint with Affirmative Defenses and Cross-Claim was served upon the following via ECF upon the following counsel of record:

Carter Williamson, Esq.
HORN WILLIAMSON, LLC
Two Penn Center, Suite 1700
1500 John F. Kennedy Boulevard
Philadelphia, PA 1910
cwilliamson@hornwilliamson.com

Joseph M. Boyan, Esq.
HEDINGER & LAWLESS L.L.C.
23 Vreeland Road, Suite 150
Florham Park, New Jersey 07932
jboyan@hedlaw.com

Matthew B. Weisberg
L. Anthony DiJiacomo, III
Weisberg Law
7 South Morton Avenue
Morton, PA 19070
mweisberg@weisberglawoffices.com
adijiacomo@weisberglawoffice.com

**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

By: *__/s/ Paul C. Troy__*
PAUL C. TROY, ESQUIRE
AMANDA M. SLEZAK, ESQUIRE
Attorneys for Defendants, MPL Law Firm LLP, MPL Land Services, LLC, and John J. Baranski, Jr., Esquire

# EXHIBIT "C"

**KANE, PUGH, KNOELL, TROY & KRAMER LLP**
**PAUL C. TROY, ESQUIRE**
ATTORNEY ID. NO. 60875
**AMANDA M. SLEZAK, ESQUIRE**
ATTORNEY ID. NO. 331708
4 SENTRY PARKWAY EAST
SUITE 100
BLUE BELL, PA 19422
(610) 275-2000

Attorney for Defendant,
Blakey, Yost, Bupp & Rausch
LLP n/k/a MPL Law Firm, LLP

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ESTATE OF LAWRENCE A. AHEARN, THROUGH MICHAEL AHEARN AS ADMINISTRATOR,<br><br>v.<br><br>YORK FAMILY HOMES, LLC, JUAN C. RIVERA, CRYSTAL RUBY RIVERA, IVONNE HUERTAS, JOHN J. BARANSKI, JR., ESQUIRE, MPL LAW FIRM LLP, MPL LAND SERVICES, LLC, AND BLAKEY, YOST, BUPP & RAUSCH LLP, N/K/A MPL LAW FIRM, LLP | : | No. 1:24-cv-00935-JPW<br><br>JURY TRIAL DEMANDED |

**ANSWER OF DEFENDANT, BLAKEY, YOST, BUPP & RAUSCH LLP, N/K/A MPL LAW FIRM, LLP, TO PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIM**

Defendant, Blakey, Yost, Bupp & Rausch LLP, n/k/a MPL Law Firm, LLP ("Answering Defendant"), by and through their attorneys, Kane, Pugh, Knoell, Troy & Kramer LLP, hereby submit this Answer to Plaintiff's Amended Complaint with Affirmative Defenses and Cross-Claim as follows:

1. Admitted in part, denied in part. Admitted that the Plaintiff is the Estate of Lawrence E. Ahearn through its executor, Michael Ahearn. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to

the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

2. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

3. Denied. The averments of this Paragraph are not directed at Answering Defendant, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

4. Denied. The averments of this Paragraph are not directed at Answering Defendant, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

5. Denied. The averments of this Paragraph are not directed at Answering Defendant, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

6. Denied. The averments of this Paragraph are not directed at Answering Defendant, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to

form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

7. Denied. The averments of this Paragraph are not directed at Answering Defendant, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

8. Denied. The averments of this Paragraph are not directed at Answering Defendant, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

9. Denied. The averments of this Paragraph are not directed at Answering Defendant, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

10. Admitted.

11. Denied. The averments of this Paragraph are not directed at Answering Defendant, therefore, no response is required.

## JURISDICTION AND VENUE

12. Denied as legal conclusions to which no response is required. To the extent a response is required, after reasonable investigation, Answering Defendant is without knowledge or

information sufficient to form a belief as to the truth of these averments, therefore, they are denied and strict proof thereof is demanded at the time of trial.

13. Denied as legal conclusions to which no response is required. To the extent a response is required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments, therefore, they are denied and strict proof thereof is demanded at the time of trial.

**Relationship of the Parties**

14. Admitted.

15. Admitted in part, denied in part. It is admitted only that Answering Defendant prepared the legal documents to form Family Homes. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

16. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

17. Admitted in part, denied in part. It is admitted that a copy of the Operating Agreement is attached as Exhibit "A" to the Complaint. Exhibit "A" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

18. Admitted as to Answering Defendant. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required.

19. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

20. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

21. Denied. The averments of this Paragraph are not directed at Answering Defendant, therefore, no response is required.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted in part, denied in part. It is admitted that Baranski joined Answering Defendant in 2001 and was employed by Answering Defendant from 2001 until 2022 when Answering Defendant merged with MPL Law. It is further admitted that Baranski has been a partner in MPL Law since the time of the merger in 2022. It is further admitted that MPL Law's website has a history page. This history page is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

**Key Provisions of the Family Homes Operating Agreement**

26. (a-c) Denied. Exhibit "A" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

27. Denied. Exhibit "A" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

28. Denied. Exhibit "A" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

**Acquisition and Rental of Real Property**

29. Admitted in part, denied in part. It is admitted only that Family Homes acquired the Wallace Street Property. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

30. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

31. Admitted in part, denied in part. It is admitted only that Plaintiff's claims purport to involve these Properties. It is denied that any such claims are meritorious and denied that Answering Defendant was negligent in any way. All remaining averments are denied. By way of further response, after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

32. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**840 E. Market Street**

33. Admitted in part, denied in part. It is admitted that a copy of the August 27, 2008 deed for 840 E. Market is attached as Exhibit "B" to the Complaint. Exhibit "B" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

34. Admitted in part, denied in part. It is admitted that a copy of the September 28, 2015 deed for 840 E. Market is attached as Exhibit "C" to the Complaint. Exhibit "C" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

35. Admitted in part, denied in part. It is admitted that a copy of the February 9, 2016 deed for 840 E. Market is attached as Exhibit "D" to the Complaint. Exhibit "D" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

36. Admitted in part, denied in part. It is admitted that a copy of the February 9, 2016 deed for 840 E. Market is attached as Exhibit "D" to the Complaint. Exhibit "D" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied. To the extent averments of this Paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

37. Denied. Exhibit "D" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

38. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

39. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

40. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**919 Prospect Street**

41. Admitted in part, denied in part. It is admitted that a copy of the October 28, 2015 deed for 919 Prospect is attached as Exhibit "E" to the Complaint. Exhibit "E" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.
42. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.
43. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.
44. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**548 W. Philadelphia Street**

45. Admitted in part, denied in part. It is admitted that a copy of the May 28, 2015 deed for 548 West Phila. is attached as Exhibit "F" to the Complaint. Exhibit "F" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.
46. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

47. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

48. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**444 Wallace Street**

49. Admitted in part, denied in part. It is admitted that a copy of the June 15, 2015 corrective deed for 444 Wallace is attached as Exhibit "G" to the Complaint. Exhibit "G" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

50. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**Role of Rivera and Huertas in the Rentals of the Properties**

51. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

52. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

Case 1:24-cv-09353-SAC Document 68-3 Filed 10/29/24 Page 194 of 316

53. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

54. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**Defendants' Acts and Omissions After Ahearn's Death**

55. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

56. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

57. Denied. The averments of this Paragraph are not directed at Answering Defendant, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

58. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

59. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

60. Denied as to Answering Defendant. It is strictly denied that Answering Defendant facilitated the sales and transfers of 548 W. Phila. and 919 Prospect. By way of further response, Answering Defendant was not involved in these transactions. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

61. Denied. The averments of this Paragraph are not directed at Answering Defendant, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

62. Denied. The averments of this Paragraph are not directed at Answering Defendant, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

63. Admitted in part, denied in part. It is admitted that a copy of Family Homes' 2019 Federal Income Tax Return is attached as Exhibit "H" to the Complaint. Exhibit "H" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied. It is strictly denied that Answering Defendant prepared and filed tax returns and

strict proof thereof is demanded at the time of trial. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

64. Denied. Exhibit "H" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

65. Denied as legal conclusions to which no response is required. To the extent a response is required, these averments are denied as to the Answering Defendant and strict proof thereof is demanded at the time of trial. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**The Defendants Sell Family Homes' Three Properties**

**Sale of 919 Prospect Street**

66. Admitted in part, denied in part. It is admitted that a copy of the June 24, 2021 deed for 919 Prospect is attached as Exhibit "I" to the Complaint. Exhibit "I" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

67. Denied as to Answering Defendant. It is strictly denied that Answering Defendant represented Family Homes in the transaction. By way of further response, Answering

Defendant was not involved in this transaction. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

68. Admitted in part, denied in part. It is admitted only that Answering Defendant did not provide notice of the transaction or the sale of the property to the Estate. It is denied that they had any duty to do so. By way of further response, Answering Defendant was not involved in this sale or transaction. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

69. Admitted in part, denied in part. It is admitted only that Answering Defendant did not report the sale to the Estate or provide an accounting of the disposition of the proceeds of the sale of the property to the Estate. It is denied that they had any duty to do so. By way of further response, Answering Defendant was not involved in this sale or transaction. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

70. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**Sale of 548 W. Philadelphia Street**

71. Admitted in part, denied in part. It is admitted that a copy of the April 15, 2022 deed for 548 West Phila. is attached as Exhibit "J" to the Complaint. Exhibit "J" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

72. Denied as to Answering Defendant. It is strictly denied that Answering Defendant represented Family Homes in the transaction. By way of further response, Answering Defendant was not involved in this transaction. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

73. Admitted in part, denied in part. It is admitted only that Answering Defendant did not provide notice of the transaction or the sale of the property to the Estate. It is denied that they had any duty to do so. By way of further response, Answering Defendant was not involved in this sale or transaction. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

74. Admitted in part, denied in part. It is admitted only that Answering Defendant did not report the sale to the Estate or provide an accounting of the disposition of the proceeds of the sale

of the property to the Estate. It is denied that they had any duty to do so. By way of further response, Answering Defendant was not involved in this sale or transaction. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

75. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**Sale of 444 Wallace Street to Rivera**

76. Admitted in part, denied in part. It is admitted that a copy of the December 2, 2022 deed for 444 Wallace is attached as Exhibit "K" to the Complaint. Exhibit "K" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

77. Admitted in part, denied in part. It is admitted that on January 16, 2023, counsel for the Estate sent Baranski a letter. The letter is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

78. Admitted in part, denied in part. It is admitted that a copy of the May 19, 2023 deed for 444 Wallace is attached as Exhibit "L" to the Complaint. Exhibit "L" is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

79. Denied. The averments of this Paragraph are not directed at Answering Defendant, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to

form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

80. Denied. The averments of this Paragraph are not directed at Answering Defendant, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

81. Admitted in part, denied in part. It is admitted only that Answering Defendant did not provide notice of the transactions to the Estate. It is denied that they had any duty to do so. By way of further response, Answering Defendant was not involved in this transaction or sale. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

82. Admitted in part, denied in part. It is admitted only that Answering Defendant did not report the sale or provide an accounting to the Estate. It is denied that they had any duty to do so. By way of further response, Answering Defendant was not involved in this transaction or sale. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining

averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

83. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**Disposition of the Proceeds of Sales of 919 Prospect and 548 West Phila.**

84. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

85. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

86. Denied. After reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**Defendants' Concealment of Their Actions**

87. Denied as to Answering Defendant. By way of further response, Answering Defendant was not involved in the collection and retaining of rental income for the Properties or the sales of 919 E. Prospect and 548 West Phila. It is specifically denied that Answering Defendant aided anyone in concealing their actions. To the extent the averments of this paragraph are not directed at Answering Defendants, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to

the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

88. Denied. The averments of this Paragraph are not directed at Answering Defendant, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

89. Admitted in part, denied in part. It is admitted that counsel for the Estate wrote a letter to Baranski on January 16, 2023. The letter is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

90. Admitted in part, denied in part. It is admitted that counsel for the Estate wrote a letter to Baranski on January 16, 2023. The letter is a writing which speaks for itself. Accordingly, Plaintiff's characterizations of the contents are denied.

91. Denied. The averments of this Paragraph are not directed at Answering Defendant, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

92. Denied as legal conclusions to which no response is required. To the extent a response is required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments, therefore, they are denied and strict proof thereof is demanded at the time of trial.

93. Denied as legal conclusions to which no response is required. To the extent a response is required, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments, therefore, they are denied and strict proof thereof is demanded at the time of trial.

**COUNT I**
**BREACH OF OPERATING AGREEMENT**
**Plaintiff v. Rivera, Huertas, and Family Homes**

94. Answering Defendant incorporate by reference their responses to Paragraphs 1-93 as if set forth more fully herein at length.

95. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

96. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

97. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable

investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

98. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

99. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

100. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Answering Defendant respectfully request judgment in their favor and against Plaintiff, with prejudice.

## COUNT II
## BREACH OF FIDUCIARY DUTY
## Plaintiff v. Rivera, Huertas, and Family Homes

101. Answering Defendant incorporate by reference their responses to Paragraphs 1-99 as if set forth more fully herein at length.

102. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

103. Den Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

104. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

105. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

106. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

107. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

108. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or

information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Answering Defendant respectfully request judgment in their favor and against Plaintiff, with prejudice.

**COUNT III**
**CONVERSION**
**Plaintiff v. Juan Rivera and Yvonne Huertas**

109. Answering Defendant incorporate by reference their responses to Paragraphs 1-108 as if set forth more fully herein at length.

110. Denied. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

111. Denied. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

112. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after

reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

113. Denied. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

114. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

115. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

116. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is

required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

117. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

118. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

119. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

120. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

121. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Answering Defendant respectfully request judgment in their favor and against Plaintiff, with prejudice.

**COUNT IV**
**VIOLATIONS OF THE VOIDABLE TRANSACTIONS ACT**
**Plaintiff v. Rivera, Ruby Rivera and Huertas**

122. Answering Defendants incorporate by reference their responses to Paragraphs 121 as if set forth more fully herein at length.

123. Denied. The averments of this Paragraph are not directed at Answering Defendant, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

124. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

125. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

126. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

127. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or

information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

128. Denied. The averments of this Paragraph are not directed at Answering Defendant, therefore, no response is required. To the extent a response is required, after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of these averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

129. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

130. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

131. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or

information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

132. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

133. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

134. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Answering Defendant respectfully request judgment in their favor and against Plaintiff, with prejudice.

## COUNT V

## NEGLIGENCE

**Plaintiff v. John J. Baranski, Esquire and MPL Law Firm, LLP**

135. Answering Defendant incorporate by reference their responses to Paragraphs 134 as if set forth more fully herein at length.

136. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

137. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

138. (a-f) Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

139. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Answering Defendant respectfully request judgment in their favor and against Plaintiff, with prejudice.

**COUNT VI**
**NEGLIGENCE**
**Plaintiff v. MPL Land Services, LLC**

140. Answering Defendants incorporate by reference their responses to Paragraphs 139 as if set forth more fully herein at length.

141. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

142. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or

information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

143. (a-d) Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

144. Denied as legal conclusions to which no response is required. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. To the extent a response is required, the remaining allegations are denied as after reasonable investigation, the Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments, and therefore, they are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Answering Defendant respectfully request judgment in their favor and against Plaintiff, with prejudice.

**<u>COUNT VII</u>**

**NEGLIGENCE**

**Plaintiff v. John J. Baranski, Esquire and Blakey, Yost, Bupp & Rausch, LLP**

145. Answering Defendant incorporate by reference their responses to Paragraphs 144 as if set forth more fully herein at length.

146. Denied as legal conclusions to which no response is required. To the extent a response is required, it is denied that Answering Defendant owed a duty to Ahearn

during his lifetime and to the Estate after his death. By way of further response, Answering Defendant's scope of representation was limited to Family Homes' formation and deed preparation. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

147. Denied as legal conclusions to which no response is required. To the extent a response is required, it is denied that Answering Defendant breached any duty to Family Homes and the Estate. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

148. (a-e) Denied as legal conclusions to which no response is required. To the extent a response is required, all allegations of negligence against Answering Defendant are denied. It is specifically denied that Answering Defendant had any duty to advise and counsel Rivera and Huertas that the Estate maintained a one-third interest in Family Homes notwithstanding the fact that Ahearn died in March of 2019; that Answering Defendant provided advice and counsel to Rivera and Huertas in connection with their actions, as well as inaction by Rivera and/or Huertas, in an attempt to extinguish the Estate's one-third interest in Family Homes; that Answering Defendant facilitated or had any duty to warn Rivera and/or Huertas that all rental income received on the four Properties was the sole property of Family Homes and has to be collected and deposited in Family Homes' bank account and not held in separate bank accounts in the name of either Rivera and/or Huertas; that Answering Defendant facilitated or had any duty to warn Rivera and/or Huertas that they could not sell the two Properties held by Family

Homes, 919 Prospect and 548 West Phila., without notice and consent of all members of Family Homes under the LLC Act and that the Operating Agreement does not authorize the collective or individual actions, as well as inactions by Rivera and/or Huertas, taken as Plaintiff alleges herein; or that Answering Defendant facilitated the transfer of 919 Prospect and 548 West Phila and dissipated the proceeds of the sales of those Properties to Rivera and Huertas and excluded the Estate from receipt of one third of the profits from those transactions. By way of further response, Answering Defendant's scope of representation was limited to Family Homes' formation and deed preparation. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

149. Denied as legal conclusions to which no response is required. To the extent a response is required, it is specifically denied that Answering Defendant breached any duties or caused any harm to Family Homes or the Estate. To the extent the averments of this paragraph are not directed at Answering Defendant, no response is required. All remaining averments are denied and strict proof thereof is demanded at the time of trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:

Plaintiff failed to state a cause of action upon which relief may be granted against Answering Defendant.

**SECOND AFFIRMATIVE DEFENSE:**

Plaintiff's claims against Answering Defendant are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

**THIRD AFFIRMATIVE DEFENSE:**

Plaintiff's claims are barred, in whole or in part, by the applicable Statute of Limitations.

**FOURTH AFFIRMATIVE DEFENSE:**

If Plaintiff sustained the damages alleged, proof of which is specifically demanded, Answering Defendant avers that Plaintiff's damages were caused by intervening and/or superseding causes.

**FIFTH AFFIRMATIVE DEFENSE:**

The Answering Defendant has no liability to the Plaintiff because Defendants, York Family Homes, LLC, Juan C. Rivera, Crystal Ruby Rivera, and/or Ivonne Huertas were responsible for all damages and/or losses alleged by Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE:**

Any acts or omissions of Answering Defendant alleged to constitute negligence were not substantial causes or factors of the subject incident and/or did not result in the damages and/or losses alleged by Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE:**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel and/or consent.

**EIGTH AFFIRMATIVE DEFENSE:**

Plaintiff's damages and/or losses, if any, were caused in whole or in part by Plaintiff and/or were the result of Plaintiff's own actions, inactions, and/or conduct.

**NINTH AFFIRMATIVE DEFENSE:**

Plaintiff's damages and/or losses, if any, were caused by individuals and/or persons over whom Answering Defendant had no right, ability, and/or authority to control.

**TENTH AFFIRMATIVE DEFENSE:**

Plaintiff's claims in the Amended Complaint against Answering Defendant are barred, in whole or in part, by Plaintiff's failure to mitigate damages and/or losses.

**ELEVENTH AFFIRMATIVE DEFENSE:**

Plaintiff has not suffered or incurred any damages and/or losses as a matter of law.

**TWELTH AFFIRMATIVE DEFENSE:**

Plaintiff cannot and will not be able to prove any actual damages and/or losses as a result of any actions, inactions and/or conduct, real and/or alleged, of Answering Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE:**

Plaintiff is not entitled to an award of fees, costs and/or interest as an item of damage.

**FOURTEENTH AFFIRMATIVE DEFENSE:**

Answering Defendant hereby pleads the statue of frauds as a full or partial defense to Plaintiff's Amended Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE:**

Plaintiff's claims in the Amended Complaint against Answering Defendant is barred and/or limited under the doctrine of failure of consideration.

**SIXTEENTH AFFIRMATIVE DEFENSE:**

Answering Defendant hereby pleads the Pennsylvania Rules of Professional Conduct as a full or partial defense to Plaintiff's claims.

**SEVENTEENTH AFFIRMATIVE DEFENSE:**

Answering Defendant hereby pleads the Restatement of Torts 2d and 3d as full and complete defenses to Plaintiff's claims.

**EIGHTEENTH AFFIRMATIVE DEFENSE:**

Plaintiff's allegations against Answering Defendant are barred, in whole or in part, due to lack of standing.

**WHEREFORE,** Answering Defendant respectfully request judgment in their favor and against Plaintiff, with prejudice.

**CROSS-CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 13 AGAINST DEFENDANTS, YORK FAMILY HOMES, LLC, JUAN C. RIVERA, CRYSTAL RUBY RIVERA, AND IVONNE HUERTAS**

1. Without admitting the truth thereof and solely for the purpose of asserting this Crossclaim, the Answering Defendants incorporate herein by reference the allegations in Plaintiff's Amended Complaint against Defendants, York Family Homes, LLC, Juan C. Rivera, Crystal Ruby Rivera, and Ivonne Huertas (collectively "Co-Defendants").

2. If Plaintiff sustained damages as alleged in Plaintiff's Amended Complaint, then the damages were not caused by the negligence and/or carelessness of Answering Defendant, any liability on the part of the Answering Defendant being denied.
3. If the actions and/or omissions described in Plaintiff's Complaint occurred as alleged and resulted in any damages to the Plaintiff, then the damages were not due to any negligence and/or carelessness on part of the Answering Defendant, but were due solely to the negligence and/or carelessness of the Co-Defendants as alleged in Plaintiff's Complaint.
4. In the alternative, should the Answering Defendant be held responsible for damages to the Plaintiff, then Co-Defendants are liable over to Answering Defendant, or jointly and severally liable with Answering Defendant, upon the causes of action declared by the Plaintiff in the Plaintiff's Complaint. In addition, Co-Defendants are primarily liable for any damages that Plaintiff may have suffered and are liable over to Answering Defendant, by way of contribution and/or indemnification for all such damages sustained by the Plaintiff, any liability on the part of Answering Defendant being expressly denied.

**WHEREFORE,** Answering Defendant request that this Honorable Court:

a. Enter judgment in their favor and against all other parties, plus costs of this action;
b. Enter judgment that Co-Defendants are solely liable to Plaintiff; and
c. Enter judgment, if a verdict is entered against Answering Defendant and in favor of the Plaintiff, that Co-Defendants are primarily liable so that Answering Defendant may recover from Co-Defendants, by way of contribution and/or indemnification for the amount recovered by Plaintiff with costs, disbursements and attorney's fees.

Respectfully submitted,

**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

By: *__/s/ Paul C. Troy__*
PAUL C. TROY, ESQUIRE
AMANDA M. SLEZAK, ESQUIRE
Attorneys for Defendant, Blakey, Yost, Bupp & Rausch LLP n/k/a MPL Law Firm, LLP

Case 1:24-cv-00935-SAC Document 63-3 Filed 10/19/26 Page 221 of 316

**KANE, PUGH, KNOELL, TROY & KRAMER LLP**
**PAUL C. TROY, ESQUIRE**
ATTORNEY ID. NO. 60875
**AMANDA M. SLEZAK, ESQUIRE**
ATTORNEY ID. NO. 331708
4 SENTRY PARKWAY EAST
SUITE 100
BLUE BELL, PA 19422
(610) 275-2000

Attorney for Defendant,
Blakey, Yost, Bupp & Rausch
LLP n/k/a MPL Law Firm, LLP

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ESTATE OF LAWRENCE A. AHEARN, THROUGH MICHAEL AHEARN AS ADMINISTRATOR, | No. 1:24-cv-00935-JPW |
| v. | JURY TRIAL DEMANDED |
| YORK FAMILY HOMES, LLC, JUAN C. RIVERA, CRYSTAL RUBY RIVERA, IVONNE HUERTAS, JOHN J. BARANSKI, JR., ESQUIRE, MPL LAW FIRM LLP, MPL LAND SERVICES, LLC, AND BLAKEY, YOST, BUPP & RAUSCH LLP, N/K/A MPL LAW FIRM, LLP | |

## CERTIFICATE OF SERVICE

I, Paul C. Troy, hereby certify that on October 28, 2024, a true and correct copy of the foregoing Answer to Plaintiff's Amended Complaint with Affirmative Defenses and Cross-Claim was served upon the following via ECF upon the following counsel of record:

Carter Williamson, Esq.
HORN WILLIAMSON, LLC
Two Penn Center, Suite 1700
1500 John F. Kennedy Boulevard
Philadelphia, PA 1910
cwilliamson@hornwilliamson.com

Joseph M. Boyan, Esq.
HEDINGER & LAWLESS L.L.C.
23 Vreeland Road, Suite 150
Florham Park, New Jersey 07932
jboyan@hedlaw.com

Matthew B. Weisberg
L. Anthony DiJiacomo, III
Weisberg Law
7 South Morton Avenue
Morton, PA 19070
mweisberg@weisberglawoffices.com
adijiacomo@weisberglawoffice.com

**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

By: *__/s/ Paul C. Troy__*
PAUL C. TROY, ESQUIRE
AMANDA M. SLEZAK, ESQUIRE
Attorneys for Defendant, Blakey, Yost, Bupp & Rausch LLP n/k/a MPL Law Firm, LLP

# EXHIBIT "D"

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ESTATE OF LAWRENCE E. AHEARN, THROUGH MICHAEL AHEARN AS ADMINISTRATOR,<br>Plaintiff, | : | Case No. 1:24-CV-00935-YK<br>Hon. Yvette Kane |
| v. | : | |
| YORK FAMILY HOMES, LLC ; JUAN C. RIVERA ; CRYSTAL RUBY RIVERA; IVONNE HUERTAS; BLAKEY, YOST, BUPP & RAUSCH LLP n/k/a MPL LAW FIRM, LLP, MPL LAW FIRM, LLP; MPL LAND SERVICES; JOHN J. BARANSKI, JR., ESQUIRE,<br>Defendants. | : | **INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26** |

**INITIAL RULE 26 DISCLOSURES OF PLAINTIFF**

Plaintiff, Estate of Lawrence E. Ahearn Through Michael Ahearn as Administrator, referred to below as the "disclosing party" hereby submits the following initial disclosures ("Disclosures") in accordance with Fed. R. civ. P. 26 ("Rule 26"). Plaintiff expressly reserves the right to supplement or modify these disclosures based on the discovery of additional information by and through the continuing course of discovery. In supplying these initial disclosures, Plaintiff does not waive any objection it may have or choose to assert in relation to any future discovery requests or responses.

## INTRODUCTION

These Disclosures are made without the waiver, intentional or otherwise, of any or all privileges provided by law, including without limitation, the attorney-client privilege and the attorney work product doctrine. Plaintiff expressly reserves the further right not to disclose

information subject to privilege, attorney work-product or any right of privacy, and expressly reserves all objections as to the discoverability, admissibility and/or relevance of all information disclosed herein.

The Disclosures herein are based upon information reasonably available to Plaintiff at this time. Furthermore, the Disclosures are limited to the status of the case to date. Plaintiff has not completed the investigation of this action as discovery has only recently commenced. Additional investigation and discovery regarding Plaintiff's claims and any or all Defendants' defenses may reveal other information that may be applicable. Plaintiff reserves the right to revise, withdraw and/or supplement the Disclosures made herein, pursuant to law and as future events may warrant throughout the continuing course of discovery.

## STATUTORY AUTHORITY

Federal Rules of Civil Procedure, Rule 26(a) provides:

**(a) Required Disclosures.**

**(1) Initial Disclosure.**

**(A)** In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**PLAINTIFF'S INITIAL DISCLOSURES (AS OF FEBRUARY 21, 2025)**

**1. WITNESSES AND/OR OTHER INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

Pursuant to Fed. R. Civ. P., Rule 26(a)(1)(A)(i), Plaintiff is presently aware of the following individuals who may have discoverable information which Plaintiff may use to support its claims (exclusive of witnesses to be used solely for impeachment) and/or defenses:

| **Name of Individual** Likely to have Discoverable Information | **Contact Information** (Address and Telephone Number) | **Subject Matter** of Discoverable Information |
|---|---|---|
| Michael Ahearn | Michael Ahearn c/o<br>Horn Williamson, LLC<br>1500 JFK Blvd., Suite 1700,<br>Philadelphia, PA 19102 | Information received and documents prepared as executor of Lawrence E. Ahearn's estate. |
| John J. Baranski, Jr., Esquire | John Baranski, Esquire c/o<br>Kane Pugh Knoell Troy & Kramer, LLP<br>4 Sentry Parkway East<br>Blue Bell, PA 19422 | Information regarding the formation of York Family Homes, the acquisition, rental and sale of York Family Homes properties. |
| Juan Rivera | Juan Rivera c/o<br>Weisberg Law<br>7 S. Morton Ave.<br>Morton, PA 19070 | Information regarding the formation and operation of York Family Homes and York Family Homes' acquisition, rental and sale of real property. |
| Ivonne Huertas | Ivonne Huertas c/o<br>Weisberg Law<br>7 S. Morton Ave.<br>Morton, PA 19070 | Information regarding the formation and operation of York Family Homes and York Family Homes' acquisition, rental and sale of real property. |

| | | |
|---|---|---|
| Crystal Ruby Rivera | Crystal Ruby Rivera c/o Weisberg Law<br>7 S. Morton Ave.<br>Morton, PA 19070 | Information regarding the acquisition and sale of 444 Wallace Street, York PA. |

Plaintiff respectfully reserves the right to supplement, modify and/or amend the above list as more information becomes available throughout the continuing course of discovery.

**2. DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS IN THE POSSESSION, CUSTODY, OR CONTROL OF PLAINTIFF**

Pursuant to Fed. R. Civ. P. Rule 26(a)(1)(A)(ii), Plaintiff is presently aware of the following categories of documents that are within their possession, custody and control which Plaintiffs may use to support their claims (exclusive of materials to be used solely for impeachment):

a. Property records for all Properties subject of this action. Said documents are stored electronically and located at Horn Williamson, LLC 1500 JFK Boulevard, Suite 1700, Philadelphia, PA 19102.

b. Photographs and videos taken by Plaintiff and/or his agents of Properties subject of this action. Said documents are stored electronically and located at Horn Williamson, LLC 1500 JFK Boulevard, Suite 1700, Philadelphia, PA 19102.

c. Mortgage and amortization records for some or all Properties subject of this action. Said documents are stored electronically and located at Horn Williamson, LLC 1500 JFK Boulevard, Suite 1700, Philadelphia, PA 19102.

d. Bank Statements of York Family Homes, LLC between May 2015 and March 2019. Said documents are stored electronically and located at Horn Williamson, LLC 1500 JFK Boulevard, Suite 1700, Philadelphia, PA 19102.

e. Correspondences and all accompanying exhibits and/or attachments between Plaintiff's counsel and John Baranski, Jr., Esq. Said documents are stored

electronically and located at Horn Williamson, LLC 1500 JFK Boulevard, Suite 1700, Philadelphia, PA 19102.

f. Purchase and sale transaction documentation for some or all Properties subject of this action. Said documents are stored electronically and located at Horn Williamson, LLC 1500 JFK Boulevard, Suite 1700, Philadelphia, PA 19102.

g. Formation documents and Operating Agreement for York Family Homes, LLC. Said documents are stored electronically and located at Horn Williamson, LLC 1500 JFK Boulevard, Suite 1700, Philadelphia, PA 19102.

h. Filed IRS Tax returns for York Family Homes, LLC for Tax Years 2019 through 2022. Said documents are stored electronically and located at Horn Williamson, LLC 1500 JFK Boulevard, Suite 1700, Philadelphia, PA 19102.

i. Utility records and payment history for some or all Properties subject of this action. Said documents are stored electronically and located at Horn Williamson, LLC 1500 JFK Boulevard, Suite 1700, Philadelphia, PA 19102.

j. Real Estate Tax records and payment history for some or all Properties subject of this action. Said documents are stored electronically and located at Horn Williamson, LLC 1500 JFK Boulevard, Suite 1700, Philadelphia, PA 19102.

k. Leases for some or all Properties subject of this action between the years 2015 and 2023. Said documents are stored electronically and located at Horn Williamson, LLC 1500 JFK Boulevard, Suite 1700, Philadelphia, PA 19102.

l. Records of and receipts for maintenance work at some or all Properties subject of this action. Said documents are stored electronically and located at Horn Williamson, LLC 1500 JFK Boulevard, Suite 1700, Philadelphia, PA 19102.

m. Home and Liability Insurance documentation for some or all Properties subject of this action. Said documents are stored electronically and located at Horn Williamson, LLC 1500 JFK Boulevard, Suite 1700, Philadelphia, PA 19102.

With the exception of documents that are privileged, protected, and/or otherwise confidential, Plaintiff will make all relevant documents identified above available to all Defendants in accordance with the Federal Rules of Civil Procedure. Investigation is continuing; thus, Plaintiff reserves the right to supplement, modify and/or amend this disclosure as more information becomes available throughout the continuing course of discovery.

**3. COMPUTATION OF DAMAGES**

Plaintiff seeks damages (exclusive of attorneys' fees, interest and costs of suit) in the total amount of $583,332. As set forth in Plaintiff's Complaint, Plaintiff's damages (exclusive of attorneys' fees, interest and costs of suit) fall into two different categories: (1) Collection of Rent; and (2) Sale Proceeds. Below are two summary charts further detailing Plaintiff's damages:

| Property | Source of Revenue | Revenue | Percentage Due Plaintiff | Amount Due Plaintiff |
|---|---|---|---|---|
| 840 E. Market Street | Collection of Rent | $360,000.00 | 100% | $360,000.00 |
| 919 E. Prospect Street | Collection of Rent | $132,000.00 | 33.33% | $44,000.00 |
| 919 E. Prospect Street | Sale Proceeds | $62,000.00 | 33.33% | $20,666.00 |
| 548 W. Philadelphia Street | Collection of Rent | $162,000.00 | 33.33% | $54,000.00 |
| 548 W. Philadelphia Street | Sale Proceeds | $72,000.00 | 33.33% | $24,000.00 |

Case 1:24-cv-00935-CFB Document 63-3 Filed 10/2/26 Page 7 of 8

| Property | Potential Source of Revenue | Lost Revenue | Percentage Due Plaintiff | Amount Due Plaintiff |
|---|---|---|---|---|
| 444 Wallace Street | Collection of Rent | $162,000.00 | 33.33% | $54,000.00 |
| 444 Wallace Street | Sale Proceeds | $80,000.00 | 33.33% | $26,666.00 |

In addition, Plaintiff seeks interest, penalties, attorneys' fees and costs of suit.

**4. INSURANCE AGREEMENT UNDER WHICH AN INSURANCE BUSINESS MAY BE LIABLE TO SATISFY ALL OR PART OF A POSSIBLE JUDGMENT**

Pursuant to Fed. R. Civ. P. 26 (a)(1)(A)(iv), Plaintiff does not possess any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse Ahearn for payments made to satisfy the judgment.

**5. CONCLUSION**

Plaintiff reserves the right to supplement, modify and/or amend this Rule 26(a)(1) Initial Disclosure Statement.

**HORN WILLIAMSON LLC**

Date: February 21, 2025

By: */s/ Carter N. Williamson*
Carter N. Williamson, Esquire
*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I, Carter N. Williamson, Esq., hereby certify that, on the date set forth below, I served a true and correct copy of the foregoing ***Initial Disclosures of Plaintiff*** upon all counsel of record via the Court's ECF system.

**HORN WILLIAMSON LLC**

Date: February 21, 2025

By: */s/ Carter N. Williamson*
Carter N. Williamson, Esquire
*Attorney for Plaintiff*

# EXHIBIT "E"

**UPI 124151700040000000**
**919 Prospect Street, York, PA 17403**
**York City**

# THIS DEED

**MADE** the 24th day of June 2021, in the year Two Thousand Twenty-One (2021).

**BETWEEN** **York Family Homes, LLC,** a Pennsylvania limited liability company, of York County, Pennsylvania,

GRANTOR

AND

**Esterlina Guerrero,** single woman, of York County, Pennsylvania,

GRANTEE

**WITNESSETH,** that in consideration of **EIGHTY-FIVE THOUSAND and 00/100 ($85,000.00) DOLLARS,** in hand paid, the receipt whereof is hereby acknowledged, the said Grantor does hereby grant and convey to the said Grantee, her respective heirs and assigns,

**ALL THAT CERTAIN** lot of ground with the improvements thereon erected, situate on Prospect Street, Norway Park, in the City of York, York County, Pennsylvania, bounded and described as follows, to wit:

On the South by Prospect Street on the East by other property now or formerly of Roman Runkle and wife; on the North by a twenty foot wide alley and on the West by property now or formerly of Harry and Elizabeth Hykes. Having a frontage on said Prospect Street of twenty-five feet and extending Northwardly of a uniform width throughout one hundred twenty feet to said twenty foot wide alley known as Number 919 East Prospect Street.

**BEING** the same premises which Fannie Mae a/k/a Federal National Mortgage Association, by deed dated October 28, 2015, and recorded in the Office of the Recorder of Deeds in

Case 1:24-cv-00935-AJ-PW Document 68-31 Filed 10/29/24 Page 237 of 316



and for York County, Pennsylvania, in Record Book 2344, Page 593, granted and conveyed unto York Family Homes, LLC, a Pennsylvania limited liability company, the GRANTOR herein.

**UNDER AND SUBJECT, NEVERTHELESS,** to the same conditions, restrictions, exceptions and reservations as exist by virtue of prior recorded instruments, deeds and conveyances.

**AND** the said Grantor will Warrant SPECIALLY the property hereby conveyed.

**IN WITNESS WHEREOF**, the said Grantor has here unto set its hand and seal the day and year first above written.

Signed, Sealed and Delivered
in the presence of

York Family Homes, LLC

[signature] By: [signature]

Name: Ivonne Huertas

Title: member

**COMMONWEALTH OF PENNSYLVANIA:**

**COUNTY OF YORK :**

On this, the 24th day of June 2021, 2021, before me, the undersigned Notary Public, personally appeared, Ivonne Huertas, who acknowledged himself/herself to be the member of York Family Homes, LLC, a company, and that he/she as such Member being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the company by himself/herself as member.

IN WITNESS WHEREOF, I have hereunto set my hand and notarial seal.

Commonwealth of Pennsylvania - Notary Seal
Liz Y. Rivera, Notary Public
Lancaster County
My commission expires November 30, 2023
Commission number 1294921
Member, Pennsylvania Association of Notaries

[signature]
NOTARY PUBLIC
Commission Expires: 11/30/2023

**I HEREBY CERTIFY** that the precise residence and complete post office address of the grantees herein is: 919 E. Prospect St York PA 17403

[signature]
AGENT/ATTORNEY FOR GRANTEE

*YORK COUNTY RECORDER OF DEEDS*
*28 EAST MARKET STREET*
*YORK, PA 17401*

*Laura Shue - Recorder*
*Tina M. Channell - Deputy*



Instrument Number - 2021041822
Recorded On 7/7/2021 At 7:37:09 AM
* Instrument Type - DEED
Invoice Number - 1441234
* Grantor - YORK FAMILY HOMES LLC
* Grantee - GUERRERO, ESTERLINA
User - TMC
* Customer - LSG SETTLEMENTS, LLC

Book - 2663 Starting Page - 4753
* Total Pages - 4

* Received By:

* FEES

| | |
|---|---|
| STATE TRANSFER TAX | $850.00 |
| STATE WRIT TAX | $0.50 |
| JCS/ACCESS TO JUSTICE | $40.25 |
| RECORDING FEES | $13.00 |
| AFFORDABLE HOUSING | $11.50 |
| PIN NUMBER FEES | $10.00 |
| BLIGHT DEMOLITION FUND | $15.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| YORK CITY SCHOOL REALTY TAX | $425.00 |
| YORK CITY | $425.00 |
| TOTAL PAID | $1,795.25 |

York County UPI Certification
On July 6, 2021 By JV

PARCEL IDENTIFICATION NUMBER
124151700040000000
Total Parcels: 1

I Certify This Document To Be
Recorded In York County, Pa.



Laura Shue
Recorder of Deeds

*THIS IS A CERTIFICATION PAGE*

***PLEASE DO NOT DETACH***

*THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT*

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

Book: 2663 Page: 4756

# EXHIBIT "F"

Prepared by and Return to:
Prime Transfer Inc.
1525 Oregon Pike
Suite 902
Lancaster, PA 17601
File No. PTI-9448
Parcel No: 11-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-00-00000
Property Address:
548 West Philadelphia Street
York, PA 17401

**This Indenture**, made the 15th day of April, 2022

Between

**York Family Homes LLC, a Pennsylvania Limited Liability Company**

(hereinafter called the Grantors), of the one part, and

**Jakub Pawlowski, an adult individual**

(hereinafter called the Grantees), of the other part, and

Witnesseth, that the said Grantors for and in consideration of the sum of **NINETY FIVE THOUSAND AND 00/100 ($95,000.00)** lawful money of the United States of America, unto it well and truly paid by the said Grantee, at or before the sealing and delivery hereof, the receipt whereof is hereby acknowledged, have granted, bargained and sold, released and confirmed, and by these presents do grant, bargain and sell, release and confirm unto the said Grantee, as sole owner:

ALL THAT CERTAIN lot of ground with the improvements thereon erected, situate on the south side of West Philadelphia Street in the Eleventh Ward of the City of York, County of York, and State of Pennsylvania and known as No. 548 West Philadelphia Street, bounded and limited as follows, to wit:

BEGINNING on the North by West Philadelphia Street; on the East by property now or formerly of Charles R. and Henrietta Stall; on the south by property now or formerly of George D. Deardorff and on the west by property now or formerly of Wilmer D. and Marie Hankey.

CONTAINING in front on West Philadelphia Street, twenty (20) feet, more or less, and extending southwardly, of uniform width throughout, one hundred forty-seven (147) feet, to aforesaid property now or formerly of George D. Deardorff.

Parcel ID: 11-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-00-00000

BEING THE SAME PREMISES York Family Homes LLC, a Pennsylvania Limited Liability Company by deed from 548 West Philadelphia, LLC dated 05/28/2015 and recorded with York County Recording Office on 06/10/2015 as Instrument #2015024681.

Together with all and singular the buildings and improvements, ways, streets, alleys, driveways, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises belonging, or in anywise appertaining, and the reversions and remainders, rents, issues, and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever it, the said grantor, as well at law as in equity, of, in and to the same.

To have and to hold the said lot or piece of ground described above, with the buildings and improvements thereon erected, hereditaments and premises hereby granted, or mentioned and intended so to be, with the appurtenances, unto the said Grantee, their heirs and assigns, to and for the only proper use and behoof of the said Grantee, their heirs and assigns, forever.

And the said Grantor, for themselves and their heirs, executors and administrators, do, by these presents, covenant, grant and agree, to and with the said Grantee, their heirs and assigns, that they the said Grantor, and their heirs, all and singular the hereditaments and premises herein described and granted, or mentioned and intended so to be, with the appurtenances, unto the said Grantee, their heirs and assigns, against it, the said Grantor, and their heirs, will SPECIALLY WARRANT and DEFEND against the lawful claims of all persons claiming by, through or under the said Grantor but not otherwise.

In Witness Whereof, the parties of the first part have hereunto set their hands and seals. Dated the day and year first above written.

Sealed and Delivered
IN THE PRESENCE OF US:

_______________________

York Family Homes LLC, a
Pennsylvania Limited Liability Company

By: Ivonne Huertas member
Ivonne Huertas, Manager

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF LANCASTER

On this, the 15th day of April, 2022, before me Leilani Brown the undersigned officer, personally appeared Ivonne Huertas, who acknowledged himself (herself) to be the Manager of York Family Homes LLC, a Limited Liability Company, and that he (she) as such Manager, being authorized to do so, executed foregoing instrument for the purpose therein contained by signing the name of the Limited Liability Company by himself (herself) as Manager.

In witness whereof, I hereunto set my hand and official seals.

[signature]
Signature

Notary Public
Title of Officer

Commonwealth of Pennsylvania - Notary Seal
Leilani M. Brown, Notary Public
Lancaster County
My commission expires July 1, 2023
Commission number 1291753
Member, Pennsylvania Association of Notaries

The precise residence and the complete post office address of the above-named Grantee is:
8511 Lefferts BLVD. Apt. 2F Kew Gardens, NY 11415

[signature]
On behalf of the Grantee

*YORK COUNTY RECORDER OF DEEDS*
*28 EAST MARKET STREET*
*YORK, PA 17401*

*Laura Shue - Recorder*
*Tina M. Channell - Deputy*




Instrument Number - 2022021925
Recorded On 4/20/2022 At 12:05:50 PM
* Instrument Type - DEED
Invoice Number - 1490505
* Grantor - YORK FAMILY HOMES LLC
* Grantee - PAWLOWSKI, JAKUB
User - TMC
* Customer - PRIME TRANSFER INC

Book - 2723 Starting Page - 6861
* Total Pages - 4

* Received By: ERECORD

* FEES

| | |
|---|---|
| STATE TRANSFER TAX | $950.00 |
| STATE WRIT TAX | $0.50 |
| JCS/ACCESS TO JUSTICE | $40.25 |
| RECORDING FEES | $13.00 |
| AFFORDABLE HOUSING | $11.50 |
| PIN NUMBER FEES | $10.00 |
| BLIGHT DEMOLITION FUND | $15.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| YORK CITY SCHOOL REALTY TAX | $475.00 |
| YORK CITY | $475.00 |
| TOTAL PAID | $1,995.25 |

**York County UPI Certification**
**On April 20, 2022 By JV**

**PARCEL IDENTIFICATION NUMBER**
**113010500760000000**
**Total Parcels: 1**

I Certify This Document To Be
Recorded In York County, Pa.

LAURA SHUE RECORDER OF DEEDS YORK COUNTY PA

Laura Shue
Recorder of Deeds

*THIS IS A CERTIFICATION PAGE*

***PLEASE DO NOT DETACH***

*THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT*

*** - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.**

Book: **2723** Page: **6864**

# EXHIBIT "G"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (HARRISBURG)**

| | | |
|---|---|---|
| **ESTATE OF LAWRENCE E. AHEARN, THROUGH MICHAEL AHEARN AS ADMINISTRATOR** | : | |
| v. | : | No.: 24-00935-JPW |
| **YORK FAMILY HOMES, LLC,** *et al.* | : | |

**DEFENDANT, YORK FAMILY HOMES, LLC'S OBJECTIONS AND RESPONSES TO CO-DEFENDANTS, MPL LAW FIRM LLP, MPL LAND SERVICES, LLC, AND JOHN J. BARANSKI, JR., ESQUIRE'S FIRST SET OF REQUEST FOR ADMISSIONS**

Defendant, York Family Homes, LLC ("Answering Defendant"), by and through its undersigned counsel, hereby provides its Objections and Responses to Co-Defendants, MPL Law Firm LLP, MPL Land Services, LLC, and John J. Baranski, Jr., Esquire's (collectively, "Requesting Defendants") First Set of Requests for Admissions under and pursuant to Federal Rules of Civil Procedure.

Defendant, York Family Homes, LLC responds to these requests without waiver and with preservation of:

A. The right to object to the use of any responses, or the subject matter thereof, on any ground in any proceeding in any action, including any arbitration and/or trial;

B. The right to object on any grounds at any time to a demand or request for a further response to this discovery request or to any other interrogatories, document requests, or other discovery proceedings including or relating to the subject matter of the discovery requests herein responded to; and,

C. The right at any time to revise, correct, add to, supplement, clarify any of the within Responses.

## OBJECTIONS

1. Answering Defendant objects to Interrogatories 1-13 herein as exceeding the maximum number of interrogatories allowed pursuant to Federal Rule of Civil Procedure 33(a)(1) as Requesting Defendants previously served 51 Interrogatories upon Answering Defendant in Requesting Defendants' First Set of Interrogatories.

2. Answering Defendant objects to Interrogatories 1-13 herein as exceeding the maximum number of interrogatories allowed pursuant to Local Rule 33.3 as Requesting Defendants previously served 51 Interrogatories upon Answering Defendant in Requesting Defendants' First Set of Interrogatories.

## RESPONSES

**Request for Admission 1: Admit that You did not retain or engage the services of Attorney Defendants for the purpose of providing financial advice.**

**RESPONSE:** *Objection. Answering Defendant objects to this Request for Admission as the term "financial advice" is undefined and reasonably capable of being interpreted in this context in a variety of ways.*

*Without waiving the foregoing objection, this Request is Denied.*

**Interrogatory No. 1: If this response is anything other than an unqualified admission, upon which facts do you base your answer?**

**RESPONSE:** *Answering Defendant incorporates its Objections in Response to this Interrogatory. Without waiving the foregoing objection, Answering Defendant incorporates its Response to Requesting Defendant's Interrogatory 7 as if set forth at length herein.*

**Request for Production No. 1: If this response is anything other than an unqualified admission, produce any documents supporting your response.**

**RESONSE:** *All relevant documents in Defendant, York Family Homes, LLC's possession were previously produced as YFM – 1-14. Note: Defendants, York Family Homes, LLC and Juan C. Rivera provided their file materials related to the Subject Properties to Co-Defendant, John J. Baranski, Jr., Esquire prior to the initiation of the instant litigation when Plaintiff first contacted Defendant, John J. Baranski, Jr., Esquire concerning the claims asserted by Plaintiff in this litigation.*

**Request for Admission 2: Admit that You did not retain or engage the services of Attorney Defendants for the preparation of and completion of tax returns.**

**RESPONSE:** *Admitted.*

**Interrogatory No. 2: If this response is anything other than an unqualified admission, upon which facts do you base your answer?**

**RESPONSE:** *Not Applicable.*

**Request for Production No. 2: If this response is anything other than an unqualified admission, produce any documents supporting your response.**

**RESONSE:** *Not Applicable.*

**Request for Admission 3: Admit that You did not retain or engage the services of Attorney Defendants for the transaction and/or conveyance of 919 Prospect Street, York, PA 17403.**

**RESPONSE:** *Admitted in part, denied in part. It is admitted that Answering Defendant did not engage Attorney Defendants to effectuate the sale of 919 Prospect Street, York, PA 17403. It is denied that Answering Defendant did not engage the services of Attorney Defendants with regards to the sale of 919 Prospect Street, York, PA 17403. Answering Defendant, through Defendant, Juan C. Rivera, sought guidance from Attorney Defendants with regards to the sale of the 919 Prospect Street, York, PA 17403.*

**Interrogatory No. 3: If this response is anything other than an unqualified admission, upon which facts do you base your answer?**

**RESPONSE:** *Answering Defendant incorporates its Objections in Response to this Interrogatory. Without waiving the foregoing objection, Answering Defendant incorporates its Response to Requesting Defendant's Interrogatory 7 as if set forth at length herein.*

**Request for Production No. 3: If this response is anything other than an unqualified admission, produce any documents supporting your response.**

**RESPONSE:** *All relevant documents in Defendant, York Family Homes, LLC's possession were previously produced as YFM – 1-14. Note: Defendants, York Family Homes, LLC and Juan C. Rivera provided their file materials related to the Subject Properties to Co-Defendant, John J. Baranski, Jr., Esquire prior to the initiation of the instant litigation when Plaintiff first contacted Defendant, John J. Baranski, Jr., Esquire concerning the claims asserted by Plaintiff in this litigation.*

**Request for Admission 4: Admit that You did not retain or engage the services of Attorney Defendants for the transaction and/or conveyance of 548 West Philadelphia Street, York, PA 17401.**

**RESPONSE:** *Admitted in part, denied in part. It is admitted that Answering Defendant did not engage Attorney Defendants to effectuate the sale of 548 West Philadelphia Street, York, PA 17401. It is denied that Answering Defendant did not engage the services of Attorney Defendants with regards to the sale of 548 West Philadelphia Street, York, PA 17401. Answering Defendant, through Defendant, Juan C. Rivera, sought guidance from Attorney Defendants with regards to the sale of the 548 West Philadelphia Street, York, PA 17401.*

**Interrogatory No. 4: If this response is anything other than an unqualified admission, upon which facts do you base your answer?**
**RESPONSE:** *Answering Defendant incorporates its Objections in Response to this Interrogatory. Without waiving the foregoing objection, Answering Defendant incorporates its Response to Requesting Defendant's Interrogatory 7 as if set forth at length herein.*

**Request for Production No. 4: If this response is anything other than an unqualified admission, produce any documents supporting your response.**
**RESPONSE:** *All relevant documents in Defendant, York Family Homes, LLC's possession were previously produced as YFM – 1-14. Note: Defendants, York Family Homes, LLC and Juan C. Rivera provided their file materials related to the Subject Properties to Co-Defendant, John J. Baranski, Jr., Esquire prior to the initiation of the instant litigation when Plaintiff first contacted Defendant, John J. Baranski, Jr., Esquire concerning the claims asserted by Plaintiff in this litigation.*

**Request for Admission 5: Admit that You did not retain or engage the services of Attorney Defendants for the collection of rental income on 919 Prospect Street, York, PA 17403.**
**RESPONSE:** *Admitted.*

**Interrogatory No. 5: If this response is anything other than an unqualified admission, upon which facts do you base your answer?**
**RESPONSE:** *Not Applicable.*

**Request for Production No. 5: If this response is anything other than an unqualified admission, produce any documents supporting your response.**
**RESPONSE:** *Not Applicable.*

**Request for Admission 6: Admit that You did not retain or engage the services of Attorney Defendants for the collection of rental income on 548 West Philadelphia Street, York, PA 17401.**
**RESPONSE:** *Admitted.*

**Interrogatory No. 6: If this response is anything other than an unqualified admission, upon which facts do you base your answer?**
**RESPONSE:** *Not Applicable.*

**Request for Production No. 6: If this response is anything other than an unqualified admission, produce any documents supporting your response.**
**RESONSE:** *Not Applicable.*

**Request for Admission 7: Admit that You did not retain or engage the services of Attorney Defendants for the collection of rental income on 444 Wallace Street, York, PA 17403.**
**RESPONSE:** *Admitted.*

**Interrogatory No. 7: If this response is anything other than an unqualified admission, upon which facts do you base your answer?**
**RESPONSE:** *Not Applicable.*

**Request for Production No. 7: If this response is anything other than an unqualified admission, produce any documents supporting your response.**
**RESPONSE:** *Not Applicable.*

**Request for Admission 8: Admit that You did not retain or engage the services of Attorney Defendants for the collection of rental income on 840 E. Market Street, York, PA 17403.**
**RESPONSE:** *Admitted.*

**Interrogatory No. 8: If this response is anything other than an unqualified admission, upon which facts do you base your answer?**
**RESPONSE:** *Not Applicable.*

**Request for Production No. 8: If this response is anything other than an unqualified admission, produce any documents supporting your response.**
**RESPONSE:** *Not Applicable.*

**Request for Admission 9: Admit that Attorney Defendants never provided You with any advice or services related to the collection of rental income on 840 E. Market Street, York, PA 17403, 444 Wallace Street, York, PA 17403, 548 West Philadelphia Street, York, PA 17401, and 919 Prospect Street, York, PA 17403.**
**RESPONSE:** *Admitted.*

**Interrogatory No. 9: If this response is anything other than an unqualified admission, upon which facts do you base your answer?**
**RESPONSE:** *Not Applicable.*

**Request for Production No. 9: If this response is anything other than an unqualified admission, produce any documents supporting your response.**
**RESPONSE:** *Not Applicable.*

**Request for Admission 10: Admit that Attorney Defendants never provided You with any advice or services related to distribution of profits earned by You.**
**RESPONSE:** *Objection. Answering Defendant objects to this Request for Admission as the term "distribution of profits" is undefined and reasonably capable of being interpreted in this context in a variety of ways.*

*Without waiving the foregoing objection, this Request is Admitted, but only to the extent that the term "distribution of profits" as used herein does not include the transfer of business assets as described in Answering Defendant's Response to Requesting Defendant's Interrogatory 7 as if set forth at length herein.*

**Interrogatory No. 10: If this response is anything other than an unqualified admission, upon which facts do you base your answer?**

**RESPONSE:** *Answering Defendant incorporates its Objections in Response to this Interrogatory. Without waiving the foregoing objection, Answering Defendant incorporates its Response to Requesting Defendant's Interrogatory 7 as if set forth at length herein.*

**Request for Production No. 10: If this response is anything other than an unqualified admission, produce any documents supporting your response.**

**RESPONSE:** *All relevant documents in Defendant, York Family Homes, LLC's possession were previously produced as YFM – 1-14. Note: Defendants, York Family Homes, LLC and Juan C. Rivera provided their file materials related to the Subject Properties to Co-Defendant, John J. Baranski, Jr., Esquire prior to the initiation of the instant litigation when Plaintiff first contacted Defendant, John J. Baranski, Jr., Esquire concerning the claims asserted by Plaintiff in this litigation.*

**Request for Admission 11: Admit that Attorney Defendants never provided You with any advice or services related to the completion of tax returns.**

**RESPONSE:** *Admitted.*

**Interrogatory No. 11: If this response is anything other than an unqualified admission, upon which facts do you base your answer?**

**RESPONSE:** *Not Applicable.*

**Request for Production No. 11: If this response is anything other than an unqualified admission, produce any documents supporting your response.**

**RESPONSE:** *Not Applicable.*

**Request for Admission 12: Admit that Attorney Defendants never provided You with any financial advice.**

**RESPONSE:** *Objection. Answering Defendant objects to this Request for Admission as the term "financial advice" is undefined and reasonably capable of being interpreted in this context in a variety of ways.*

*Without waiving the foregoing objection, this Request is Denied.*

**Interrogatory No. 12: If this response is anything other than an unqualified admission, upon which facts do you base your answer?**

**RESPONSE:** *Answering Defendant incorporates its Objections in Response to this Interrogatory. Without waiving the foregoing objection, Answering Defendant incorporates its Response to Requesting Defendant's Interrogatory 7 as if set forth at length herein.*

**Request for Production No. 12: If this response is anything other than an unqualified admission, produce any documents supporting your response.**

**RESPONSE:** *All relevant documents in Defendant, York Family Homes, LLC's possession were previously produced as YFM – 1-14. Note: Defendants, York Family Homes, LLC and Juan C. Rivera provided their file materials related to the Subject Properties to Co-Defendant, John J. Baranski, Jr., Esquire prior to the initiation of the instant litigation when Plaintiff first contacted Defendant, John J. Baranski, Jr., Esquire concerning the claims asserted by Plaintiff in this litigation.*

**Request for Admission 13: Admit that You did not retain or engage the services of Attorney Defendants on a continuous ongoing basis for the purpose of providing business advice and consulting.**

**RESPONSE:** *Denied. Answering Defendant, through Defendant, Juan Rivera, understood that it had an ongoing attorney-client relationship with Attorney Defendants, as evidenced by their ongoing communications regarding Answering Defendant.*

**Interrogatory No. 13: If this response is anything other than an unqualified admission, upon which facts do you base your answer?**

**RESPONSE:** *Answering Defendant incorporates its Objections in Response to this Interrogatory. Without waiving the foregoing objection, Answering Defendant incorporates its Response to Requesting Defendant's Interrogatory 7 as if set forth at length herein.*

**Request for Production No. 13: If this response is anything other than an unqualified admission, produce any documents supporting your response.**

**RESPONSE:** *All relevant documents in Defendant, York Family Homes, LLC's possession were previously produced as YFM – 1-14. Note: Defendants, York Family Homes, LLC and Juan C. Rivera provided their file materials related to the Subject Properties to Co-Defendant, John J. Baranski, Jr., Esquire prior to the initiation of the instant litigation when Plaintiff first contacted Defendant, John J. Baranski, Jr., Esquire concerning the claims asserted by Plaintiff in this litigation.*

**WEISBERG LAW**

*<u>/s/ L. Anthony DiJiacomo, III</u>*
Matthew B. Weisberg, Esq.
L. Anthony DiJiacomo, III, Esq.
*Attorneys for Defendants, York Family Homes, LLC, Juan C. Rivera, Crystal Ruby Rivera, & Ivonne Huertas*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (HARRISBURG)**

| | | |
|---|---|---|
| **ESTATE OF LAWRENCE E. AHEARN, THROUGH MICHAEL AHEARN AS ADMINISTRATOR** | : | No.: 24-00935-JPW |
| v. | : | |
| **YORK FAMILY HOMES, LLC,** *et al.* | : | |

**VERIFICATION**

I, Juan C. Rivera, on behalf of York Family Homes, LLC, hereby verifies that the factual averments in the foregoing discovery responses are true and correct to the best of my knowledge, information and belief. I make the foregoing unsworn statement subject to the penalties of 18 Pa.C.S. § 4904.

*/s/ Juan C. Rivera*
Lawrence E. Ahearn

*September 5, 2025*
Date

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (HARRISBURG)**

| | | |
|---|---|---|
| **ESTATE OF LAWRENCE E. AHEARN, THROUGH MICHAEL AHEARN AS ADMINISTRATOR** | : | No.: 24-00935-JPW |
| v. | : | **JURY TRIAL DEMANDED.** |
| **YORK FAMILY HOMES, LLC,** *et al.* | : | |

**CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, hereby certify that on this 5th of September 2025, a true and correct copy of the foregoing discovery responses was served upon the following counsel of record via email:

Carter Williamson, Esq.
Joseph Michael Boyan, Esq.
HORN WILLIAMSON, LLC
Two Penn Center, Suite 1700
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
*Via cwilliamson@hornwilliamson.com*
*Via jboyan@hedlaw.com*

Paul C. Troy, Esq.
Amanda M Slezak, Esq.
KAN PUGH KNOELL TROY & KRAMER
4 Sentry Parkway East, Suite 100
Blue Bell, PA 19422
*Via ptroy@kanepugh.com*
*Via aslezak@kanepugh.com*

**WEISBERG LAW**

*/s/ L. Anthony DiJiacomo, III*
Matthew B. Weisberg, Esq,
L. Anthony DiJiacomo, III, Esq.
*Attorneys for Defendants, York Family Homes, LLC, Juan C. Rivera, Crystal Ruby Rivera, & Ivonne Huertas*

# EXHIBIT "H"

IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

\- - -

ESTATE OF LAWRENCE A. AHEARN, THROUGH MICHAEL AHEARN AS ADMINISTRATOR, :
PLAINTIFF, :
-vs- : NO. 1:24-CV-00935-JPW
YORK FAMILY HOMES, LLC, JUAN C. RIVERA, CRYSTAL RUBY RIVERA, IVONNE HUERTAS, JOHN J. BARANSKI, JR., ESQUIRE, MPL LAW FIRM, LLP, MPL LAND SERVICES, LLC, AND BLAKEY, YOST, BUPP & RAUSCH, LLP, N/K/A MLP LAW FIRM, LLP, :
DEFENDANTS. :

\- - -

***DEPOSITION***

DEPONENT: Michael Ahearn

DATE: Tuesday, May 13, 2025

TIME: 10:01 a.m.

REPORTER: Valerie D. Lawrence, Notary Public
Appearing Remotely from Philadelphia, Pennsylvania

REMOTE APPEARANCES:

HEDINGER & LAWLESS, LLC
BY: JOSEPH M. BOYAN, ESQUIRE
23 Vreeland Road, Suite 150
Florham Park, New Jersey 07932
(973)301-9100
jboyan@hedlaw.com
Representing Estate of Lawrence A. Ahearn, through Michael Ahearn as Administrator

WEISBERG LAW, P.C.
BY: L. ANTHONY DiJIACOMO, III, ESQUIRE
7 South Morton Avenue
Morton, Pennsylvania 19070
(610)690-0801
adijiacomo@weisberglawoffices.com
Representing York Family Homes, LLC, Juan C. Rivera, Crystal Ruby Rivera, and Ivonne Huertas

KANE, PUGH, KNOELL, TROY & KRAMER, LLP
BY: AMANDA S. CELOMMI, ESQUIRE
4 Sentry Parkway East, Suite 100
Blue Bell, Pennsylvania 19422
(610)275-2000
acelommi@kanepugh.com
Representing John J. Baranski, Jr., Esquire, MPL Law Firm, LLP, MPL Land Services, LLC, and Blakey, Yost, Bupp & Rausch LLP, N/K/A MLP Law Firm, LLP

Q. Do you have any personal knowledge on Attorney John Baranski involvement on the renting or leasing of this property, 840 East Market?

A. No.

Q. All right. I'm going to go to paragraph 41 right here. We're going to talk about the 919 Prospect Street.

Paragraph 41 says, On or about October 28th, 2015, York Family Homes purchased 919 Prospect Street for $23,000.

So to your personal understanding, was 919 Prospect Street owned by York Family Homes, LLC?

A. Yes, to my understanding.

Q. And then paragraph 42 says, 919 Prospect was rented through Family Homes and/or Rivera from December 2015 through the sale of the property by Family Homes in June 2021.

York Family Homes, LLC leased this property, correct?

A. Yes.

Q. In paragraph 43 it again states that the leases on this 919 Prospect Street generated at least $2,000 per month or $24,000 annually in rental income.

Do you have any personal knowledge on

the rental income or leasing of this property?
A. Personal knowledge, no.
Q. Did Lawrence Ahearn ever discuss with you leasing this 919 Prospect Street property?
A. No.
Q. Do you have any personal knowledge on Attorney Baranski's involvement in the renting or leasing of this property?
A. No.
Q. I'm going to go down to paragraph 66. Again, we're still talking about 919 Prospect Street.
On or about June 24th, 2021, Family Homes sold 919 Prospect to Esterlina Guerrero for $85,000.
Do you have any personal knowledge on whether Attorney Baranski represented York Family Homes, LLC in this June 24, 2021 sale of 919 Prospect Street?
A. Not personal knowledge, no; just except for what's -- what was shown in the documentation.
Q. And to your knowledge, what was shown in the documentation?
A. That he represented on the sale of that home and the transfer of the deed.

was -- that was two questions. Will you rephrase, please?

BY MS. CELOMMI:

Q. York Family Homes, LLC leased this 548 West Philadelphia Street property, correct?

A. According to the documents received by my attorney, yes.

Q. Paragraph 47 states, The several leases generated at least $2,000 per month or $24,000 annually in rental income.

Do you have any personal knowledge on the rental income or leasing of this 548 West Philadelphia Street property?

A. Personal knowledge, no; just according to documentation received by my attorney.

Q. Did Lawrence Ahearn ever discuss with you the rental or leasing of this property?

A. No.

Q. Do you have any personal knowledge on Attorney Baranski's involvement in the renting or leasing of this 548 West Philadelphia Street property?

A. No personal knowledge; just knowledge based on documentation received by my attorney.

Q. And which documentation is that?

A. Just -- which documentation showing that Baranski had involvement with that?

Q. Yes, that you're referencing.

A. I can't tell you exactly which documents they are.

Q. All right. Paragraph 71 -- bear with me.

Still at 548 West Philadelphia Street. It states, On or about the April 15, 2022, Family Homes sold ownership of 548 West Philadelphia to Jakub Pawlowski for $95,000.

Do you have any personal knowledge on whether Attorney Baranski represented York Family Homes, LLC in this April 15, 2022 sale of 548 West Philadelphia Street?

A. Just from the documentation received by my attorney.

Q. And which documentation are you referencing, if you know?

A. I can't give you an answer as far as which documentation.

Q. All right. We're going to go up to 49 and talk about the 444 Wallace Street property.

Paragraph 49 states, On or about June 15, 2015, Family Homes purchased 444 Wallace for

$1,295 in a tax sale.

444 Wallace Street was owned by York Family Homes, LLC, correct?

A. Correct.

Q. We're in paragraph 50.

Upon the information and belief, in addition to Rivera, Huertas, and/or Ruby Rivera improperly using the property for personal use, Family Homes also leased 444 Wallace to several tenants, and, as such, the property generated income in the form of rental income for several years.

York Family Homes, LLC leased this 444 Wallace Street Property, correct?

A. From my understanding, yes.

Q. Do you have any personal knowledge on the rental income or leasing of the property?

A. No personal knowledge.

Q. Did Lawrence Ahearn ever discuss the rental or leasing of 444 Wallace Street with you?

A. No.

Q. Do you have any personal knowledge on Attorney Baranski's involvement in the renting or leasing of 444 Wallace Street?

A. No; just referencing documents received by my attorney.

Q. And which documents are you referring to now?

A. I can't tell you exactly which at this time.

Q. All right. We're going to go down to paragraph 76; still talking about 444 Wallace Street.

Paragraph 76 states, On or about December 2, 2022, Family Homes, by and through Rivera, sold 444 Wallace to Rivera for $1.

Is it your understanding that York Family Homes sold 444 Wallace to Juan Rivera on this date?

A. Yes.

Q. Do you have any personal knowledge on whether Attorney Baranski represented York Family Homes, LLC in this 2022 sale?

A. I don't have personal knowledge; just referencing documentation received by my attorney.

Q. And, again, do you know specifically yourself in which you're referring to?

A. No, I do not.

Q. Okay. Paragraph 78, still 444 Wallace Street, it states, Rivera subsequently conveyed 444 Wallace to himself and his daughter, Ruby Rivera,

# EXHIBIT "I"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ESTATE OF LAWRENCE E. AHEARN, THROUGH MICHAEL AHEARN AS ADMINISTRATOR,<br>10720 112th Street,<br>South Richmond Hill, Queens, NY 19419;<br><br>Plaintiff,<br><br>v.<br><br>YORK FAMILY HOMES, LLC,<br>688 Wallace Street<br>York, PA 17403;<br><br>JUAN C. RIVERA,<br>688 Wallace Street<br>York, PA 17403;<br><br>CRYSTAL RUBY RIVERA<br>444 Wallace Street<br>York, PA 17403;<br><br>IVONNE HUERTAS,<br>688 Wallace Street<br>York, PA 17403;<br><br>MPL LAW FIRM LLP,<br>96 South George Street, Ste 520<br>York, PA 17401;<br><br>MPL LAND SERVICES,<br>96 South George Street, Ste 520<br>York, PA 17401;<br><br>JOHN J. BARANSKI, JR., ESQUIRE,<br>5156 W. Canal Road<br>Dover, PA 17315 ; and<br><br>BLAKEY, YOST, BUPP & RAUSCH LLP,<br>n/k/a MPL LAW FIRM, LLP<br>96 South George Street, Fifth Floor<br>York, PA 17401;<br><br>Defendants. | CIVIL ACTION<br><br>Case 1:24-cv-00935-JPW |

**PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANTS MPL LAW FIRM, LLP, MPL LAND SERVICES, LLC, AND JOHN J. BARANSKI, JR., ESQ.'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 4006 of the Pennsylvania Rules of Civil Procedure, Plaintiff, Estate of Lawrence Ahearn ("Plaintiff"), by and through his attorneys, Horn Williamson LLC, hereby responds to the Defendants, MPL Law Firm, LLP, MPL Land Services, LLC, and John J. Baranski, Jr., Esq.'s First Set of Interrogatories propounded by Defendants, as follows:

**GENERAL OBJECTIONS TO INTERROGATORIES**

These limitations and objections are set forth here to avoid restating them to each discovery request. Plaintiff reserves the right to rely upon any facts, documents or other evidence that may develop or come to its attention at a later time throughout the course of discovery. Responses to these discovery requests will be based upon Information known to Plaintiff at this time. The comments herein are set forth without prejudice to the right of Plaintiff to supplement its responses if further information is discovered, and Plaintiff reserves the right to supplement or amend its responses at any time prior to trial in accordance with the Federal Rules of Civil Procedure.

1. Plaintiff objects to these discovery requests to the extent they: (a) are overly broad, vague, ambiguous, or seek to impose undue burden and expense; (b) seek documents that are irrelevant and immaterial; (c) are not likely to lead to the discovery of admissible evidence; (d) impose obligations upon Plaintiff beyond those contained in the Federal Rules of Civil Procedure; and (e) are otherwise impermissible.

2. Plaintiff objects to these discovery requests to the extent they seek or can be construed to seek information subject to the attorney-client privilege, the work product immunity, or any other privilege or immunity. Plaintiff does not waive, intends to preserve, and is preserving,

the attorney-client privilege, the work product privilege and every other applicable privilege with respect to each and every document protected by such privilege. Privileged documents responsive to any particular discovery request are not being produced and will be identified in an appropriate manner.

3. Plaintiff objects to these discovery requests to the extent they seek disclosure of confidential or sensitive business information that is subject to any privilege that protects trade secrets, confidential, commercial, business or any other proprietary information without the entry of an appropriate stipulation of confidentiality and protective order.

4. Plaintiff objects to these discovery requests to the extent they seek any documents, the disclosure of which would violate rights of privacy and any other judicially recognized right or protection and privileges, confidentiality agreements, or arrangements between Plaintiff and any other party or that would violate court orders restricting dissemination of information, or that would result in the disclosure of confidential records, confidential trade secrets, or proprietary information, materials prepared in anticipation of litigation, or confidential settlement discussions or conduct.

5. Plaintiff objects to these discovery requests to the extent they seek information outside its possession, custody or control. Plaintiff further objects to these discovery requests to the extent they seek documents that reflect information that may be derived or ascertained from documents already in the possession of or available to the propounding party, to the extent they seek information to which the propounding party has equal access, and to the extent they seek information that may be more readily available from a more convenient, less burdensome and less expensive source.

6. Plaintiff objects to these discovery requests to the extent they seek information or documents that are prepared, generated, or received in anticipation of, or after the commencement of this litigation.

7. Plaintiff objects to these discovery requests to the extent that they require Plaintiff to identify "all" documents or set forth "all" information without specifying a category or categories. A request for identification of "all" documents or to set forth "all" information is vague, ambiguous and extremely broad.

8. By providing the within responses, Plaintiff does not concede that the information provided is properly discoverable or admissible and does not in any way waive or intend to waive, but rather intends to preserve and is preserving, the right to challenge the competency, relevance, materiality, and admissibility of, or to object to on any grounds the use of, the information set forth herein or provided in any supplemental answer in any proceeding, motion, hearing, including the trial of this or any other action, and is also preserving all objections as to vagueness and ambiguity, and all rights to object on any grounds to any further discovery requests involving or related to any of the requests contained herein.

9. Any response made despite or subject to any objection is done for the purpose of demonstrating a good faith effort to respond to the discovery request and is not intended to constitute either a waiver of the objection or an assent to the materiality, reasonableness, admissibility or discoverability of the information provided. Any response is made in an effort to provide responsive information based on a fair reading of the request's intended meaning.

10. Plaintiff objects to these discovery requests to the extent they request a legal conclusion, legal opinion and/or legal interpretation.

11. Plaintiff objects to these discovery requests to the extent they request information regarding a party and/or entity other than Plaintiff, and its responses to these discovery requests are based on Plaintiff's knowledge.

12. The responses and objections set forth herein are based upon information now known to Plaintiff on the date upon which these responses are submitted. Plaintiff has not yet completed its investigation of the facts pertaining to this action, nor has it completed its discovery or preparation for trial in this action, and, therefore, Plaintiff reserves its right to amend, modify or supplement the objections or responses stated herein.

13. The inadvertent production of information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Plaintiff's right to object to the use of any such information contained therein during any proceeding in this litigation or otherwise.

14. These General Objections are made, to the extent applicable, in response to each of the Interrogatories as if the objections were fully set forth therein.

## RESPONSES TO INTERROGATORIES

1. Set forth the names of all individuals who participated in the gathering of the information and supplying of the Answers to the Interrogatories and the Interrogatories, including full names, addresses, job titles, and phone numbers.

**ANSWER:** Subject to the foregoing General Objections, and without the waiver of the same, Michael Ahearn, with the assistance of counsel, gathered the information necessary to respond to the within Interrogatories. Mr. Ahearn is available through counsel.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

2. State Plaintiff's full name; any other names (including maiden name) by which he/she was known; date and place of birth; date and place of death (if applicable); residence address from preceding 5 years; all business addresses during the same period; marital status at the time of the occurrence that forms the basis of this lawsuit, and social security number.

**ANSWER:** Objection. Michael Ahearn's date of birth, place of birth, social security number, marital status, and all addresses are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Michael Ahearn is the administrator and sole heir of his uncle, Lawrence E. Ahearn's estate (the "Estate" or "Lawrence Ahearn") and was not personally involved in any of the transactions or occurrences giving rise to the Estate's causes of action against any and all of the defendants. Subject to the foregoing General Objections, and without the waiver of the same, in or about June 2022, Defendant Juan Rivera contacted Michael Ahearn via cell phone. Defendant Juan Rivera contacted Michael Ahearn by cell phone in connection with 840 E. Market Street, York, PA. Michael Ahearn was confused by the telephone call as he knew nothing about this property, or any other York Family Homes property owned by his deceased uncle Lawrence Ahearn. During this call, and in repeated subsequent calls made by Defendant Rivera, he insisted that Michael Ahearn either convey the property to him or agree to a joint sale. Thereafter, Micheal Ahearn, feeling threatened by the previous exchanges, contacted legal counsel. Accordingly, Michael Ahern objects to providing his home address in response to this Interrogatory and may be reached through counsel.

3. State Plaintiff's policies and practices for the preservation and destruction of electronically stored information and documents and identify the person or entity responsible for implementation of said policies and practices.

**ANSWER:** Subject to the foregoing General Objections, and without the waiver of the same**,** Plaintiff has no policy for the preservation and destruction of electronically stored information and documents.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

4. Identify and list all the electronically stored information, documents, and things of which Plaintiff is aware relating to the occurrence that forms the basis of this lawsuit.

**ANSWER:** Subject to the foregoing General Objections, and without the waiver of the same, Plaintiff has no electronically stored information or documents relating to the occurrences that form the bases of the lawsuit. All documents and information the Plaintiff received relating to the lawsuit were obtained from the following sources: 1) Defendant John Baranski's ("Baranski") submission of binders of documents in Spring 2023 to Plaintiff's attorney Joseph M. Boyan, Esq.; 2) Wells Fargo Bank, pursuant to requests for bank statements of York Family Homes, LLC ("York Family Homes" or "YFH"); 3) The City of York, pursuant to Right to Know requests by Michael Ahearn for information related to York's Tenant-Owned Residential Property [Rental] Licensing Program for the subject four properties which were leased and then sold by Baranski and other defendants without Plaintiff's knowledge or consent; and 4) the County of York, pursuant to requests for property deeds and related documents.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

5. Describe the protocol used to identify all electronically stored information, documents, and things, including the words or phrases used to conduct searches.

**ANSWER:** Subject to the foregoing General Objections, and without the waiver of the same, Plaintiff has no electronically stored information or documents relating to the occurrences that form the bases of the lawsuit. All documents and information the Plaintiff received relating to the lawsuit were derived from the sources set forth in Plaintiff's response to Interrogatory No. 4. See also response to Interrogatory No. 4.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

6. Was any electronically stored information, document, or thing relating to the occurrence that forms the basis of this lawsuit not preserved and/or accessible? If yes, identify and list all information, documents, and things that were not preserved and/or accessible.

**ANSWER:** Subject to the foregoing General Objections, and without the waiver of the same, Plaintiff has no electronically stored information or documents relating to the occurrences that form the bases of the lawsuit. All documents and information the Plaintiff received relating to the lawsuit were derived from the sources set forth in Plaintiff's responses to Interrogatory Nos. 4 and 5, and, therefore, Plaintiff is not aware

of any documents that were not preserved and/or accessible. See also responses to Interrogatory Nos. 4 and 5.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

7. Identify all matters in which Plaintiff had a professional relationship with Defendant and specify which of those matters forms the basis for this action.

**ANSWER:** Objection. This Interrogatory is vague as it does not identify which Defendant is actually seeking this information. Subject to the foregoing General Objections, and without the waiver of the same, the decedent, Lawrence Ahearn, retained John Baranski and his initial law firm to perform professional services for him, by and through his 33⅓% membership and ownership interest in York Family Homes.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

8. State the date on which Plaintiff retained Defendant to provide professional services, and state the manner in which Defendant was retained, whether by telephone, letter, agreement, or in person conversation.

**ANSWER:** Objection. This Interrogatory is vague as it does not identify which Defendant is seeking this information. Subject to the foregoing General Objections, and without the waiver of the same, the decedent, Lawrence Ahearn, retained John Baranski and his initial law firm to perform professional services for him, by and through his 33⅓% membership and ownership interest in York Family Homes. Michael Ahearn has no knowledge of the date upon which his uncle retained Baranski and/or his initial law firm to perform professional services for him.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

9. Did Plaintiff execute a fee agreement with Defendant?

**ANSWER:** Objection. This Interrogatory is vague as it does not identify which Defendant is seeking this information. Subject to the foregoing General Objections, and without the wavier of the same, the decedent, Lawrence Ahearn, retained John Baranski and his initial law firm to perform professional services for him, by and through his 33⅓% membership and ownership interest in York Family Homes. Michael Ahearn has no knowledge of whether or not his deceased uncle, Lawrence Ahearn, executed a fee agreement with Baranski and/or his initial law firm with whom Baranski was affiliated.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

10. State any additional facts that support the existence of a professional relationship between Plaintiff and Defendant for the matters that form the basis of this action.

**ANSWER:** Objection. This Interrogatory is vague as it does not identify which Defendant is seeking this information. Subject to the foregoing General Objections, and without the wavier of the same, after Lawrence Ahearn died, his nephew and sole heir, Michael Ahearn, retained counsel to assist in locating the assets of the Estate that had not been previously located or distributed in probate. Michael Ahearn retained Joseph M. Boyan, Esq. to locate said assets. As part of the process, Mr. Boyan contacted Defendant Baranski and confirmed the existence of his former professional relationship with Lawrence Ahearn.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

11. Other than a fee agreement, did Plaintiff enter into any other contract or agreement with Defendant? If yes, identify and list all such contracts and agreements

**ANSWER:** Objection. This Interrogatory is vague as it does not identify which Defendant is seeking this information. Subject to the foregoing General Objections, and without the wavier of the same, Plaintiff is not in possession of any fee agreement or any other contract or agreement between Baranski and/or his initial law firm and decedent, Lawrence Ahearn for the performance of professional services.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

12. Did Plaintiff pay for professional services provided by Defendant? If yes, state who was paid; who made the payment; the amount that was paid; the reason for payment; the date of payment; and the manner of payment.

**ANSWER:** Objection. This Interrogatory is vague as it does not identify which Defendant is seeking this information. Subject to the foregoing General Objections, and without the wavier of the same, Michael Ahearn has no knowledge of what professional fees, if any, were paid by his deceased uncle, Lawrence Ahearn, to Baranski and/or Baranski's initial law firm, or what may have been paid to any of the other Defendants for payment to Baranski and/or Baranski's initial law firm for the performance of professional services.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

13. Does Plaintiff believe that Defendant deviated from the standard of care? If yes, identify the standard of care applicable to the matters that form the basis for this action and the manner in which Defendant deviated from the standard of care.

**ANSWER:** Objection. This Interrogatory is vague as it does not identify which Defendant is seeking this information. Subject to the foregoing General Objections, and without the wavier of the same, Baranski and his respective law firms were and are required to comply with the standard of care for practicing law in the Commonwealth of Pennsylvania. As it relates to this action, Baranski failed to comply with the necessary standard of care by failing to do the following: 1) aid and assist in preserving the interests of all members of York Family Homes; 2) perform due diligence when transferring real property titled in decedent Lawrence Ahearn's name to others; 3) preserve the York Family Homes status quo and not participate in or entice the remaining two members of YFH to transact any company business without investigating and locating the heir(s) of the Lawrence Ahearn Estate; 4) ceasing from participating in the transfer of real property from Lawrence Ahearn's name to that of other defendants, and/or others, even after having knowledge of Lawrence Ahearn's death; and 5) otherwise conducting himself in a proper and non-negligent manner.

Plaintiff's investigation continues and he reserves the right to supplement his response to this Interrogatory as more incidences of Baranski's deviations from the standard of care, and negligence, are revealed during the continuing course of discovery.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

14. State how each example of an alleged deviation from the standard of care stated in the immediately preceding Interrogatory adversely affected Plaintiff.

**ANSWER:** Subject to the foregoing General Objections, and without the wavier of the same, Baranski's various deviations from the requisite standard of care, as set forth in Plaintiff's response to Interrogatory No. 13 had the effect of denying Plaintiff YFH ownership interest, and the denial of significant pecuniary interests to which Plaintiff was and is entitled to receive as the sole heir to the Lawrence Ahearn Estate. Baranski transferred numerous properties in which Lawrence Ahearn and Plaintiff had ownership interests, to others. Upon Lawrence Ahearn's death, Michael Ahearn was to receive the entirety of his uncle's estate and assets, including Michael Ahearn's 33⅓% portion of all parcels of real property which are the subject of this action. Baranski wrongfully and negligently transferred the subject properties to others in spite of Lawrence Ahearn's, and subsequently, Michael Ahearn's 33⅓% ownership interest in the same. Baranski and the other defendants' actions and inactions denied plaintiff his precursory interest in all assets that are set forth in the Amended Complaint and that are the subject of this action.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

15. State the date on which Plaintiff retained Defendant to provide professional services relating to the renting and/or leasing of any property identified in the Complaint, and state the manner in which Defendant was retained, whether by telephone, letter, agreement, or in person conversation.

**ANSWER:** Objection. This Interrogatory is vague as it does not identify which Defendant is seeking this information. Subject to the foregoing General Objections, and without the wavier of the same, Michael Ahearn does not have knowledge as to how and when Lawrence Ahearn retained Baranski and/or his initial law firm to perform professional services for him and/or York Family Homes, the LLC of which Lawrence Ahearn was a 33⅓% member and owner.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

16. State any additional facts that support the existence of a professional relationship relating to the renting and/or leasing of any property identified in the Complaint between Plaintiff and Defendant.

**ANSWER:** Objection. This Interrogatory is vague as it does not identify which Defendant is seeking this information. Subject to the foregoing General Objections, and without the wavier of the same, Baranski confirmed his professional relationship with Lawrence Ahearn by sending evidence of Lawrence Ahearn's participation in creating York Family Homes, a company Baranski formed in 2015. Documents received from Baranski confirmed the existence of a professional relationship between Lawrence Ahearn and Baranski. See also response to Interrogatory No. 15.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

17. State the date on which Plaintiff retained Defendant to provide professional services relating to the finances of York Family Homes, LLC, and state the manner in which Defendant was retained, whether by telephone, letter, agreement, or in person conversation.

**ANSWER:** Objection. This Interrogatory is vague as it does not identify which Defendant is seeking this information. Subject to the foregoing General Objections, and without the wavier of the same, Michael Ahearn does not have knowledge as to how and when Lawrence Ahearn retained Baranski and/or his initial law firm to perform professional services for him and/or York Family Homes, the LLC of which Lawrence Ahearn was a 33⅓% member and owner. See also responses to Interrogatory Nos. 15 and 16.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

18. State any additional facts that support the existence of a professional relationship relating to the finances of York Family Homes, LLC between Plaintiff and Defendant.

**ANSWER:** Objection. This Interrogatory is vague as it does not identify which Defendant is seeking this information. Subject to the foregoing General Objections, and without the wavier of the same, Baranski produced the following categories of documents related to York Family Homes: 1) 2015 York Family Homes formation and related documents; 2) various YFH tax bills; 3) various years' of YFH tax returns; 4) various YFH bank statements; 5) YFH insurance policies; 6) YFH utilities' invoices and other related utilities documents; 7) various YFH properties' leases to others; 8) various deeds for the subject real properties; 9) various real properties' rental licensure documents issued by York City; 10) miscellaneous receipts from Home Depot and other companies related to the subject real properties; and 11) other documents related to York Family Homes and the subject real properties. See also responses to Interrogatory Nos. 15 through 17.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

19. Does Plaintiff believe that Defendant prepared and filed tax returns showing that Plaintiff had no interest in York Family Homes, LLC as alleged in Paragraph 56 of the Complaint? If yes, identify the all documents, contracts, fee agreements, or communications evidencing that Defendant prepared and filed tax returns for York Family Homes, LLC.

**ANSWER:** Objection. This Interrogatory is vague as it does not identify which Defendant is seeking this information. Subject to the foregoing General Objections, and without the wavier of the same, Baranski produced a number of documents, including the 2015 formation and related LLC documents of YFH, various years of tax returns for YFH, as well as other documents confirming the transfer of numerous real properties that were owned jointly by defendants Juan Rivera, Yvonne Huertas, and Lawrence Ahearn to Rivera and Huertas for York Family Homes, and which also include tax returns which extinguish the ownership interest of Lawrence Ahearn, and, as important, after Lawrence Ahearn's death, fail to name Michael Ahearn as a York Family Homes 33⅓% member and owner, as no due diligence was conducted by Baranski to ascertain the same.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

20. Does Plaintiff believe that Defendant failed to satisfy a specific provision of a contract for professional services? If yes, identify and list each contractual provision Defendant failed to satisfy and the manner in which Defendant failed to satisfy said provision.

**ANSWER:** Objection. This Interrogatory is vague as it does not identify which Defendant is seeking this information. Subject to the foregoing General Objections, and without the waiver of the same, Plaintiff responds that he does not possess any retainer agreement or other contract for services between Lawrence Ahearn and Baranski or any other defendant. Yet, as set forth in Plaintiff's responses to Interrogatory Nos. 13 and 14, Baranski deviated from the standard of care in his overall dealings with Lawrence Ahearn, and after his death in 2019, Michael Ahearn. Baranski's failure to conduct any due diligence as to ascertain the existence of and name(s) of whom the heir(s) of the Lawrence Ahearn Estate were, for purposes of continuing to conduct YFH business, was negligent and actionable. See also responses to Interrogatory Nos. 13 through 19.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

21. Did Plaintiff provide specific instructions to Defendant that were not followed? If yes, identify and list each instruction; the date of the instruction; the manner in which the instruction was communicated to Defendant; and the date and manner Plaintiff learned Defendant had not followed the instruction.

**ANSWER:** Objection. This Interrogatory is vague as it does not identify which Defendant is seeking this information. Subject to the foregoing General Objections, and without the wavier of the same, Michael Ahearn does not have any knowledge as to what, if any, instructions Lawrence Ahearn provided to Baranski related to the subject matter of York Family Homes and/or the subject matter of this action.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

22. When did Plaintiff first learn that Defendant was not properly providing services to Plaintiff?

**ANSWER:** Objection. This Interrogatory is vague as it does not identify which Defendant is seeking this information. Subject to the foregoing General Objections, and without the wavier of the same, Michael Ahearn only learned of the extent of Baranski's wrongful and negligent conduct by reviewing documents Baranski produced to Joseph M. Boyan, Esq., as well as various real estate documents located by and through the City and County of York. Such documents included evidence that Baranski had extinguished Lawrence Ahearn's 33⅓% ownership interest in several parcels of real property by transferring them to Juan Rivera, Yvonne

Huertas, and Crystal Ruby Rivera, as well as selling other subject parcels to others, without Plaintiff's knowledge or consent.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

23. How did Plaintiff learn that Defendant was not properly providing services to Plaintiff?

**ANSWER:** Objection. This Interrogatory is vague as it does not identify which Defendant is seeking this information. Subject to the foregoing General Objections, and without the wavier of the same, Michael Ahearn learned of the extent of Baranski's wrongful and negligent conduct by reviewing documents Baranski produced to Joseph M. Boyan, Esq., as well as various real estate documents located by and through requests to the City and County of York. Such documents included evidence that Baranski had extinguished Lawrence Ahearn's 33⅓% ownership interest in several parcels of real property by transferring them to Juan Rivera, Yvonne Huertas, and Crystal Ruby Rivera, as well as selling other subject parcels to others, both while he was alive and after his death, without Plaintiff's knowledge or consent. See also response to Interrogatory No. 22.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

24. Did Defendant ever communicate to Plaintiff or anyone else that Defendant had improperly provided services to Plaintiff? If yes, state the parties to the communication, the content of the communication, the specific date of the communication, and the manner in which this communication occurred.

**ANSWER:** Objection. This Interrogatory is vague as it does not identify which Defendant is seeking this information. Subject to the foregoing General Objections, and without the wavier of the same, Baranski produced such documents as requested by Joseph M. Boyan, Esq. The documents themselves reveal that Baranski wrongfully and negligently transferred Lawrence Ahearn's 33⅓% interest in York Family Homes, as well as in numerous parcels of real property to others, both while he was alive and after his death. There is no evidence that Lawrence Ahearn had any knowledge of the wrongful and improper action and inaction of Baranski while he was alive. See also responses to Interrogatory Nos. 20 through 23.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

25. Does Plaintiff have, or has Plaintiff ever had, any type of insurance providing coverage for the occurrence that forms the basis of this lawsuit. If yes, state the name of the insured; the policy number; the effective date of coverage; the name or identify of the provider; whether a claim was made related to the occurrence that forms the basis of this lawsuit; and if a claim was made, the amount recovered by Plaintiff.

**ANSWER:** Objection. This Interrogatory is vague as it does not identify which Defendant is seeking this information. Subject to the foregoing General Objections, and without the wavier of the same, Plaintiff did not or does not possess any insurance coverage, that insured or insures the occurrences that form the bases of the claims set forth in the Amended Complaint.

Plaintiff reserves the right to supplement and/or amend this response as the continuing course of discovery may dictate.

26. State the names, addresses, and phone numbers of any person who observed or has any information or knowledge whatsoever about the occurrence that forms the basis of this lawsuit and indicate what each person observed or what facts are known by each person.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

27. Identify all persons and/or entities who, on Plaintiff's behalf, investigated and/or looked into the occurrence that forms the basis of this lawsuit.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

28. Provide the date and time of each occasion that Plaintiff communicated with Defendant concerning the occurrence that forms the basis of this lawsuit, and for each such occasion, provide the substance of the conversation.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

29. State the names and addresses of all persons known to Plaintiff who heard or have knowledge of any statements, oral or written, made by Defendant related in any way to the occurrence that forms the basis of this lawsuit.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

30. If Plaintiff believes a violation of any statute, rule, regulation, or ordinance is a factor in this litigation, state the exact title and section of said statute, rule, regulation, or ordinance.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

31. Provide a full description of any claim, suit, or other proceeding related in any way to the occurrence that forms the basis of this lawsuit, including the names of all parties and any court term, number, claim number, or other identifying information.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

32. State the total amount of damages Plaintiff seeks in this lawsuit, itemize each loss, provide the date of each loss, and set forth the calculation upon which each loss is based.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories,

including all discrete subparts. As such, no response will be provided to this Interrogatory.

33. Identify Plaintiff's source(s) of proof in support of Plaintiff's belief that the damages itemized in Plaintiff's Answer to the immediately preceding Interrogatory are attributable to the conduct of Defendant.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

34. Identify Plaintiff's source(s) of proof in support of Plaintiff's belief that Defendant represented or participated in the transfer and/or sale of the 919 Prospect Street Property as stated in Paragraphs 59-60 of the Complaint.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

35. Identify Plaintiff's source(s) of proof in support of Plaintiff's belief that Defendant represented or participated in the transfer and/or sale of the 548 W. Philadelphia Street Property as stated in Paragraphs 64-65 of the Complaint.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

36. Identify Plaintiff's source(s) of proof in support of Plaintiff's belief that Defendant represented or participated in the transfer and/or sale of the 444 Wallace Street Property as stated in Paragraphs 69-73 of the Complaint.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a

party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

37. Identify Plaintiff's source(s) of proof in support of Plaintiff's belief that Defendant represented Plaintiff in the February 9, 2016 transfer of the 840 E. Market Street Property as stated in Paragraph 30 of the Complaint.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

38. Identify Plaintiff's source(s) of proof in support of Plaintiff's belief that the leases for the 840 E. Market Street Property generated at least $2,000 per month or $24,000 annually in rental income as stated in Paragraph 33 of the Complaint.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

39. Identify Plaintiff's source(s) of proof in support of Plaintiff's belief that the leases for the 919 Prospect Street Property generated at least $2,000 per month or $24,000 annually in rental income as stated in Paragraph 37 of the Complaint.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

40. Identify Plaintiff's source(s) of proof in support of Plaintiff's belief that the leases for the 548 W. Philadelphia Street Property generated at least $2,000 per month or $24,000 annually in rental income as stated in Paragraph 41 of the Complaint.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled “Interrogatories,” which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

41. Identify Plaintiff’s source(s) of proof in support of Plaintiff’s belief that the leases for the 444 Wallace Street Property generated rental income for many years as stated in Paragraph 44 of the Complaint.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled “Interrogatories,” which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

42. Identify Plaintiff’s source(s) of proof in support of Plaintiff’s belief that the 444 Wallace Street Property was sold for non-market value as stated in Paragraphs 75-76 of the Complaint.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled “Interrogatories,” which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

43. Identify Plaintiff’s source(s) of proof of the market value of the 444 Wallace Street Property at the time of the December 2, 2022 transfer as referenced in Paragraph 69 of the Complaint.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled “Interrogatories,” which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

44. Identify Plaintiff’s source(s) of proof of that MPL Land owed a duty to Plaintiff as stated in Paragraph 134 of the Complaint.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled “Interrogatories,” which, in pertinent part, provides that a

party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

45. If Plaintiff is claiming any type of emotional distress damages, state the specific nature, duration, and severity of the emotional distress.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled “Interrogatories,” which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

46. If plaintiff is claiming any type of emotional distress damages, does Plaintiff have any physical manifestation of the emotion distress? If yes, state the specific nature of the physical manifestation of the emotional distress.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled “Interrogatories,” which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

47. If Plaintiff is claiming any type of emotional distress damages, provide the factual basis that has led Plaintiff to conclude that Defendant has caused the emotional distress.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled “Interrogatories,” which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

48. State the specific date and manner Plaintiff first learned that Plaintiff sustained damages attributable to the conduct of Defendant.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled “Interrogatories,” which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories,

including all discrete subparts. As such, no response will be provided to this Interrogatory.

49. Did Plaintiff ever contact Defendant after the formation of the professional relationship about information concerning the status of the representation, the progress of the representation, or what Defendant was doing in connection with the representation? If so, identify who contacted Defendant; when the contact was made; the information requested from Defendant; and the information provided by Defendant.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

50. Has Plaintiff or anyone acting on Plaintiff's behalf recorded, mechanically, electronically or otherwise any conversations, communications, and/or statements of Defendants?

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

51. If Plaintiff's Answer to the immediately preceding Interrogatory is in the affirmative, state whether Plaintiff, at any time, informed Defendant that someone mechanically, electronically, or otherwise recorded Defendant's statements, conversations, and/or communications.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

52. Is Plaintiff in possession of any photographs relevant to any matters or things involved in this lawsuit?

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a

party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

53. State whether any plans, drawings, diagrams, or other demonstrative evidence exists or was made, other than by counsel, relating to matters described in this lawsuit.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

54. In the last ten (10) years, has Plaintiff ever been arrested for, convicted of, pled guilty to, or pled nolo contendere to any felony, misdemeanor, crimen falsi, or any crime involving moral turpitude? If so, identify the crime; the person who was arrested for, convicted of, or pled guilty to the crime; the date of the crime; the court caption and docket number of the criminal action; and the sentence imposed.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

55. List any untruthful statements or misrepresentations Defendant made to Plaintiff and state the specific date of the statement or misrepresentation, the manner in which the statement or misrepresentation occurred, and the basis for Plaintiff's belief that the statement was untruthful or a misrepresentation.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

56. List any material information Defendant failed to provide to Plaintiff.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories,

including all discrete subparts. As such, no response will be provided to this Interrogatory.

57. Is Plaintiff aware of any documents related to the occurrence that forms the basis of this lawsuit that have been lost or destroyed? If yes, state: the type of document; the subject matter and contents of the document; the author of the document; each person who possessed an original or copy of the document; the date on which the document was prepared; the date on which the document was lost or destroyed; and, if destroyed, the reasons for such destruction and the individual requesting and performing the destruction.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

58. Identify with reasonable particularity all documents or things requested in Defendant's Interrogatories that Plaintiff did not produce because of an objection or assertion of privilege—i.e., provide a privilege log.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

59. Has Plaintiff or anyone contacted by Plaintiff conducted any investigations, tests, inspections, or examinations with respect to this lawsuit or the specific occurrence(s) which is/are the subject of this lawsuit? If yes, provide the following: (a) the identify of each such person; (b) the occupation, training, experience and purported expertise of each such person; (c) the date, time and place of each investigation, test, inspection or examination performed by each such person; (d) a complete description of the investigation, test, inspection or examination; and (e) the results of each investigation, test, inspection, or examination.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

60. If Plaintiff's Answer to the immediately preceding Interrogatory is in the affirmative, state whether any written reports exist with respect to any such investigation, test, inspection or examination, and identify each such report's location, custodian and preparer (including custodian and preparer's names, home addresses, business addresses and employers).

> **ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

## EXPERT WITNESS INTERROGATORIES

61. State the name, home address, business address, job title and employer for anyone whom Plaintiff expects to call as an expert witness at the trial of this matter and state their occupations.

> **ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

62. Set forth the qualifications of those persons listed in the immediately preceding Interrogatory. In doing so, list: the schools each has attended, including years in attendance and degrees received; experience in particular fields, including names and addresses of employers with inclusive years of employment; and all publications authored by said person(s), including the title of the work, the name of the periodical or book in which it was printed, and the date of its printing.

> **ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

63. Do Plaintiff's expert witnesses possess a state or federal license in any field? If yes, identify the expert witness and the license.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

64. Are Plaintiff's expert witnesses currently engaged in active clinical practice or teaching? If yes, identify the expert and set forth the specific location of the practice or teaching assignment.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

65. Have Plaintiff's expert witnesses retired within the previous five (5) years from active clinical practice or teaching? If yes, identify the expert and state the specific location of the clinical practice or teaching assignment and the date of retirement.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

66. Do Plaintiff's expert witnesses practice or specialize in any particular field or sub-specialty? If yes, identify the expert and state the specific field or sub-specialty.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

67. Are Plaintiff's expert witnesses certified in any area or field? If yes, identify the area or field in which each is certified and the date of certification or re-certification.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

68. Have Plaintiff's expert witnesses been involved in the full-time teaching in their subspecialty or a related field within the last five (5) years? If yes, identify the expert and the specific location of the teaching assignment.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

69. As to each person identified in response to the first Interrogatory of this section, set forth the substance of the facts to which each such expert is expected to testify.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

70. As to each person identified in response to the first Interrogatory of this section, set forth the substance of the opinions to which each such expert is expected to testify.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

71. State a summary of the grounds for each opinion set forth in response to the immediately preceding Interrogatory.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories,

including all discrete subparts. As such, no response will be provided to this Interrogatory.

72. If the opinion of any expert identified in response to the first Interrogatory of this section is based in whole or in part upon any principle, law, rule, code, regulation or standard, governmental or otherwise, identify said principle, law, rule, code, regulation, or standard and specifically set forth pertinent sections of same.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

73. If the opinion of any expert identified in response to the first Interrogatory of this section is based in whole or in part upon any book, textbook, magazine or other text or publication, identify said text or publication. Include in such identification the following: name of author; name of text or publication; edition number; publisher's name; and page numbers of the pages relied upon by the expert.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

74. Does any expert identified in response to the first Interrogatory of this section intend to use any book, textbook, magazine or other text or publication at the trial of this case? If yes, describe the writing in detail as to author, publisher, copyright date, and give the name and address of any known present custodian of said writing.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

75. As to each person identified in response to the first Interrogatory of this section, state in detail the factual information supplied to each expert in connection with this case,

including all documents, pleadings, answers to interrogatories, depositions, records, reports, statements, test results, photographs, plans or other tangible items.

> **ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

76. State whether any expert identified in response to the first Interrogatory of this section has provided expert witness reports during the last five (5) years. If yes, identify the expert and set forth the full captions, jurisdictions and court terms and numbers of each such case.

> **ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

77. State whether the name of any of Plaintiff's expert witnesses or the name of any organization with which any of Plaintiff's expert witnesses is affiliated has appeared in any advertisement or publication that indicates the expert witness is available or willing to testify to expert opinions or provide expert reports in legal proceedings of any kind, during the last five (5) years.

> **ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

78. Did anyone identified in response to the first Interrogatory of this section prepare any written report or data compilation regarding any aspect of this case? If yes, please state as to each expert: the title of such report; the date of such report; the number of pages contained in each report; and what tests or examinations were made enabling such report to be written.

> **ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

79. Has anyone identified in response to the first Interrogatory of this section been disciplined and/or sanctioned by any disciplinary board/authority, government entity, or regulatory organization? If yes, identify the expert and provide all known information regarding the discipline and/or sanction.

**ANSWER:** Objection. This Interrogatory is prohibited by the Federal Rules of Civil Procedure 33, entitled "Interrogatories," which, in pertinent part, provides that a party may serve on any other party no more than 25 written Interrogatories, including all discrete subparts. As such, no response will be provided to this Interrogatory.

**HORN WILLIAMSON, LLC**

*/s/ Carter N. Williamson*
Carter N. Williamson, Esquire

Date: September 27, 2024

# EXHIBIT “J”

**KANE, PUGH, KNOELL, TROY & KRAMER LLP**
**PAUL C. TROY, ESQUIRE**
ATTORNEY ID. NO. 60875
**AMANDA M. SLEZAK, ESQUIRE**
ATTORNEY ID. NO. 331708
4 SENTRY PARKWAY EAST
SUITE 100
BLUE BELL, PA 19422
(610) 275-2000

Attorney for Defendants, MPL Law Firm LLP, MPL Land Services, LLC, and John J. Baranski, Jr., Esquire

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ESTATE OF LAWRENCE A. AHEARN, THROUGH MICHAEL AHEARN AS ADMINISTRATOR,<br><br>v.<br><br>YORK FAMILY HOMES, LLC, JUAN C. RIVERA, CRYSTAL RUBY RIVERA, IVONNE HUERTAS, JOHN J. BARANSKI, JR., ESQUIRE, MPL LAW FIRM LLP, MPL LAND SERVICES, LLC, AND BLAKEY, YOST, BUPP & RAUSCH LLP, N/K/A MPL LAW FIRM, LLP | : | No. 1:24-cv-00935-JPW<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' FIRST SET OF INTERROGATORIES DIRECTED TO ALL CO-DEFENDANTS**

| | | |
|---|---|---|
| DIRECTED TO | : | YORK FAMILY HOMES, LLC, JUAN C. RIVERA, CRYSTAL RUBY RIVERA, AND IVONNE HUERTAS |
| SERVING PARTY | : | DEFENDANTS, MPL LAW FIRM LLP, MPL LAND SERVICES, LLC, AND JOHN J. BARANSKI, JR., ESQUIRE |
| DATE OF SERVICE | : | AUGUST 27, 2024 |

## INSTRUCTIONS

A. Within thirty (30) days, Answering Defendant shall fully and completely answer each Interrogatory to which there is no objection with an indication of the particular Interrogatory to which the Answer is responsive.

B. If a claim of privilege is asserted or an objection is lodged to any Interrogatory and an answer is not provided on the basis of such privilege or objection, identify in detail the nature of the privilege and/or objection that is being claimed, including the factual and legal basis for such privilege or objection.

C. The terms "all," "any," and "each" shall be construed as encompassing any and all.

D. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scopes of the discovery request all responses that might otherwise be construed to be outside of its scope.

E. The use of any tense shall be construed as the use of all other tenses, wherever necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

F. The use of the singular form of any word includes the plural and vice versa.

G. If there is more than one Defendant named in this lawsuit and all Answering Defendants cannot uniformly respond to an Interrogatory, each Answering Defendant shall individually respond to the Interrogatory.

H. If there is more than one Plaintiff named in this lawsuit and Answering Defendant cannot respond to an Interrogatory uniformly for all Plaintiffs, Answering Defendant shall respond to the Interrogatory specifically for each Plaintiff.

I. The use of the word "Plaintiff" includes Plaintiff's agents and representatives.

J. The use of the word "Defendant" includes Defendant's agents and representatives.

K. The use of the words "Person," "individual," and "witness" include any natural person, firm, corporation, association, joint venture, partnership, or other entity.

L. If Answering Defendant contends there is ambiguous terminology contained in an Interrogatory, identify the ambiguous term, set forth Answering Defendant's construction of the ambiguous term, and answer the Interrogatory according to Answering Defendant's construction of the term.

M. These Interrogatories shall be deemed to be continuing in nature to require supplemental answers if further information is obtained between the date of service and the date of trial.

N. In response to the below Interrogatories, identify and produce all documents that concern, refer to, or pertain to the answers, including all investigative files.

## INTERROGATORIES

**1.** Set forth the names of all individuals who participated in the gathering of the information and supplying of the Answers to the Interrogatories and the Request for Production of Documents, including full names, addresses, job titles, and phone numbers.

**ANSWER:**

**2.** For each Defendant, state the Defendant's full name; any other names (including maiden name) by which he/she was known; date and place of birth; date and place of death (if applicable); residence address from preceding 5 years; all business addresses during the same period; marital status at the time of the occurrence that forms the basis of this lawsuit, and social security number.

**ANSWER:**

**3.** State Defendants' policies and practices for the preservation and destruction of electronically stored information and documents, and identify the person or entity responsible for implementation of said policies and practices.

**ANSWER:**

**4.** Identify and list all the electronically stored information, documents, and things of which Defendants are aware relating to the occurrence that forms the basis of this lawsuit.

**ANSWER:**

**5.** Describe the protocol used to identify all electronically stored information, documents, and things, including the words or phrases used to conduct searches.

**ANSWER:**

**6.** Was any electronically stored information, document, or thing relating to the occurrence that forms the basis of this lawsuit not preserved and/or accessible? If yes, identify and list all information, documents, and things that were not preserved and/or accessible.

**ANSWER:**

**7.** State whether Defendants retained MPL Law Firm LLP, MPL Land Services, LLC, and/or John J. Baranski, Jr., Esquire for the limited purposes of forming York Family Homes, LLC and deed preparation for the 444 Wallace Street Property transfers/conveyances and the 840 E. Market Street transfer/conveyances, and procuring title insurance for the 2023 444 Wallace Street Property. If the Answer is no, state specifically the scope that Defendants retained MPL Law Firm LLP, MPL Land Services, LLC, and/or John J. Baranski, Jr., Esquire for.

**ANSWER:**

**8.** State whether Defendants retained MPL Law Firm LLP and/or John J. Baranski, Jr. to provide professional services relating to the finances of York Family Homes, LLC, and state the manner in which they were retained, whether by telephone, letter, agreement, or in person conversation. If the Answer is no, state who Defendants retained, if anyone, for the finances of York Family Homes, LLC.

**ANSWER:**

**9.** State whether Defendants retained MPL Law Firm LLP and/or John J. Baranski, Jr. to provide professional services relating to the renting and/or leasing of Properties as identified in Paragraph 31 of the Amended Complaint, and state the manner in which they were retained, whether by telephone, letter, agreement, or in person conversation. If the Answer is no, state who Defendants retained, if anyone, for the renting and/or leasing of the Properties.

**ANSWER:**

**10.** Identify who prepared, created, or drafted the lease agreements and/or rental agreements for the renting and/or leasing of the Properties as identified in Paragraph 31 of the Amended Complaint.

**ANSWER:**

**11.** State whether Defendants retained MPL Law Firm LLP, MPL Land Services, LLC, and/or John J. Baranski, Jr., Esquire to provide professional services relating to the transfer of the 919 Prospect Street Property, and state the manner in which they were retained, whether by telephone, letter, agreement, or in person conversation. If the Answer is no, state who Defendants retained, if anyone, for the transfer of this property.

**ANSWER:**

**12.** State whether Defendants retained MPL Law Firm LLP, MPL Land Services, LLC, and/or John J. Baranski, Jr., Esquire to provide professional services relating to the transfer of the 548 W. Philadelphia Street Property, and state the manner in which they were retained, whether by telephone, letter, agreement, or in person conversation. If the Answer is no, state who Defendants retained, if anyone, for the transfer of this property.

**ANSWER:**

**13.** State whether Defendants retained MPL Law Firm LLP, MPL Land Services, LLC, and/or John J. Baranski, Jr., Esquire to provide professional services relating to the transfer of the 840 E. Market Street Property, and state the manner in which they were retained, whether by telephone, letter, agreement, or in person conversation. If the Answer is no, state who Defendants retained, if anyone, for the transfer of this property.

**ANSWER:**

**14.** State whether Defendants amended, revised, or otherwise altered the York Family Homes, LLC Operating Agreement as identified in Paragraph 17 of the Amended Complaint.

**ANSWER:**

**15.** State whether Defendants provided any profits and/or distributions to Plaintiff since the inception of York Family Homes, LLC to present.

**ANSWER:**

**16.** State whether Plaintiff was entitled to any profits and/or distributions of York Family Homes, LLC. If the Answer is no, explain why Plaintiff was not entitled to any profits and/or distributions of York Family Homes, LLC.

**ANSWER:**

**17.** State whether York Family Homes, LLC provided any profits and/or distributions to Defendants since the inception of York Family Homes, LLC to present.

**ANSWER:**

**18.** State whether Defendants had an agreement with Plaintiff regarding distributions by York Family Homes, LLC. If the Answer is in the affirmative, identify and describe the agreement.

**ANSWER:**

**19.** Do Defendants have, or has Defendants ever had, any type of insurance providing coverage for the occurrence that forms the basis of this lawsuit. If yes, state the name of the insured; the policy number; the effective date of coverage; the name or identify of the provider; whether a claim was made related to the occurrence that forms the basis of this lawsuit; and if a claim was made, the amount recovered by Plaintiff.

**ANSWER:**

**20.** State the names, addresses, and phone numbers of any person who observed or has any information or knowledge whatsoever about the occurrence that forms the basis of this lawsuit and indicate what each person observed or what facts are known by each person.

**ANSWER:**

**21.** Identify all persons and/or entities who, on Defendants' behalf, investigated and/or looked into the occurrence that forms the basis of this lawsuit.

**ANSWER:**

**22.** Provide the date and time of each occasion that Plaintiff communicated with Defendants concerning the occurrence that forms the basis of this lawsuit, and for each such occasion, provide the substance of the conversation.

**ANSWER:**

**23.** State the names and addresses of all persons known to Defendants who heard or have knowledge of any statements, oral or written, made by Plaintiff related in any way to the occurrence that forms the basis of this lawsuit.

**ANSWER:**

**24.** Provide a full description of any claim, suit, or other proceeding related in any way to the occurrence that forms the basis of this lawsuit, including the names of all parties and any court term, number, claim number, or other identifying information.

**ANSWER:**

**25.** Have Defendants or anyone acting on Defendants' behalf recorded, mechanically, electronically or otherwise any conversations, communications, and/or statements of Plaintiff?

**ANSWER:**

**26.** If Defendants' Answer to the immediately preceding Interrogatory is in the affirmative, state whether Defendants, at any time, informed Plaintiff that someone mechanically, electronically, or otherwise recorded Defendants' statements, conversations, and/or communications.

**ANSWER:**

**27.** Are Defendants in possession of any photographs relevant to any matters or things involved in this lawsuit?

**ANSWER:**

**28.** State whether any plans, drawings, diagrams, or other demonstrative evidence exists or was made, other than by counsel, relating to matters described in this lawsuit.

**ANSWER:**

**29.** Are Defendants aware of any documents related to the occurrence that forms the basis of this lawsuit that have been lost or destroyed? If yes, state: the type of document; the subject matter and contents of the document; the author of the document; each person who possessed an original or copy of the document; the date on which the document was prepared; the date on which the document was lost or destroyed; and, if destroyed, the reasons for such destruction and the individual requesting and performing the destruction.

**ANSWER:**

**30.** Identify with reasonable particularity all documents or things requested in Defendants' Request for Production of Documents that Defendant did not produce because of an objection or assertion of privilege—i.e., provide a privilege log.

**ANSWER:**

**31.** Have Defendants or anyone contacted by Defendants conducted any investigations, tests, inspections, or examinations with respect to this lawsuit or the specific occurrence(s) which is/are the subject of this lawsuit? If yes, provide the following: (a) the identify of each such person; (b) the

occupation, training, experience and purported expertise of each such person; (c) the date, time and place of each investigation, test, inspection or examination performed by each such person; (d) a complete description of the investigation, test, inspection or examination; and (e) the results of each investigation, test, inspection, or examination.

**ANSWER:**

**32.** If Defendants' Answer to the immediately preceding Interrogatory is in the affirmative, state whether any written reports exist with respect to any such investigation, test, inspection or examination, and identify each such report's location, custodian and preparer (including custodian and preparer's names, home addresses, business addresses and employers).

**ANSWER:**

## EXPERT WITNESS INTERROGATORIES

**33.** State the name, home address, business address, job title and employer for anyone whom Defendants expect to call as an expert witness at the trial of this matter and state their occupations.

**ANSWER:**

**34.** Set forth the qualifications of those persons listed in the immediately preceding Interrogatory. In doing so, list: the schools each has attended, including years in attendance and degrees received; experience in particular fields, including names and addresses of employers with inclusive years of employment; and all publications authored by said person(s), including the title of the work, the name of the periodical or book in which it was printed, and the date of its printing.

**ANSWER:**

**35.** Do Defendants' expert witnesses possess a state or federal license in any field? If yes, identify the expert witness and the license.

**ANSWER:**

**36.** Are Defendants' expert witnesses currently engaged in active clinical practice or teaching? If yes, identify the expert and set forth the specific location of the practice or teaching assignment.

**ANSWER:**

**37.** Have Defendants' expert witnesses retired within the previous five (5) years from active clinical practice or teaching? If yes, identify the expert and state the specific location of the clinical practice or teaching assignment and the date of retirement.

**ANSWER:**

**38.** Do Defendants' expert witnesses practice or specialize in any particular field or sub-specialty? If yes, identify the expert and state the specific field or sub-specialty.

**ANSWER:**

**39.** Are Defendants' expert witnesses certified in any area or field? If yes, identify the area or field in which each is certified and the date of certification or re-certification.

**ANSWER:**

**40.** Have Defendants' expert witnesses been involved in the full-time teaching in their sub-specialty or a related field within the last five (5) years? If yes, identify the expert and the specific location of the teaching assignment.

**ANSWER:**

**41.** As to each person identified in response to the first Interrogatory of this section, set forth the substance of the facts to which each such expert is expected to testify.

**ANSWER:**

**42.** As to each person identified in response to the first Interrogatory of this section, set forth the substance of the opinions to which each such expert is expected to testify.

**ANSWER:**

**43.** State a summary of the grounds for each opinion set forth in response to the immediately preceding Interrogatory.

**ANSWER:**

**44.** If the opinion of any expert identified in response to the first Interrogatory of this section is based in whole or in part upon any principle, law, rule, code, regulation or standard, governmental or

otherwise, identify said principle, law, rule, code, regulation, or standard and specifically set forth pertinent sections of same.

**ANSWER:**

**45.** If the opinion of any expert identified in response to the first Interrogatory of this section is based in whole or in part upon any book, textbook, magazine or other text or publication, identify said text or publication. Include in such identification the following: name of author; name of text or publication; edition number; publisher's name; and page numbers of the pages relied upon by the expert.

**ANSWER:**

**46.** Does any expert identified in response to the first Interrogatory of this section intend to use any book, textbook, magazine or other text or publication at the trial of this case? If yes, describe the writing in detail as to author, publisher, copyright date, and give the name and address of any known present custodian of said writing.

**ANSWER:**

**47.** As to each person identified in response to the first Interrogatory of this section, state in detail the factual information supplied to each expert in connection with this case, including all documents, pleadings, answers to interrogatories, depositions, records, reports, statements, test results, photographs, plans or other tangible items.

**ANSWER:**

**48.** State whether any expert identified in response to the first Interrogatory of this section has provided expert witness reports during the last five (5) years. If yes, identify the expert and set forth the full captions, jurisdictions and court terms and numbers of each such case.

**ANSWER:**

**49.** State whether the name of any of Defendants' expert witnesses or the name of any organization with which any of Defendants' expert witnesses is affiliated has appeared in any advertisement or publication that indicates the expert witness is available or willing to testify to expert opinions or provide expert reports in legal proceedings of any kind, during the last five (5) years.

**ANSWER:**

**50.** Did anyone identified in response to the first Interrogatory of this section prepare any written report or data compilation regarding any aspect of this case? If yes, please state as to each expert: the title of such report; the date of such report; the number of pages contained in each report; and what tests or examinations were made enabling such report to be written.

**ANSWER:**

**51.** Has anyone identified in response to the first Interrogatory of this section been disciplined and/or sanctioned by any disciplinary board/authority, government entity, or regulatory organization? If yes, identify the expert and provide all known information regarding the discipline and/or sanction.

**ANSWER:**

Respectfully submitted,

**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

BY: ______________________________
PAUL C. TROY, ESQUIRE
AMANDA M. SLEZAK, ESQUIRE
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (HARRISBURG)**

| | | |
|---|---|---|
| **ESTATE OF LAWRENCE E. AHEARN, THROUGH MICHAEL AHEARN AS ADMINISTRATOR** | : | No.: 24-00935-JPW |
| v. | : | |
| **YORK FAMILY HOMES, LLC,** *et al.* | : | |

**DEFENDANT, YORK FAMILY HOMES, LLC, JUAN C. RIVERA, CRYSTAL RUBY RIVERA, AND IVONNE HUERTAS' OBJECTIONS AND RESPONSES TO CO-DEFENDANTS, MPL LAW FIRM LLP, MPL LAND SERVICES, LLC, AND JOHN J. BARANSKI, JR., ESQUIRE'S FIRST SET OF INTERROGATORIES**

Defendants, York Family Homes, LLC, Juan C. Rivera, Crystal Ruby Rivera, and Ivonne Huertas (collectively, "Answering Defendants"), by and through their undersigned counsel, hereby provide their Objections and Responses to Co-Defendants, MPL Law Firm LLP, MPL Land Services, LLC, and John J. Baranski, Jr., Esquire's (collectively, "Requesting Defendants") First Set of Interrogatories under and pursuant to Federal Rules of Civil Procedure.

Answering Defendants respond to these requests without waiver and with preservation of:

A. The right to object to the use of any responses, or the subject matter thereof, on any ground in any proceeding in any action, including any arbitration and/or trial;

B. The right to object on any grounds at any time to a demand or request for a further response to this discovery request or to any other interrogatories, document requests, or other discovery proceedings including or relating to the subject matter of the discovery requests herein responded to; and,

C. The right at any time to revise, correct, add to, supplement, clarify any of the within Responses.

**OBJECTIONS**

1. Answering Defendants object to Interrogatories 26-51 as exceeding the maximum number of interrogatories allowed pursuant to Federal Rule of Civil Procedure 33(a)(1).

2. Answering Defendants object to Interrogatories 26-51 as exceeding the maximum number of interrogatories allowed pursuant to Local Rule 33.3.

**RESPONSES**

1. Juan C. Rivera gathered the information set forth in Answering Defendants' instant Responses. The language set forth in Answering Defendants' instant Responses is that of Undersigned Counsel's.

2. Juan Carlos Rivera
688 Wallace Street
York, PA 17403
DoB: 07/22/1962
PoB: Puerto Rica

Crystal Ruby Rivera
444 Wallace Street
York, PA 17403
DoB: 08/27/1991
PoB: New York, NY

Ivonne Huertas
688 Wallace Street
York, PA 17403
DoB: 10/16/1965
PoB: New York, NY

3. None. Defendants do not have a specific policy or practice regarding the preservation or destruction of electronically stored information or documents.

4. None.

5. None.

6. No.

7. No. Defendant, Juan C. Rivera used the services of Co-Defendant, John J. Baranski, Jr., Esquire on numerous occasions; often calling with questions related to the subject properties and/or York Family Homes, LLC. Defendant, Juan C. Rivera cannot recall the various purposes and/or questions with specificity. It is believed that Co-Defendant, John J. Baranski, Jr., Esquire's billing records would provide helpful information to refresh Defendant, Juan C. Rivera's memory.

Defendant, Juan C. Rivera recalls retaining the services of Co-Defendant, John J. Baranski, Jr., Esquire for the following, but not limited to the following, purposes:

(i) Formation of York Family Homes, LLC;

(ii) Guidance regarding the transfer of the 840 E. Market Property to Defendant, York Family Homes, LLC despite an existing mortgage on the 840 E. Market Property;

(iii) The transfer of 840 E. Market Property to Defendant, York Family Homes, LLC;

(iv) Guidance regarding the mortgage holder's demand that the 840 E. Market Property to be transferred back to Lawrence E. Ahearn;

(v) The transfer of 840 E. Market Property to Lawrence E. Ahearn;

(vi) Guidance regarding the interest of Lawrence E. Ahearn in York Family Homes, LLC following the death of Lawrence E. Ahearn;

(vii) Guidance regarding the transfer of the 444 Wallace Street Property to Defendant, Juan C. Rivera;

(viii) The transfer of 444 Wallace Street Property to Defendant, Juan C. Rivera;

(ix) Guidance regarding the transfer of the 444 Wallace Street Property to Defendant, Crystal Ruby Rivera;

(x) The transfer of 444 Wallace Street Property to Defendant, Crystal Ruby Rivera;

(xi) The investigation of the Estate's claims and related negotiation of resolution; and,

(xii) Guidance regarding the sale of the 919 Prospect Street Property and 548 W. Philadelphia Street Property.

8. No. No professional was retained for this purpose.

9. No. No professional was retained for this purpose.

10. Defendant, Juan C. Rivera

11. No. Answering Defendants used the services of a real estate agent, Jason Phillips of Re/Max Patriots, for the transfer of the 919 Prospect Street property.

12. No. Answering Defendants used the services of a real estate agent, Jason Phillips of Re/Max Patriots, for the transfer of the 548 W. Philadelphia property.

13. Yes. Answering Defendants do not recall specifically the manner in which Answering Defendants retained Co-Defendant, John J. Baranski, Jr., Esquire.

14. No.

15. No.

16. No. Plaintiff, Lawrence E. Ahearn and Defendants, Juan C. Rivera, Crystal Ruby Rivera, and Ivonne Huertas had an agreement at all material times that York Family Homes, LLC was in existence that any and all distributions by York Family Homes, LLC would be distributed to Defendants, Juan C. Rivera, Crystal Ruby Rivera, and Ivonne Huertas. Further, Lawrence E. Ahearn did not contribute any funds or time to York Family Homes, LLC

17. Yes, York Family Homes, LLC provided profits and/or distributions to Defendants, Juan C. Rivera and Ivonne Huertas.

18. Yes. Plaintiff, Lawrence E. Ahearn and Defendants, Juan C. Rivera and Ivonne Huertas had an agreement at all material times that York Family Homes, LLC was in existence that any and all distributions by York Family Homes, LLC would be distributed to Defendants, Juan C. Rivera and Ivonne Huertas.

19. No.

20. Answering Defendants object to this Interrogatory to the extent it seeks Answering Defendants to guess at what other individuals may have observed or known.

Without waiving the foregoing objection, Answering Defendants believe that, in addition to the parties to the action, the following individuals may have relevant knowledge concerning this matter:

Jason Phillips of Re/Max Patriots, York, PA. Mr. Phillips was involved in the sale of the 919 Prospect Street property and 548 W. Philadelphia property.

Julio Pa, New York, NY; exact address unknown. Telephone number: 917-676-3602. Mr. Pa would have knowledge concerning the agreements between Mr. Lawrence Ahearn and Mr. Rivera.

Undetermined medical staff that provided medical care to Mr. Lawrence Ahearn, who are believed to have heard statements made by Mr. Lawrence Ahearn to Mr. Michael Ahearn concerning York Family Homes, LLC and the subject properties.

21. Prior to this initiation of the instant lawsuit, Plaintiff, Juan Rivera contacted Co-Defendant, John J. Baranski, Jr., Esquire with regards to claims and communications initiated by Plaintiff. It is believed and therefore averred that Co-Defendant, John J. Baranski, Jr., Esquire

conducted an investigation to some extent; Answering Defendants do not know the extent of the investigation.

22. Answering Defendants object to this Interrogatory as unduly vague, overly burdensome and not reasonably tailored to lead to discoverable and relevant information. Answering Defendants further object to this Interrogatory as the burden or expense of complying with the Interrogatory outweighs its likely benefit considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Without waiving the foregoing objection, Answering Defendants do not recall engaging in any direct communications with Michael Ahearn.

Without waiving the foregoing objection, Defendant, Juan C. Rivera engaged in countless communications with Lawrence E. Ahearn over the course of multiple decades that are relevant to this lawsuit.

23. Answering Defendants object to this Interrogatory as unduly vague, overly burdensome and not reasonably tailored to lead to discoverable and relevant information. Answering Defendants further object to this Interrogatory as the burden or expense of complying with the Interrogatory outweighs its likely benefit considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Without waiving the foregoing objection, with regards to Michael Ahearn, unknown.

Without waiving the foregoing objection, with regards to Lawrence E. Ahearn, Defendant, Juan C. Rivera engaged in countless communications with Lawrence E. Ahearn over the course of multiple decades that are relevant to this lawsuit and cannot recall all the various

individuals who may have heard or have knowledge of any such statements made by Lawrence E. Ahearn. However, Answering Defendants believe the following individuals heard or have knowledge of such statements: Michael Ahearn, Juan C. Rivera, Ivonne Huertas, Julio Paz Brooklyn, John J. Baranski, Jr., undetermined medical staff that provided medical care to Mr. Lawrence Ahearn

24. None to Answering Defendants' knowledge.

25. No.

26. Answering Defendants object to this Interrogatory as exceeding the maximum number of interrogatories allowed pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.3.

Without waiving the foregoing objection, not applicable.

27. Answering Defendants object to this Interrogatory as exceeding the maximum number of interrogatories allowed pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.3.

Without waiving the foregoing objection, no.

28. Answering Defendants object to this Interrogatory as exceeding the maximum number of interrogatories allowed pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.3.

Without waiving the foregoing objection, no.

29. Answering Defendants object to this Interrogatory as exceeding the maximum number of interrogatories allowed pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.3.

Without waiving the foregoing objection, no as it is believed that all documents related to the lawsuit that Defendant, Juan Rivera provided to Co-Defendant, John J. Baranski, Jr., Esquire remain in the possession of Co-Defendant, John J. Baranski, Jr., Esquire.

30. Answering Defendants object to this Interrogatory as exceeding the maximum number of interrogatories allowed pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.3.

Without waiving the foregoing objection, none.

31. Answering Defendants object to this Interrogatory as exceeding the maximum number of interrogatories allowed pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.3.

Without waiving the foregoing objection, yes. Prior to this initiation of the instant lawsuit, Plaintiff, Juan Rivera contacted Co-Defendant, John J. Baranski, Jr., Esquire with regards to claims and communications initiated by Plaintiff. It is believed and therefore averred that Co-Defendant, John J. Baranski, Jr., Esquire conducted an investigation to some extent; Answering Defendants do not know the extent of the investigation.

Answering Defendants did not conduct any investigation, test, inspection, or examination with regards to the subject matter of this lawsuit.

32. No.

**EXPERT WITNESS INTERROGATORIES**

33-51. Answering Defendants object to Interrogatories 31-51 as exceeding the maximum number of interrogatories allowed pursuant to Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.3.

Without waiving the foregoing objection, Answering Defendants have not retained an expert witness for this matter at this time. Should Answering Defendants retain an expert witness for this matter at a future time, Answering Defendants will produce the expert's report and CV.

**WEISBERG LAW**

*/s/ L. Anthony DiJiacomo, III*
Matthew B. Weisberg, Esq.
L. Anthony DiJiacomo, III, Esq.
*Attorneys for Defendants, York Family Homes, LLC, Juan C. Rivera, Crystal Ruby Rivera, & Ivonne Huertas*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (HARRISBURG)**

| | | |
|---|---|---|
| **ESTATE OF LAWRENCE E. AHEARN, THROUGH MICHAEL AHEARN AS ADMINISTRATOR** | : | No.: 24-00935-JPW |
| v. | : | |
| **YORK FAMILY HOMES, LLC,** *et al.* | : | |

**VERIFICATION**

I, Juan C. Rivera, hereby verify that the factual averments in the foregoing interrogatory responses are true and correct to the best of my knowledge, information and belief. I make the foregoing unsworn statement subject to the penalties of 18 Pa.C.S. § 4904.

*/s/ Juan C. Rivera* __________
Lawrence E. Ahearn

*November 11, 2024* __________
Date

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (HARRISBURG)**

| | | |
|---|---|---|
| **ESTATE OF LAWRENCE E. AHEARN, THROUGH MICHAEL AHEARN AS ADMINISTRATOR** | : | No.: 24-00935-JPW |
| v. | : | **JURY TRIAL DEMANDED.** |
| **YORK FAMILY HOMES, LLC,** *et al.* | : | |

**CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, hereby certify that on this 11th of November 2024, a true and correct copy of the foregoing discovery responses was served upon the following counsel of record via email:

Carter Williamson, Esq.
Joseph Michael Boyan, Esq.
HORN WILLIAMSON, LLC
Two Penn Center, Suite 1700
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
*Via cwilliamson@hornwilliamson.com*
*Via jboyan@hedlaw.com*

Paul C. Troy, Esq.
Amanda M Slezak, Esq.
KAN PUGH KNOELL TROY & KRAMER
4 Sentry Parkway East, Suite 100
Blue Bell, PA 19422
*Via ptroy@kanepugh.com*
*Via aslezak@kanepugh.com*

**WEISBERG LAW**

*/s/ L. Anthony DiJiacomo, III*
Matthew B. Weisberg, Esq,
L. Anthony DiJiacomo, III, Esq.
*Attorneys for Defendants, York Family Homes, LLC, Juan C. Rivera, Crystal Ruby Rivera, & Ivonne Huertas*